IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDON LANDRUM, | * | |
| | * | 2008 FEB 26  A 10: 13 |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 1:08-CV-140-WKW |
| | * | |
| DELTA INTERNATIONAL | * | |
| MACHINERY CORPORATION, | * | |
| LANDRUM INSTALLATION, and | * | |
| DEFENDANTS 1-15, | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

Defendant Delta International Machinery Corporation ("Delta Machinery"), by and through its counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of this cause from the Circuit Court of Geneva County, Alabama to the United States District Court for the Middle District of Alabama, Southern Division.  Pursuant to 28 U.S.C. § 1446(a), defendant Delta Machinery has set forth below a short and plain statement of the grounds for removal.

## INTRODUCTION

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2.      Plaintiff Brandon Landrum ("Plaintiff") filed this product liability action in the Circuit Court of Geneva County, Alabama on or about December 21, 2007 alleging that while using a Delta TS200LS 10" portable bench saw, Plaintiff's hand slipped and was caused to make contact with the saw blade causing him to suffer injuries.  The above-referenced action is styled as *Brandon Landrum v. Delta International Machinery Corporation, Landrum Installation, et al.*, No.: CV-07-

174. Pursuant to 28 U.S.C. § 1446(a), Delta Machinery attaches hereto as Exhibit "A" copies of all processes, pleadings, and orders filed in state court.

3.     Plaintiff has named the following as defendants: (1) Delta International Machinery Corporation; (2) Landrum Installation; and (3) fictitious defendants 1 through 15.

4.     Plaintiff alleges that Delta Machinery designed, manufactured, sold and/or distributed the saw in question that allegedly injured Plaintiff. (Complaint, ¶ 13, attached hereto as Exhibit "B"). Plaintiff also alleges that the saw was unreasonably dangerous by design, manufacture and the warnings that accompanied it and that the saw created an unreasonable risk of serious injury to the user. (*Id.* at ¶¶ 14-15). Plaintiff further alleges that Delta Machinery negligently and wantonly designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject saw in a defective or unreasonably dangerous condition and negligently and wantonly failed to warn of the potential hazard associated with the use of its product and failed to issue a notice of the hazard or recall regarding the hazard. (*Id.* at ¶¶ 18-19, 22-24). Lastly, Plaintiff alleges Delta Machinery negligently, recklessly, wantonly, and/or willfully acted in such a manner, or failed to act, so as to cause injuries to Plaintiff and that as a proximate consequence of these negligent, reckless, wanton and willful actions and/or omissions, Plaintiff suffered injuries. (*Id.* at ¶ 27-28).

5.     Plaintiff claims that, as a proximate result of the allegations set forth above, Plaintiff suffered severe injuries resulting in the traumatic amputation and injuries to three fingers. (*Id.* at ¶ 11). Plaintiff also alleges that he was caused to be hospitalized, to undergo surgery and will be required to undergo surgery in the future, and that he suffered severe mental and physical pain, was permanently disabled, scarred and disfigured. (*Id.*, at ¶ 16). Plaintiff further alleges that he has incurred substantial medical expenses and will do so in the future, that he has lost earnings and his earning capacity, and that he has lost enjoyment of life and has been otherwise injured and damaged.

Doc. 158558

(*Id.*).

6.     Plaintiff further alleges he was injured on or about September 8, 2005 while working in the line and course of his employment with Defendant Landrum Installation. (Complaint, ¶ 30). Plaintiff alleges that he timely notified his employer of the accident and that this notice connected Plaintiff's work activity with his injury, thereby placing the Defendant on notice to investigate further. (*Id.* at ¶34).   Plaintiff avers that he was caused to incur medical expenses as a result of the injury and now suffers from a permanent disability. (*Id.*, ¶¶ 36-37).  Plaintiff alleges that he and his employer, Landrum Installation, are subject to the Alabama Worker's Compensation Act. (*Id.*, at ¶ 37).  Plaintiff seeks to recover from Defendant Landrum Installation medical expenses, damages for permanent disability, and the costs of this action. (*Id.*, at ¶ 37).

7.     As shown below, this action originally could have been filed in this Court under 28 U.S.C. § 1332.

## NOTICE OF REMOVAL IS TIMELY

8.     Upon information and belief, Plaintiff filed this action on or about December 21, 2007, in the Circuit Court of Geneva County, Alabama.  The Summons and original Complaint were served on Delta Machinery on February 1, 2008. (*See* Alabama SJIS Case Detail, attached as Exhibit "C").  The Complaint was the initial pleading received by Delta Machinery setting forth the claims for relief upon which this action is based.  Delta Machinery is filing this Notice of Removal within 30 days of receipt of the initial pleadings setting forth the claim for relief upon which this action is based.  Therefore, Delta Machinery's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## THIS CIVIL ACTION IS REMOVABLE

9.     This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action of which this Court has original jurisdiction and because Delta Machinery is removing this action to the

Doc. 158558

3

District Court of the United States for the district and division embracing the place where the action is pending.

10.    The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between plaintiff and the Delta Machinery, the only properly named defendant.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINITFF AND DELTA MACHINERY – THE ONLY PROPERLY JOINED DEFENDANT

11.    Upon information and belief, Plaintiff is, and was, at the institution of this civil action, an adult resident citizen of the State of Alabama. (Complaint, ¶ 1, Ex. B). Upon information and belief, Delta Machinery alleges that Plaintiff is, and was, at all times relevant to this action, a citizen of Geneva County, Alabama. (*Id.*)

12.    Defendant Delta Machinery is, and was, at the institution of this civil action, a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Towson, Maryland. As a result, Delta Machinery is not now and was not at the time of the filing of the Complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress related to the removal of causes.

13.    The Complaint purports to state a claim against Landrum Installation, which Plaintiff alleges is a "corporation formed under the laws of Alabama [that] was at all times material to this action doing business in Geneva County, Alabama." (Complaint, ¶ 3, Ex. B). Nevertheless, as established below, because Landrum Installation is not a corporation or any other legal entity formed under the laws of the State of Alabama, it has been fraudulently joined, and this Court must disregard its citizenship for purposes of determining diversity jurisdiction.

Doc. 158558

14.     The Complaint also purports to state claims against unnamed fictitious defendants. For removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C § 1441(a).

## DEFENDANT LANDRUM INSTALLATION HAS BEEN FRAUDULENTLY JOINED IN THAT PLAINTIFF PURPORTS TO JOIN A PARTY AGAINST WHOM NO REASONABLE BASIS FOR RECOVERY EXISTS

15.     There is complete diversity of citizenship because the purportedly non-diverse defendant, Landrum Installation, has been fraudulently joined.

16.     In Count Seven of the Complaint, the only claim against the non-diverse defendant, Plaintiff alleges that on or about September 8, 2005, Plaintiff was injured while working in the line and course of his employment with Defendant Landrum Installation.  (Complaint, ¶ 30, Ex. B). Plaintiff contends that he timely notified Defendant Landrum Installation of his injury and that this notice connected Plaintiff's work activity with his injury, thereby placing Landrum Installation on notice to investigate further.  (*Id.*, at ¶ ¶ 33-34, Ex. B).  Plaintiff avers that he was caused to incur medical expenses as a result of the injury and now suffers from a permanent disability.  (*Id.*, ¶¶ 36-37).  Plaintiff alleges that he and his employer, Landrum Installation, are subject to the Alabama Worker's Compensation Act.  (*Id.*, at ¶ 37).  Plaintiff seeks to recover from Defendant Landrum Installation medical expenses reasonably incurred as a result of his work-related injury, damages for permanent disability, and the costs of this action, including filing fee, deposition expenses, investigation expenses, and expert fees.  (*Id.*, at ¶ 37).

17.     "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  "A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that '(1) there is no possibility the plaintiff can establish a cause of action against

Doc. 158558

the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). *See also Triggs*, 154 F.3d at 1287.

18.    Plaintiff's can state no possible cause of action against Defendant Landrum Installation because Landrum Installation is not a legal entity which may be sued under Alabama law.  Contrary to Plaintiff's allegation, Landrum Installation is <u>not</u> a corporation formed under the laws of the State of Alabama.  (*See* Certificate of Non-Existence for Landrum Installation, attached hereto as Exhibit "D").  "The conception that a corporation is a legal entity, existing separate, apart and distinct from the natural persons who compose it, is a fiction which has been introduced for convenience in making contracts, acquiring property, suing and being sued, and to secure limited liability on the part of stockholders."  *Birmingham Realty Co. v. Crossett*, 98 So. 895, 898 (Ala. 1923).  "The right of a corporation to be sued is both constitutionally and statutorily mandated. Because it is created by statute, the amenability of a corporation to suit must also be statutorily mandated."  Am.Jur. 2d, *Corporations*, § 1871.  Under Alabama law, the authority to sue and be sued is granted only by statutory mandate.  *See generally* ALA. CODE § 10-2B-3.02; Ala. Const., Art. XII, § 240 (granting Alabama corporations the power to sue and be sued); ALA. CODE § 10-12-4 (granting Alabama limited liability companies the power to sue and be sued); ALA. CODE § 10-8A-307 (granting Alabama partnerships the power to sue and be sued in the name of the partnership); ALA. CODE § 10-10-9 (granting Alabama unincorporated professional associations the power to sue and be sued).

19.    Not only is Landrum Installation not an Alabama corporation, but also Landrum Installation does not exist as some other type of legal entity under the laws of the State of Alabama.  The Secretary of State for Alabama, "after a diligent search of the alphabetical corporate records on

file in th[e Secretary of State's] office, consisting of domestic and foreign corporations, profit and non-profit, domestic and foreign limited partnerships, domestic and foreign limited liability companies and domestic and foreign limited liability partnerships [has further certified that] **no record** [was] found to exist of any entity by the name Landrum Installation, Inc." (Ex. D). Further, the Chief Clerk of the Geneva County Probate Court, after searching the records in the Probate Office of Geneva County, could not find any "business licenses, Articles of Organization, Articles of Incorporation or any other type of corporate paperwork filed under the name Landrum Installation, Randy E. Landrum or under any name including the phrase 'Landrum Installation.'" (Affidavit of Fran Dettmar, ¶¶ 3-4, attached hereto as Exhibit "E"). In order to "perform any business activity in the City of Hartford, a business license must be filed with the City of Hartford." (Affidavit of Vicky Marsh, ¶ 3, attached hereto as Exhibit "F"). No "business licenses, utilities or any other such records under the names Landrum Installation, Randy E. Landrum or the name 'Landrum' in general" have been filed with the City of Hartford. (Ex. F, ¶¶ 4-5).

20.     Because Landrum Installation is not a legal entity that can be sued under Alabama law, Plaintiff's claims against Landrum Installation must fail as a matter of law. Plaintiff has, therefore, fraudulently joined Defendant Landrum because it can state no possible cause of action against this defendant. *See Henderson*, 454 F.3d at 1281. *See also Triggs* (finding joinder fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.") (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1996)).

21.     Plaintiff's joinder of a party can also constitute fraudulent joinder where "there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at 1287. *See also*

*Coker*, 709 F.2d at 1440; *Henderson*, 454 F.3d at 1281. In this case, Plaintiff has fraudulently pled

"Defendant Landrum Installation is, upon information and belief, is [sic] a corporation formed under

the laws of Alabama, and was at all times relevant to this action doing business in Geneva County,

Alabama." (Complaint, ¶ 3, Ex. B). Although Plaintiff has stated that this allegation is based "upon

information and belief," Rule 11 of the *Alabama Rules of Civil Procedure* provides that an attorney's

signature on a pleading "constitutes a certificate by the attorney that . . . to the best of the attorney's

knowledge, information and belief there is good ground to support [the pleading] . . ." Ala. R. Civ. P.

11. A search of Alabama's Secretary of State records would have confirmed that Landrum

Installation is not a corporation formed under the laws of the State of Alabama. There is an absence

of any "good ground" to support a finding to the contrary. Rather, Plaintiff has fraudulently pled

Landrum Installation's citizenship in Alabama in an effort to defeat diversity jurisdiction.

       22. In addition, Plaintiff's claim against Landrum Installation is barred by the applicable

statute of limitations. Plaintiff has asserted a claim against Landrum Installation for the recovery of

worker's compensation. (Complaint, ¶ 37). Under Alabama's law, "[i]n case of a personal injury

not involving cumulative physical stress, all claims for compensation under [Alabama's worker's

compensation statutes] shall be forever barred unless within two years after the accident the parties

shall have agreed upon the compensation payable under this article or unless within two years after

the accident one of the parties shall have filed a verified complaint as provided in Section 25-5-88."

ALA. CODE § 25-580 (1992). Plaintiff failed to file his claim for worker's compensation within two

years of the accident. Plaintiff has alleged the accident occurred on September 8, 2005. (Complaint,

¶ 30). Plaintiff filed his Complaint on December 21, 2007, more than two years after the accident.

(*See* Complaint). Thus, Plaintiff's worker's compensation claim against Landrum Installation also

fails to state a cause of action upon which relief can be granted because it is time-barred as a matter

of law.  *See* ALA. CODE § 25-5-80.

23.    Plaintiff has fraudulently joined the resident defendant, Landrum Installation, in that he has (1) failed to state a possible cause of action against Landrum Installation because it is not a legal entity that may be sued under the laws of Alabama and (2) fraudulently pled jurisdictional facts (*i.e.* that Landrum Installation is a corporation formed under the laws of the State of Alabama) to defeat diversity jurisdiction.  Plaintiff's joinder of Defendant Landrum Installation therefore embraces both situations in which the Eleventh Circuit has found a party's joinder of the resident defendant to be fraudulent.  Because Landrum Installation has been fraudulently joined, this Honorable Court should not consider the citizenship or residence of this defendant in determining diversity jurisdiction.  Because the only other defendant is Delta Machinery, a foreign corporation, complete diversity of citizenship exists.

24.    In the alternative, assuming arguendo Plaintiff has stated a plausible cause of action against Defendant Landrum Installation (which he has not), Plaintiff's worker's compensation claim against Landrum Installation is due to be severed and remanded to state court.  Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c) (1996).  *See also Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000).  In *Nelson v. Dolgencorp, Inc.*, the United States District Court for the Southern District of Alabama addressed the issue of whether a worker's compensation claim, which is not removable, should be severed and remanded to state court, allowing the district court to retain jurisdiction over claims which are removable.  2005 WL 1588688 (S.D.Ala. 2005).  The Southern District relied on the Fifth Circuit's opinion in *Sherrod v. Amer. Airlines, Inc.*, 132 F.3d 1112 (5th Cir. 1998), in holding that the plaintiff's worker's compensation claim was due to be severed and remanded back to state court, while the court retained jurisdiction

over plaintiff's claim under the Fair Labor Standards Act. 2005 WL 1588688, *4. *See also Sherrod*,

132 F.3d at 1118-19 (finding the district court erred in failing to sever and remand worker's

compensation claim, which was not removable under 28 U.S.C. § 1445(c), while retaining

jurisdiction over age discrimination claim). Because Plaintiff's worker's compensation claim is not

removable, this claim, if plausible, is due to be severed and remanded back to state court while this

Court retains jurisdiction over Plaintiff's claims against Delta Machinery, which are removable

based on diversity jurisdiction.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

25.    The $75,000 amount-in-controversy requirement is satisfied. Plaintiff alleges that he

"suffered severe injuries resulting in the traumatic amputation and injuries to three fingers."

(Complaint, ¶ 11, Ex. B). Plaintiff further claims that he was caused to be hospitalized, caused to

undergo surgery and will continue to undergo surgery in the future and caused to suffer severe

mental and physical pain and will do so in the future. (*Id.*, at ¶ 16). Plaintiff also claims that he is

permanently disabled, scarred and disfigured, that he has and will continue to incur substantial

medical expenses, and that he has lost earnings, his earning capacity, and the enjoyment of life. (*Id.*)

Plaintiff claims both compensatory and punitive damages against Delta Machinery, plus the costs of

the action. (Complaint, generally, Ex. B).

26.    When a plaintiff makes a demand for an unspecified amount of damages, a removing

party need only show by a preponderance of the evidence that the amount in controversy exceeds the

jurisdictional amount. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir.

1996) *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

The removing party may do this by sufficient proof that a plaintiff's verdict may exceed that amount.

*See Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995).

27.     In assessing whether the amount in controversy exceeds $75,000, federal district courts may look to decisions rendered in similar cases. *See Bolling*, 900 F.Supp. at 404. In *Hobart Corp. v. Scoggins*, 776 So. 2d 56 (Ala. 2000), the Supreme Court of Alabama approved an award of compensatory damages in the amount of $250,000 to a meat cutter who had lost a portion of his right index finger. Additionally, as is the case here, punitive damages must be considered. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

28.     Federal district courts in Alabama have consistently denied motions to remand in cases where plaintiffs have sought unspecified damages awards in their complaints. For instance, in *Davis v. The Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197 (M.D. Ala. 1999), this Court held that the amount in controversy requirement had been met even where the plaintiff had not specified the amount of damages sought and where the defendant presented the court with multiple Alabama decisions in which comparable actions yielded verdicts greater than $75,000. *See also Williams v. Conseco, Inc.*, 57 F. Supp. 2d 1311 (S.D. Ala. 1999) (holding that, after independent inquiry by Court, amount in controversy had been met in case where plaintiff failed to state a specified amount of damages); *Bolling*, 900 F. Supp. 400 (concluding amount in controversy requirement met where defendant offered evidence that it is more likely than not that plaintiff's claims would exceed $75,000).

29.     Plaintiff seeks unlimited compensatory and punitive damages, interest and costs incurred as a result of his alleged injuries. Verdict with damages substantially in excess of $75,000.00 have often resulted in cases where a product was alleged to have caused injury, but not death. *See, e.g., Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993) (addressing on appeal an award of $400,000 in compensatory damages and $5,000,000 in punitive damages in a product liability case); *Benford v. Richard's Med. Co.*, 792 F.2d 1537 (11th Cir. 1986) (discussing an award

Doc. 158558

11

of $165,000 in compensatory and $100,000 in punitive damages in a products liability case).

30.     A preponderance of the evidence therefore exists that – if plaintiff prevails - damages in the present action will more likely than not exceed $75,000.  Therefore, even ignoring Plaintiff's claim for punitive damages in the instant case, the amount-in-controversy requirement has been met.

## THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

31.     As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon Delta Machinery.

32.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Alabama is the appropriate court for filing a Notice of Removal from the Circuit Court of Conecuh County, Alabama, where this action is pending.

33.     Delta Machinery will file with the Clerk of the Circuit Court of Geneva County, Alabama, a copy of this Notice and certifies that it will promptly give notice of removal to all adverse parties, as required by law.

34.     Delta Machinery reserves the right to take discovery and submit further evidence in opposition to a motion to remand, if necessary.

WHEREFORE, Delta Machinery, desiring to remove this case to the United States District Court for the Middle District of Alabama, Southern Division, being the district and division of said Court for the County in which the state court action is pending, prays that the filing of this Notice of Removal with the Clerk of this Court and a copy with the Circuit Court of Geneva County, Alabama, shall effect the removal of said suit to this Court.

Doc. 158558

12

Respectfully submitted,

JOSEPH P.H. BABINGTON (BABIJ7938)
ANNIE J. DIKE (DIKEA6170)
Attorneys for Defendant Delta International
Machinery Corporation

OF COUNSEL:
HELMSING, LEACH, HERLONG,
     NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA   36652
(251) 432-5521
(251) 432-0633 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all parties to this cause, or their attorney of record, by placing same in the United States Mail, postage prepaid, and addressed to their regular mailing addresses, or by hand delivery, as follows:

S. Mark Andrews
MORRIS, CARY, ANDREWS,
    TALMADGE & DRIGGERS
Post Office Box 1649
Dothan, Alabama 36302

this 25th day of February, 2008.

OF COUNSEL

Doc. 158558

13

| State of Alabama<br>Unified Judicial System | **SUMMONS**<br>**-CIVIL-** | **Case Number** |
|---|---|---|
| **Form C-34**     **Rev 6/88** | | CV-07- _124Q_ |

IN THE _____ Circuit _____ **COURT OF** _____ Geneva _____ **COUNTY**

**Plaintiff** _____ Brandon Landrum _____ **v. Defendant** _Delta International Machinery, et a._

_____     _____

**NOTICE TO** _ Delta International Machinery Corporation, 4825 Highway 45 North, Jackson, TN 38305 _

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ S. Mark Andrews _____ WHOSE ADDRESS IS _____ P.O. Box 1649, Dothan, AL 36303 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___ 30 ___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ]  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✔]  Service by certified mail of this summons is initiated upon the written request of __ S. Mark Andrews __ pursuant to the Alabama Rules of Civil Procedure.

Date _Jan 16, 2008_     _Dale Laye_     By: _____
_____ Clerk/Register

[✔]  Certified Mail is hereby requested.     _Mark Andrews_
_____ Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ]  Return receipt of certified mail received in this office on _____.
_____ (Date)

[ ]  I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____.
_____ (Date)

_____     _____
Date     Server's Signature

_____     _____
Type of Process Server     Address of Server

_____
Phone Number of Server

**DEFENDANT'S EXHIBIT**
**A**
_____

| State of Alabama<br>Unified Judicial System<br><br>Form C-34     Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07- _174 Q_ |
|---|---|---|

IN THE _____ Circuit _____ COURT OF _____ Geneva _____ COUNTY

Plaintiff _____ Brandon Landrum _____ v. Defendant _Delta International Machinery, et a._

NOTICE TO _____ Landrum Installation, 503 Old Hartford Rd., Hartford, AL 36344 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ S. Mark Andrews _____ WHOSE ADDRESS IS _____ P.O. Box 1649, Dothan, AL 36303 _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ]  You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✔]  Service by certified mail of this summons is initiated upon the written request of __ S. Mark Andrews __ pursuant to the Alabama Rules of Civil Procedure.

Date _Jan 16, 2008_          _Dale Lay_          By: _X_
                              Clerk/Register

---

[✔]  Certified Mail is hereby requested.          _Mark Andrews_
                                                  Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

[ ]  Return receipt of certified mail received in this office on _____.
                                                                (Date)
[ ]  I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____County,
Alabama on _____.
            (Date)

_____
Date

_____
Type of Process Server

_____
Server's Signature

_____
Address of Server

_____

_____
Phone Number of Server

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

| | |
|---|---|
| BRANDON LANDRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: |
| | ) CV-07- _174 Q_ |
| DELTA INTERNATIONAL | ) |
| MACHINERY CORPORATION, | ) |
| LANDRUM INSTALLATION, | ) PLAINTIFF DEMANDS JURY TRIAL |
| Fictitious Defendants 1, 2, 3, 4, 5, | ) |
| those persons, corporations, | ) |
| or other legal entities who | ) |
| or which manufactured, sold, | ) |
| designed or participated | ) |
| in the design of the | ) |
| Delta saw machine | ) |
| which is the subject matter of this | ) |
| lawsuit; | ) |
| Fictitious Defendants 6, 7, 8, 9, 10, | ) |
| Those persons, corporations, | ) |
| or other legal entities | ) |
| who had responsibility | ) |
| for maintenance or repair of the | ) |
| Delta Saw machine | ) |
| which is the subject matter | ) |
| of this lawsuit; | ) |
| Fictitious Defendants | ) |
| 11, 12, 13, 14, 15, those persons, | ) |
| corporations, or other legal entities | ) |
| whose negligence, willfulness, | ) |
| wantonness, or | ) |
| other wrongful conduct caused the | ) |
| injury to Plaintiffs; all of said | ) |
| Fictitious parties are unknown to | ) |
| Plaintiffs at this time, but will be | ) |
| added by Amendment when | ) |
| ascertained, | ) |
| | ) |
| Defendants. | ) |

DEC 21 2007

## COMPLAINT

## STATEMENT OF THE PARTIES

1

1.    Plaintiff, Brandon Landrum, is over the age of nineteen (19) years and is a resident citizen of Geneva County, Hartford, Alabama.

2.    Defendant Delta International Machinery Corporation, (hereinafter referred to as "Delta" or "Delta Machinery") is, upon information and belief, a foreign corporation, with its principle place of business in Jackson, Tennessee, and was doing business at all times material hereto in Alabama.

3.    Defendant Landrum Installation is, upon information and belief, is a corporation formed under the laws of Alabama, and was at all times material to this action doing business in Geneva County, Alabama.

4.    Fictitious Defendants 1, 2, 3, 4, 5 are those persons, corporations, or other legal entities who or which manufactured, sold, designed or participated in the design of the Delta saw machine manufactured by Defendant Delta, which is the subject matter of this lawsuit.

5.    Fictitious Defendant 6, 7, 8, 9, 10 are those persons, corporations, or other legal entities who had responsibility for maintenance or repair of the Delta saw machine manufactured by Defendant Delta which is the subject matter of this lawsuit.

6.    Fictitious Defendants 11, 12, 13, 14, 15, are those persons, corporations, or other legal entities whose negligence, willfulness, wantonness, or other wrongful conduct caused the injury to Plaintiff.

7.    Throughout this Complaint, the term "Defendants" shall include Defendants Delta International Machinery Corporation, Landrum Installation and Fictitious Defendants 1 through 15, unless otherwise stated.

2

**STATEMENT OF THE FACTS**

8.     On or about December 21, 2006, Plaintiff Brandon Landrum was an employee of Landrum Installation in Geneva County, Alabama.

9.     On the date of injury, Plaintiff was engaged in his normal job duties operating a Delta TS200LS 10" portable Bench Saw machine (hereafter "the machine", "saw machine" or "subject machine").

10.     The Delta saw machine was designed, engineered, manufactured and marketed by Defendants Delta International Machinery Corporation.

11.     Prior to Plaintiff's accident, the guard for the subject saw machine had become broken, or was otherwise ineffective as a result of normal use of the saw machine.   While operating the Delta saw machine Plaintiff's hand slipped and was caused to make contact with the unguarded and exposed saw blade.  As a result, Plaintiff suffered severe injuries resulting in the traumatic amputation and injuries to three fingers, and injuries and damages to other portions of his hand.

**COUNT ONE**
**(Alabama Extended Manufacturer's Liability Doctrine)**

12.     Plaintiff re-alleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

13.     Defendants Delta and Fictitious Defendants 1 through 15 designed, manufactured, sold, or distributed the Delta saw machine which is the subject matter of this lawsuit.

14.     The Delta saw machine as manufactured, designed, sold and distributed by Defendants Delta and Fictitious Defendants 1 through 15 was unreasonably dangerous and defective in that it created an unreasonable risk of serious injury to the expected or

intended users.

15.    The subject machine was unreasonably dangerous by design, manufacture, and warnings that accompanied it.

16.    As a proximate consequence of the defective nature of the subject machine, Plaintiff Brandon Landrum was seriously injured when his hand became caught in the machine, and he suffered severe and permanent injuries.  He was caused to be hospitalized; he was caused to undergo surgery and will be required to undergo surgery in the future; he was caused to suffer severe mental and physical pain and will do so in the future; he is permanently disabled; he is permanently scarred and disfigured; he has incurred substantial medical expenses and will do so in the future; he has lost earnings and will continue to do so into the future and has lost his earning capacity; he has lost the enjoyment of life and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against Defendant Delta and Fictitious Defendants 1 through 15 for compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT TWO
### (Negligence)

17.    Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

18.    Defendants Delta and Fictitious Defendants 1 through 15 negligently designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject saw machine in a defective or unreasonably dangerous condition.

19.    Defendants Delta and Fictitious Defendants 1 through 15 negligently failed to warn of the potential hazard associated with the use of its product and negligently

4

failed to issue a notice of the hazard or recall regarding the hazard.

20.    As a proximate consequence of the negligence of Defendant Delta and Fictitious Defendants 1 through 15, Plaintiff Brandon Landrum was injured as alleged in paragraph 16 above.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against Defendant Delta and Fictitious Defendants 1 through 15 in such an amount of compensatory damages as a jury may award, plus the cost of this action.

## COUNT THREE
### (Wantonness)

21.    Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

22.    Defendants Delta and Fictitious Defendants 1 through 15   wantonly designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject saw machine in a defective or unreasonably dangerous condition.

23.    Defendants Delta and Fictitious Defendants 1 through 15 knew or should have known that failing to design a reasonably safe product could result in severe injury to expected or intended users.

24.    Defendants Delta and Fictitious Defendants 1 through 15 wantonly failed to warn of the potential hazard associated with use of its product and failed to issue a notice of the hazard or recall regarding the hazard.

25.    As a proximate consequence of the wantonness of Defendants Delta and Fictitious Defendants 1 through 15, Plaintiff Brandon Landrum was injured as alleged in paragraph 16 above.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against said

Defendants Delta and Fictitious Defendants 1 through 15 in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT FOUR

26.     Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

27.     At the aforementioned times and places, Defendants Delta and Fictitious Defendants 1 through 15 negligently, recklessly, wantonly, and/or willfully acted in such a manner, or failed to act, so as to cause injuries to Plaintiff Brandon Landrum as set forth in Paragraph 16 hereinabove.

28.     As a proximate consequence of the negligent, reckless, wanton, and willful actions and/or omissions of said Defendants Delta and Fictitious Defendants 1 through 15 Plaintiff Brandon Landrum suffered injuries as set forth in paragraph 16 hereinabove.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against Defendants Delta and Fictitious Defendants 1 through 15 in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT SEVEN
### (Complaint for Worker's Compensation Benefits)

29.     Plaintiff adopts and incorporates the foregoing paragraphs as if set forth herein again in full.

30.     At the above stated times and places, on or about September 8, 2005, the Plaintiff was injured while working in the line and course of her employment with said Defendant Landrum Installation.

31.     The Plaintiff notified her immediate supervisor of the above-referenced injury.

6

32.    At the time of said accident, Plaintiff's average weekly wage was approximately $500.00.

33.    The Defendants were given timely and actual notice of said accident within the time specified by the Workers' Compensation Act of the State of Alabama.

34.    Said notice connected the Plaintiff's work activity with his injury and thereby placed the Defendant on reasonable notice to investigate further.

35.    As a proximate result of said accident, the Plaintiff suffered personal injury and damage, including, but not limited to his hand.

36.    Subsequent to said injury the Plaintiff was caused to obtain medical treatment for her injury and she now suffers a permanent disability.

37.    The Plaintiff and Defendant Landrum Installation are subject to the *Alabama Workers' Compensation Act.*

WHEREFORE, the Plaintiff demands judgment against the Defendant Landrum Installation for the following:

a.    Payment of medical expenses reasonably incurred as a result of the work-related injury;

b.    Damages for permanent disability as allowed by the *Alabama Worker's Compensation Act* and applicable case law;

c.    Costs of this action, including, but not limited to, filing fees, deposition expenses, reasonable and necessary investigation expenses, and any expert fees; and

d.    Such other relief as the Plaintiff may be entitled to under the circumstances.

I, Brandon Landrum, Plaintiff, sign my name to this complaint for worker's compensation benefits on this the ___ day of December, 2007, and being first duly

sworn, do hereby declare that I have read and understand the foregoing and hereby acknowledge that the contents of the same are true and correct to the best of my knowledge, information and belief.

BRANDON LANDRUM

**STATE OF ALABAMA** )
**COUNTY OF HOUSTON** )

The undersigned authority, a Notary Public in and for said County and State, hereby certify that BRANDON LANDRUM, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being first duly informed of the contents of said instrument, he executed the same voluntarily on the date the same bears date.

Given under my hand and seal on this __21__ day of December, 2007.

Notary Public
My Commission Expires: __6/29/09__

(SEAL)

Dated this __21__ day of December, 2007.

**S. Mark Andrews (AND063)**
Attorney for Plaintiff
MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS
P.O. Box 1649
Dothan, Alabama  36302
(334) 792-1420

8

## JURY DEMAND

      PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____

OF COUNSEL

**DEFENDANTS MAY BE SERVED VIA U.S. CERTIFIED MAIL:**

**DELTA INTERNATIONAL MACHINERY CORPORATION**
**4825 Highway 45 North**
**Jackson, TN 38305**

**LANDRUM INSTALLATION**
**503 Old Hartford Rd.**
**Hartford, AL 36344**

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

BRANDON LANDRUM,          )
                          )
        Plaintiff,        )
                          )
vs.                       )          CIVIL ACTION NO. CV-07- _194_0_
                          )
DELTA INTERNATIONAL       )
MACHINERY CORPORATION,    )
LANDRUM INSTALLATION,     )          PLAINTIFF DEMANDS JURY TRIAL
Fictitious Defendants 1, 2, 3, 4, 5,  )
those persons, corporations,  )
or other legal entities who   )
or which manufactured, sold,  )
designed or participated      )
in the design of the          )
Delta saw machine             )
which is the subject matter of this  )
lawsuit;                      )
Fictitious Defendants 6, 7, 8, 9, 10,  )
Those persons, corporations,  )
or other legal entities       )
who had responsibility        )
for maintenance or repair of the  )
Delta Saw machine             )
which is the subject matter   )
of this lawsuit;              )
Fictitious Defendants         )
11, 12, 13, 14, 15, those persons,  )
corporations, or other legal entities  )
whose negligence, willfulness,  )
wantonness, or               )
other wrongful conduct caused the  )
injury to Plaintiffs; all of said  )
Fictitious parties are unknown to  )
Plaintiffs at this time, but will be  )
added by Amendment when      )
ascertained,                  )
                          )
        Defendants.       )

FILED IN OFFICE

DEC 2 1 2007

_Dale Hays_
CLERK

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT**
**DELTA INTERNATIONAL MACHINERY COMPANY**

Plaintiff propounds the following interrogatories to be answered by Defendant

DELTA INTERNATIONAL MACHINERY COMPANY, within the time and manner

prescribed by law.

1.    Please state the name and address of the person preparing the answers to

these interrogatories and identify any person aiding in the preparation.

2.    Please state the correct legal name of this Defendant.

3.    Has this Defendant ever been sued for products liability pertaining to

subject product? If so, please state:

(a)    when such suit was filed;

(b)    who made such claim or filed such suit, giving the address of the person

who made such claim;

(c)    the nature of the claim;

(d)    the county and state such claim was made;

(e)    the injuries or damages that were claimed in each suit or claim;

(f)    the result of such claim or suit.

4.    Does this Defendant have a liability insurance company or carrier that

protects it against any portion of the incident or occurrence which is stated in the

complaint? If so, please provide the names of all insurance carriers including any excess

or umbrella carriers and the liability limits of such policies.

5.    Please state the correct name and/or description of the Delta shop saw

machine involved in this lawsuit, including the place and date of its manufacture.

6.    List each type of portable shop saw machine this Defendant has designed,

manufactured and/or sold.

7. Please state the name and address of each person, persons or group within this Defendant that had the primary responsibility for the design of the subject product.

8. If the subject product was designed, manufactured or sold by an independent company, please state the correct name and address of the company and the inclusive dates when such products were provided to this Defendant.

9. Please state the name and address of each person, persons or group within this Defendant that designed the subject product's warnings.

10. If the subject product's warnings were designed by an independent company, please state the correct name and address of such company.

11. Does this Defendant have in its possession or have knowledge of any documents dealing with the possibility of injuries caused by the subject product?  If so, please describe each document.

12. Please list any and all witnesses known by this Defendant to the incident which is the subject matter of this lawsuit.

13. State the number of products similar to the subject product that were actually manufactured and/or sold by this Defendant for the last ten (10) years.

14. Has any portable saw machine or similar product to the product involved in this lawsuit that was manufactured by this Defendant ever been the subject of a governmental investigation or inquiry with regard to the possibility of injury?  If so, please state:

(a) the name or description of the governmental agency which initiated such investigation or inquiry;

(b)    the current status or result of such investigation or inquiry;

15.    Explain in detail the records which this Defendant maintains of consumer complaints that are made to the Defendant directly or indirectly regarding products similar to the subject product.

16.    Please state the name, address and job title of the person with this Defendant who is most familiar with the maintenance of records of consumer complaints that are made regarding products similar to the subject product.

17.    Please state whether this Defendant abides by any regulations from any trade associations. If so, please state the name of the associations within which this Defendant is involved.

18.    State the names and addresses of any and all persons with whom this Defendant has consulted as an expert witness including liability or damage experts.

19.    In regard to expert witnesses consulted by this Defendant, describe in detail the qualifications, including educational and background experience of each such expert witness, omitting no material fact from that description.

20.    In regard to expert witnesses consulted by this Defendant, state the subject matter upon which each such expert was consulted and expected to testify to at the trial in this matter.

Dated this, the 21 day of December, 2007.

PLEASE SERVE WITH COMPLAINT.

S. Mark Andrews (AND063)
Attorney for Plaintiff
MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS
P.O. Box 1649
Dothan, Alabama 36302
(334) 792-1420

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

| | |
|---|---|
| BRANDON LANDRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DELTA INTERNATIONAL | ) |
| MACHINERY CORPORATION, | ) |
| LANDRUM INSTALLATION, | ) |
| Fictitious Defendants 1, 2, 3, 4, 5, | ) |
| those persons, corporations, | ) |
| or other legal entities who | ) |
| or which manufactured, sold, | ) |
| designed or participated | ) |
| in the design of the | ) |
| Delta saw machine | ) |
| which is the subject matter of this | ) |
| lawsuit; | ) |
| Fictitious Defendants 6, 7, 8, 9, 10, | ) |
| Those persons, corporations, | ) |
| or other legal entities | ) |
| who had responsibility | ) |
| for maintenance or repair of the | ) |
| Delta Saw machine | ) |
| which is the subject matter | ) |
| of this lawsuit; | ) |
| Fictitious Defendants | ) |
| 11, 12, 13, 14, 15, those persons, | ) |
| corporations, or other legal entities | ) |
| whose negligence, willfulness, | ) |
| wantonness, or | ) |
| other wrongful conduct caused the | ) |
| injury to Plaintiffs; all of said | ) |
| Fictitious parties are unknown to | ) |
| Plaintiffs at this time, but will be | ) |
| added by Amendment when | ) |
| ascertained, | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO.:
CV-07- *174 Q*

PLAINTIFF DEMANDS JURY TRIAL

DEC 21 2007

*Dale Lay*

**COMPLAINT**

**STATEMENT OF THE PARTIES**

1


DEFENDANT'S EXHIBIT
B

1.     Plaintiff, Brandon Landrum, is over the age of nineteen (19) years and is a resident citizen of Geneva County, Hartford, Alabama.

2.     Defendant Delta International Machinery Corporation, (hereinafter referred to as "Delta" or "Delta Machinery") is, upon information and belief, a foreign corporation, with its principle place of business in Jackson, Tennessee, and was doing business at all times material hereto in Alabama.

3.     Defendant Landrum Installation is, upon information and belief, is a corporation formed under the laws of Alabama, and was at all times material to this action doing business in Geneva County, Alabama.

4.     Fictitious Defendants 1, 2, 3, 4, 5 are those persons, corporations, or other legal entities who or which manufactured, sold, designed or participated in the design of the Delta saw machine manufactured by Defendant Delta, which is the subject matter of this lawsuit.

5.     Fictitious Defendant 6, 7, 8, 9, 10 are those persons, corporations, or other legal entities who had responsibility for maintenance or repair of the Delta saw machine manufactured by Defendant Delta which is the subject matter of this lawsuit.

6.     Fictitious Defendants 11, 12, 13, 14, 15, are those persons, corporations, or other legal entities whose negligence, willfulness, wantonness, or other wrongful conduct caused the injury to Plaintiff.

7.     Throughout this Complaint, the term "Defendants" shall include Defendants Delta International Machinery Corporation, Landrum Installation and Fictitious Defendants 1 through 15, unless otherwise stated.

2

## STATEMENT OF THE FACTS

8.    On or about December 21, 2006, Plaintiff Brandon Landrum was an employee of Landrum Installation in Geneva County, Alabama.

9.    On the date of injury, Plaintiff was engaged in his normal job duties operating a Delta TS200LS 10" portable Bench Saw machine (hereafter "the machine", "saw machine" or "subject machine").

10.    The Delta saw machine was designed, engineered, manufactured and marketed by Defendants Delta International Machinery Corporation.

11.    Prior to Plaintiff's accident, the guard for the subject saw machine had become broken, or was otherwise ineffective as a result of normal use of the saw machine.    While operating the Delta saw machine Plaintiff's hand slipped and was caused to make contact with the unguarded and exposed saw blade.    As a result, Plaintiff suffered severe injuries resulting in the traumatic amputation and injuries to three fingers, and injuries and damages to other portions of his hand.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine)

12.    Plaintiff re-alleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

13.    Defendants Delta and Fictitious Defendants 1 through 15 designed, manufactured, sold, or distributed the Delta saw machine which is the subject matter of this lawsuit.

14.    The Delta saw machine as manufactured, designed, sold and distributed by Defendants Delta and Fictitious Defendants 1 through 15 was unreasonably dangerous and defective in that it created an unreasonable risk of serious injury to the expected or

intended users.

15.     The subject machine was unreasonably dangerous by design, manufacture, and warnings that accompanied it.

16.     As a proximate consequence of the defective nature of the subject machine, Plaintiff Brandon Landrum was seriously injured when his hand became caught in the machine, and he suffered severe and permanent injuries.  He was caused to be hospitalized; he was caused to undergo surgery and will be required to undergo surgery in the future; he was caused to suffer severe mental and physical pain and will do so in the future; he is permanently disabled; he is permanently scarred and disfigured; he has incurred substantial medical expenses and will do so in the future; he has lost earnings and will continue to do so into the future and has lost his earning capacity; he has lost the enjoyment of life and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against Defendant Delta and Fictitious Defendants 1 through 15 for compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT TWO
### (Negligence)

17.     Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

18.     Defendants Delta and Fictitious Defendants 1 through 15 negligently designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject saw machine in a defective or unreasonably dangerous condition.

19.     Defendants Delta and Fictitious Defendants 1 through 15 negligently failed to warn of the potential hazard associated with the use of its product and negligently

4

failed to issue a notice of the hazard or recall regarding the hazard.

20.    As a proximate consequence of the negligence of Defendant Delta and Fictitious Defendants 1 through 15, Plaintiff Brandon Landrum was injured as alleged in paragraph 16 above.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against Defendant Delta and Fictitious Defendants 1 through 15 in such an amount of compensatory damages as a jury may award, plus the cost of this action.

## COUNT THREE
### (Wantonness)

21.    Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

22.    Defendants Delta and Fictitious Defendants 1 through 15   wantonly designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject saw machine in a defective or unreasonably dangerous condition.

23.    Defendants Delta and Fictitious Defendants 1 through 15 knew or should have known that failing to design a reasonably safe product could result in severe injury to expected or intended users.

24.    Defendants Delta and Fictitious Defendants 1 through 15 wantonly failed to warn of the potential hazard associated with use of its product and failed to issue a notice of the hazard or recall regarding the hazard.

25.    As a proximate consequence of the wantonness of Defendants Delta and Fictitious Defendants 1 through 15, Plaintiff Brandon Landrum was injured as alleged in paragraph 16 above.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against said

Defendants Delta and Fictitious Defendants 1 through 15 in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT FOUR

26.    Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

27.    At the aforementioned times and places, Defendants Delta and Fictitious Defendants 1 through 15 negligently, recklessly, wantonly, and/or willfully acted in such a manner, or failed to act, so as to cause injuries to Plaintiff Brandon Landrum as set forth in Paragraph 16 hereinabove.

28.    As a proximate consequence of the negligent, reckless, wanton, and willful actions and/or omissions of said Defendants Delta and Fictitious Defendants 1 through 15 Plaintiff Brandon Landrum suffered injuries as set forth in paragraph 16 hereinabove.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against Defendants Delta and Fictitious Defendants 1 through 15 in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT SEVEN
### (Complaint for Worker's Compensation Benefits)

29.    Plaintiff adopts and incorporates the foregoing paragraphs as if set forth herein again in full.

30.    At the above stated times and places, on or about September 8, 2005, the Plaintiff was injured while working in the line and course of her employment with said Defendant Landrum Installation.

31.    The Plaintiff notified her immediate supervisor of the above-referenced injury.

6

32.    At the time of said accident, Plaintiff's average weekly wage was approximately $500.00.

33.    The Defendants were given timely and actual notice of said accident within the time specified by the Workers' Compensation Act of the State of Alabama.

34.    Said notice connected the Plaintiff's work activity with his injury and thereby placed the Defendant on reasonable notice to investigate further.

35.    As a proximate result of said accident, the Plaintiff suffered personal injury and damage, including, but not limited to his hand.

36.    Subsequent to said injury the Plaintiff was caused to obtain medical treatment for her injury and she now suffers a permanent disability.

37.    The Plaintiff and Defendant Landrum Installation are subject to the *Alabama Workers' Compensation Act.*

WHEREFORE, the Plaintiff demands judgment against the Defendant Landrum Installation for the following:

a.    Payment of medical expenses reasonably incurred as a result of the work-related injury;

b.    Damages for permanent disability as allowed by the *Alabama Worker's Compensation Act* and applicable case law;

c.    Costs of this action, including, but not limited to, filing fees, deposition expenses, reasonable and necessary investigation expenses, and any expert fees; and

d.    Such other relief as the Plaintiff may be entitled to under the circumstances.

I, Brandon Landrum, Plaintiff, sign my name to this complaint for worker's compensation benefits on this the ___ day of December, 2007, and being first duly

sworn, do hereby declare that I have read and understand the foregoing and hereby acknowledge that the contents of the same are true and correct to the best of my knowledge, information and belief.

BRANDON LANDRUM

**STATE OF ALABAMA**           )
**COUNTY OF HOUSTON**          )

The undersigned authority, a Notary Public in and for said County and State, hereby certify that BRANDON LANDRUM, whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being first duly informed of the contents of said instrument, he executed the same voluntarily on the date the same bears date.

Given under my hand and seal on this __21__ day of December, 2007.

Notary Public
My Commission Expires: __6/29/09__

(SEAL)

Dated this __21__ day of December, 2007.

**S. Mark Andrews (AND063)**
Attorney for Plaintiff
MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS
P.O. Box 1649
Dothan, Alabama  36302
(334) 792-1420

8

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL

**DEFENDANTS MAY BE SERVED VIA U.S. CERTIFIED MAIL:**

**DELTA INTERNATIONAL MACHINERY CORPORATION**
**4825 Highway 45 North**
**Jackson, TN 38305**

**LANDRUM INSTALLATION**
**503 Old Hartford Rd.**
**Hartford, AL 36344**

ALABAMA SJIS CASE DETAIL



**HERLONG**

**PREPARED FOR: KARA KNOX**

alacourt.com

County: **34**   Case Number: **CV-2007-000174.00**   Court Action:
Style: **BRANDON LANDRUM V DELTA INTERNATIONAL MACHINERY CORP, ET AL**

## Case

### Case Information

| | |
|---|---|
| County: | GENEVA |
| Case Number: | CV-2007-000174.00 |
| JID: | KWQ-KENNETH W. QUATTLEBAUM |
| Trial: | J |
| Style: | BRANDON LANDRUM V DELTA INTERNATIONAL MACHINERY CORP, ET AL |
| Filed: | 12/21/2007 |

### Case Type

| | |
|---|---|
| Code: | TOPL |
| Type: | PRODUCTS LIABILITY |
| Track | |
| Status: | A-ACTIVE |
| Plaintiffs: | 001 |
| Defendants: | 002 |

### Court Action

| | |
|---|---|
| DJID: | |
| Court Action: | |
| Judgment For: | |
| Trial days: | 0 |
| Lien: | |

### Damages

| | |
|---|---|
| Amount: | $0.00 |
| Compensatory: | $0.00 |
| Punitive: | $0.00 |
| General: | $0.00 |
| None: | |

### Other Actions

| | | | |
|---|---|---|---|
| Con Date: | | Cont #: | 00000000 | Why: |
| RevJmt: | | Admin Date: | | Why: |
| Appeal Date: | | Court: | | Case: |
| Mistrial: | 00000000 | | | |
| TBNV2: | | DSDT: | | DTYP: |

### Comments

Comment 1:
Comment 2:

## Settings

### Court Dates

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 1: | | 000 | 00:00 | - |
| 2: | | 000 | 00:00 | - |
| 3: | | 000 | 00:00 | - |
| 4: | | 000 | 00:00 | - |

## Party 1 - C 001 - LANDRUM BRANDON

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | C 001 | Name: | LANDRUM BRANDON | | Type: | I-Individual |
| Index: | Y | Alt Name: | | | JID: | KWQ |
| SSN: | | DOB: | | Sex: | Race: | |
| Address 1: | | | | Address 2: | | |
| Phone: | (334) 000-0000 | City: | | State: AL | Zip: 00000-0000 | Country: US |
| Dock: | | Notice: | | Entered: | | |

### Attorneys

| | | | | | | |
|---|---|---|---|---|---|---|
| Attorney 1: | AND063 | Name: | ANDREWS STEPHEN MARK | City: DOTHAN | State: AL |



DEFENDANT'S EXHIBIT C

Attorney 2:    Name:                                          City:         State:
Attorney 3:    Name:                                          City:         State:
Attorney 4:    Name:                                          City:         State:
Attorney 5:    Name:                                          City:         State:
Attorney 6:    Name:                                          City:         State:

## Service Information

| Issued: | Type: | Reissue: | Type: |
| Return: | Type: | Return: | Type: |
| Service: | Type: | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

## Court Action

CACT:              Date:              For              Exempt:
Amount:   $0.00    Cost:   $0.00      Other:   $0.00   Satisfied:
Comment:

---

### Party 2 - D 001 - DELTA INTERNATIONA MACHINERY CORP

## Party Information

| Party: | D 001 | Name: | DELTA INTERNATIONA MACHINERY CORP | | | Type: | B-Business |
| Index: | Y | Alt Name: | | | | JID: | KWQ |
| SSN: | | DOB: | | Sex: | | Race: | |
| Address 1: | 4825 HIGHWAY 45 NORTH | | | Address 2: | | | |
| Phone: | (334) 000-0000 | City: | NORTH JACKSON | State: | TN | Zip: 38305-0000 | Country: US |
| Dock: | | Notice: | | Entered: | | | |

## Attorneys

Attorney 1:    Name:                                          City:         State:
Attorney 2:    Name:                                          City:         State:
Attorney 3:    Name:                                          City:         State:
Attorney 4:    Name:                                          City:         State:
Attorney 5:    Name:                                          City:         State:
Attorney 6:    Name:                                          City:         State:

## Service Information

| Issued: 01/16/2008 | Type: C-Certified mail | Reissue: | Type: |
| Return: | Type: | Return: | Type: |
| Service: 02/01/2008 | Type: C-Certified Mail | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

## Court Action

CACT:              Date:              For              Exempt:
Amount:   $0.00    Cost:   $0.00      Other:   $0.00   Satisfied:
Comment:

---

### Party 3 - D 002 - LANDRUM INSTALLATION

## Party Information

| | | | | |
|---|---|---|---|---|
| Party: | D 002 | Name: | LANDRUM INSTALLATION | Type: | B-Business |
| Index: | Y | Alt Name: | | JID: | KWQ |
| SSN: | | DOB: | Sex: | Race: |
| Address 1: | 503 OLD HARTFORD ROAD | | Address 2: | |
| Phone: | (334) 000-0000 | City: HARTFORD | State: AL | Zip: 36344-0000 | Country: US |
| Dock: | | Notice: | Entered: | |

## Attorneys

| | | | |
|---|---|---|---|
| Attorney 1: | Name: | City: | State: |
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 01/16/2008 | Type: C-Certified mail | Reissue: | | Type: |
| Return: | | Type: | Return: | | Type: |
| Service: | 01/18/2008 | Type: C-Certified Mail | Service On: | | By: |
| Answer: | | Type: | NS Not: | | NA Not: |
| Warrant: | | Type: | Arrest: | | |

## Court Action

| | | | | |
|---|---|---|---|---|
| CACT: | | Date: | For: | Exempt: |
| Amount: | $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | | |

# Financial

## Fee Sheet

| PR: | NO | Acct | From | For | To | Total Due | Amt Paid | Balance | Hold Amt |
|---|---|---|---|---|---|---|---|---|---|
| | | CV05 | | | 000 | $306.00 | $306.00 | | 0.00 |
| | | JDMD | | | 000 | $100.00 | $100.00 | | 0.00 |
| | | | | | TOTAL: | $406.00 | $406.00 | $0.00 | $0.00 |

## Financial History

| Transaction Date | Transaction Type | Disb Acct | Payment From/To | Batch | Check or Receipt # | Amount | Fee | Money Type | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|
| 01/16/2008 | R-RECEIPT | CV05 | C001 | 2008073 | 38024 | 306.00 | N | P | | JAF |
| 01/16/2008 | R-RECEIPT | JDMD | C001 | 2008073 | 38024 | 100.00 | N | P | | JAF |
| 01/16/2008 | Z-FEE ADDED | CV05 | C001 | 2008073 | 0 | 306.00 | N | O | | JAF |
| 01/16/2008 | Z-FEE ADDED | JDMD | C001 | 2008073 | 0 | 100.00 | N | O | | JAF |

# Case Action Summary - 34CV200700017400

| Date: | Time: | Code | Comments | Operator |
|---|---|---|---|---|
| 12/21/2007 | 10:08:55 | TEXT | COMPLAINT FILED BY ANDREWS FOR PLTF | JAF |
| 01/16/2008 | 10:06:23 | FILE | FILED THIS DATE: 12/21/2007          (AV01) | JAF |
| 01/16/2008 | 10:06:24 | ORIG | ORIGIN: INITIAL FILING          (AV01) | JAF |
| 01/16/2008 | 10:06:25 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | JAF |
| 01/16/2008 | 10:06:26 | TDMJ | JURY TRIAL REQUESTED          (AV01) | JAF |
| 01/16/2008 | 10:06:27 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | JAF |
| 01/16/2008 | 10:06:28 | ASSJ | ASSIGNED TO JUDGE: KENNETH W. QUATTLEBAUM  (AV01) | JAF |

| 01/16/2008 | 10:06:33 | PART | LANDRUM INSTALLATION ADDED AS D002 (AV02) | JAF |
|------------|----------|------|-------------------------------------------|-----|
| 01/16/2008 | 10:06:53 | ATTY | LISTED AS ATTORNEY FOR C001: ANDREWS STEPHEN MARK | JAF |
| 01/16/2008 | 10:07:51 | PART | DELTA INTERNATIONA MACHINERY CORP ADDED AS D001 | JAF |
| 01/16/2008 | 10:07:52 | SUMM | CERTIFIED MAI ISSUED: 01/16/2008 TO D001    (AV02) | JAF |
| 01/16/2008 | 10:08:29 | PART | LANDRUM INSTALLATION ADDED AS D002    (AV02) | JAF |
| 01/16/2008 | 10:08:30 | SUMM | CERTIFIED MAI ISSUED: 01/16/2008 TO D002    (AV02) | JAF |
| 01/16/2008 | 10:08:55 | TEXT | S/C ISSUED CM FOR SERVICE ON DEFS | JAF |
| 02/12/2008 | 8:13:50 | SERC | SERVICE OF CERTIFIED MAI ON 02/01/2008 FOR D001 | JAF |
| 02/12/2008 | 8:14:04 | SERC | SERVICE OF CERTIFIED MAI ON 01/18/2008 FOR D002 | JAF |

 ***END OF THE REPORT***

**Beth Chapman**
Secretary of State

P.O. Box 5616
Montgomery, AL 36103-5616

# STATE OF ALABAMA

**I, Beth Chapman, Secretary of State of the State of Alabama, having custody
of the Great and Principal Seal of said State, do hereby certify that**

after a diligent search of the alphabetical corporate records
on file in this office, consisting of domestic and foreign
corporations, profit and non-profit, domestic and foreign
limited partnerships, domestic and foreign limited liability
companies and domestic and foreign limited liability
partnerships **no record** is found to exist of any entity by the
name:

**Landrum Installation Inc.**

I further certify that this is the office having legal
custody of such records.



In Testimony Whereof, I have hereunto set my hand
and affixed the Great Seal of the State, at the Capitol,
in the City of Montgomery, on this day.

02/05/08

_____
**Date**



Beth Chapman

Secretary of State

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

BRANDON LANDRUM,

     Plaintiff,

v.

DELTA INTERNATIONAL
MACHINERY CORPORATION,
LANDRUM INSTALLATION, and
DEFENDANTS 1-15,

     Defendants.

Case Number: _____

### AFFIDAVIT

Before me, the undersigned authority, in and for said State and County, personally appeared Fran Dettmar, who is Chief Clerk at the Geneva County Probate Court offices, 200 N. Commerce Street, Geneva, Alabama, and who being known to me and after being duly sworn by me, doth depose on oath and say as follows:

    1.    My name is Fran Dettmar. I am over the age of twenty-one (21) years of age, of sound mind, in all respects qualified to make this Affidavit, and I have personal knowledge of all facts stated in this Affidavit.

    2.    I am Chief Clerk for the Geneva County Probate Court.

    3.    I have searched the records in the Probate Office of Geneva County, Alabama for any business licenses, Articles of Organization, Articles of Incorporation and any other type of corporate paperwork filed under the name Landrum Installation, Randy E. Landrum or under any name including the phrase "Landrum Installation."



4.    My search revealed no business licenses, Articles of Organization, Articles of Incorporation or any other type of corporate paperwork for Landrum Installation, Randy E. Landrum or under any name including the phrase "Landrum Installation."

5.    The facts stated herein are true.


Further affiant sayeth not.

*Fran Dettmar*
*Affiant*


STATE OF ALABAMA:
COUNTY OF GENEVA:

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify that Fran Dettmar, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal this 20 day of February, 2008.

*Lisa Kilpatrick*
Notary Public
My Commission expires: _____

(Notary Seal)


My Commission Expires
4-4-2010


159604                              2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **BRANDON LANDRUM,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | *  **Case Number:** _____ |
| | * |
| **DELTA INTERNATIONAL** | * |
| **MACHINERY CORPORATION,** | * |
| **LANDRUM INSTALLATION, and** | * |
| **DEFENDANTS 1-15,** | * |
| | * |
| **Defendants.** | * |

### <u>AFFIDAVIT</u>

Before me, the undersigned authority, in and for said State and County, personally appeared Vicky Marsh, who is City Clerk, with the City of Hartford, 203 West Main Street, Hartford, Alabama, and who being known to me and after being duly sworn by me, doth depose on oath and say as follows:

1.      My name is Vicky Marsh.  I am over the age of twenty-one (21) years of age, of sound mind, in all respects qualified to make this Affidavit, and I have personal knowledge of all facts stated in this Affidavit.

2.      I am a City Clerk for the City of Hartford, Geneva County, Alabama.  I have worked for the City of Hartford for over six (6) years.

3.      In order to perform any business activity in the City of Hartford, a business license must be filed with the City of Hartford.

4.      I have searched the City of Hartford records regarding Landrum Installation, Randy E. Landrum and the name "Landrum" in general.



5.     My search revealed that we have no business licenses, utilities or any other such records under the names Landrum Installation, Randy E. Landrum or the name "Landrum" in general.

6.     The facts stated herein are true.


Further affiant sayeth not.

VICKY MARSH


STATE OF ALABAMA:
COUNTY OF GENEVA:

I, the undersigned authority, a Notary Public in and for said County in said State, hereby certify Vicky Marsh, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal this 20 th day of February, 2008.


Notary Public
My Commission expires: 7-3-11

(Notary Seal)

159609                                                  2

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004036
Cashier ID: cstrecke
Transaction Date: 02/26/2008
Payer Name: HELMSING LEACH HERLONG
------------------------------------------
CIVIL FILING FEE
  For: HELMSING LEACH HERLONG
  Case/Party: D-ALM-1-08-CV-000140-001
  Amount:          $350.00
------------------------------------------
CHECK
  Remitter: HELMSING LEACH
  Check/Money Order Num: 90405
  Amt Tendered: $350.00
------------------------------------------
Total Due:        $350.00
Total Tendered:   $350.00
Change Amt:       $0.00

DALM108CV000140-W
LANDRUM V DELTA