## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

BRANDON LANDRUM,

    Plaintiff,

v.

DELTA INTERNATIONAL
MACHINERY CORPORATION,
LANDRUM INSTALLATION, and
DEFENDANTS 1-15,

    Defendants.

Case Number: 1:08-CV-140-WKW

RECEIVED

2008 FEB 26  A 10: 13

## ANSWER

Defendant, Delta International Machinery Corporation ("Delta Machinery"), answers the Complaint of Plaintiff as follows:

### FIRST DEFENSE

Delta Machinery answers the individual paragraphs of the Complaint as follows:

#### Parties

1.      Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

2.      Delta Machinery admits it is a foreign corporation, incorporated in the State of Minnesota. Delta Machinery denies that its principal place of business is in Jackson, Tennessee. Delta Machinery maintains its principal place of business in Towson, Maryland. The remaining allegations of this paragraph are denied.

3.      Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

4.      Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

5.      Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

6.      Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

7.      Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

## STATEMENT OF THE FACTS

8.      Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

9.      Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

10.      Delta Machinery admits that it designed, engineered, manufactured and marketed a Delta TS200LS 10" portable Bench Saw.  It is unknown at present whether Plaintiff was injured while using a Delta saw, and, therefore, all such allegations are denied for lack of sufficient information to form or justify a belief in such allegations.

11.      Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

## COUNT ONE

### (Alabama Extended Manufacture's Liability Doctrine)

12.      To the extent this paragraph requires a response, Delta Machinery adopts and incorporates the preceding paragraphs of this Answer.

13.     Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

14.     Denied.

15.     Denied.

16.     Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

## COUNT TWO

### (Negligence)

17.     To the extent this paragraph requires a response, Delta Machinery adopts and incorporates the preceding paragraphs of this Answer.

18.     Denied.

19.     Denied.

20.     Denied.

## COUNT THREE

### (Wantonness)

21.     To the extent this paragraph requires a response, Delta Machinery adopts and incorporates the preceding paragraphs of this Answer.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

## COUNT FOUR

26.     To the extent this paragraph requires a response, Delta Machinery adopts and incorporates the preceding paragraphs of this Answer.

27.     Denied.

28.     Denied.

## COUNT SEVEN

### (Complaint for Worker's Compensation Benefits)

29.     To the extent this paragraph requires a response, Delta Machinery adopts and incorporates the preceding paragraphs of this Answer.

30.     Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

31.     Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

32.     Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

33.     Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

34.     Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

35.     Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

36.     Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

37.    Delta Machinery denies, for lack of sufficient information to form or justify a belief in the allegations, the allegations of this paragraph.

## SECOND DEFENSE

The Complaint fails to state a claim against Delta Machinery upon which relief can be granted.

## THIRD DEFENSE

Delta Machinery denies that it is guilty of negligence, wantonness, breach of contract, breach of warranty, or any other wrongful conduct and further denies that the product at issue, identified in the Complaint as a Delta TS200LS 10" portable Bench Saw and its component parts ("the product"), is defective or unreasonably dangerous or that Delta Machinery is liable to plaintiff under the Alabama Extended Manufacturers Liability Doctrine.

## FOURTH DEFENSE

Delta Machinery avers that Plaintiff was guilty of contributory negligence with respect to his use of the product, which proximately caused or contributed to cause Plaintiff's alleged injuries and damages, and, therefore, some or all of plaintiff's claims against Delta Machinery are barred.

## FIFTH DEFENSE

Delta Machinery avers that Plaintiff's injuries were a result of an intervening agency other than Delta Machinery's alleged negligence, alleged wantonness, alleged breach of contract or warranty, or other alleged wrongful conduct, or the alleged defects in the product, and that the alleged defects in the product and alleged wrongful conduct of Delta Machinery were not the cause of Plaintiff's alleged injuries and damages, and, therefore, some or all of Plaintiff's claims against Delta Machinery are barred.

### SIXTH DEFENSE

Plaintiff assumed the risk of his alleged injuries, and such assumption contributed to or was the proximate cause of Plaintiff's claimed injuries, and neither Delta Machinery's alleged wrongful conduct, nor the alleged defects in the product, were the proximate cause of the Plaintiff's injuries and damages.

### SEVENTH DEFENSE

Plaintiff was guilty of abuse or misuse of the product, which proximately caused or contributed to cause the Plaintiff's alleged injuries and damages, and, therefore, some or all of Plaintiff's claims against Delta Machinery are barred.

### EIGHTH DEFENSE

Delta Machinery denies that its conduct was the proximate cause or cause-in-fact of the Plaintiff's alleged injuries and damages.

### NINTH DEFENSE

Some or all of the Plaintiff's alleged injuries and damages were caused by the acts and omissions of others for whom Delta Machinery owes no legal responsibility.

### TENTH DEFENSE

Plaintiff's claims against Delta Machinery are barred in whole or in part because there is no causal relation between the product or any act or omission of Delta Machinery and Plaintiff's alleged injuries and damages.

### ELEVENTH DEFENSE

Plaintiff's claims against Delta Machinery may be barred in whole or part by the provisions of the Alabama Workers' Compensation laws, Ala. Code 25-5-1, et seq., including but not limited to the exclusivity provisions.

## TWELFTH DEFENSE

Imposition of liability on Delta Machinery for a product design which was in conformance with standards set by the United States Government would be contrary to the public policy and Constitutions of Alabama and the United States, including but not limited to the protections afforded by the due process clauses of said Constitutions.

## THIRTEENTH DEFENSE

The state of knowledge, or state of the art, at the time of manufacture and/or distribution of the product, did not reasonably allow Delta Machinery to know about, or to take steps sufficient to alleviate, the alleged risks of which Plaintiff complains, and, therefore, some or all of Plaintiff's claims against Delta Machinery are barred.

## FOURTEENTH DEFENSE

The injuries, losses, damages and occurrences alleged in the Complaint were the result of an independent and intervening or superseding negligence, fault and/or wrongful conduct or causes of one or more other persons or entities concerning which Delta Machinery had no control nor right of control and in no way participated, and, therefore, some or all of Plaintiff's claims against Delta Machinery are barred..

## FIFTEENTH DEFENSE

Plaintiff's claims against Delta Machinery are barred in whole or part because (a) the risk of danger Plaintiff alleges caused his injuries and damages was open and obvious to a reasonable user of the product and, thus, no warning was required; or (b) even if not open or obvious Plaintiff actually knew and appreciated said risks or dangers; or (c) the warnings which accompanied the product were sufficient to alert a reasonable user to the risk or danger.

Doc. 158771

7

## SIXTEENTH DEFENSE

The Alabama Extended Manufacturer's Liability Doctrine, which Plaintiff contends is applicable in this case, is constitutionally void in that:

(a)     It operates to create a conclusive presumption that is arbitrary and operates to deny a fair opportunity on the part of the manufacturer or seller to rebut such conclusive presumption and acts to substitute judicial fiat in place of fact in judicial determination of an issue involving property of this defendant, separately and severally, with the result that:

(i)     It deprives this defendant of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions of the Constitution prescribing any state from depriving a person of property without due process of law; and

(ii)     Separately, it deprives this defendant of property without due process of law contrary to Article I, Section 6, of the State of Alabama Constitution and specifically contrary to said provision of the Constitution of the State of Alabama providing that no person shall be deprived of property except by due process of law, with the result that the Plaintiff is not entitled to recover in this cause against this defendant.

(b)     It denies this defendant the equal protection of the laws contrary to the Fourteenth Amendment of the Constitution of the United States and specifically contrary to that portion of the Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that it discriminates against the manufacturer and seller in favor of other defendants in litigation for the reason that it imposes a higher duty upon the manufacturer and seller than was or is imposed upon other persons who are defendants under circumstances where the imposition of a higher duty upon the manufacturer and/or seller would

amount to an unreasonable classification, and hence the Plaintiff is not entitled to recover against this defendant.

(c)     The attempted imposition of strict liability in this case against this defendant operates to deny this defendant equal protection of law contrary to the provisions of the Constitution of the State of Alabama which requires the state to afford all persons equal protection of law with the result that the Plaintiff is not entitled to recover against this defendant in this case.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the provisions of the Second Restatement of Torts: Product Liability §402A and comments thereto, and/or by the Third Restatement of Torts.

## EIGHTEENTH DEFENSE

Plaintiff's claims and damages are barred in whole or part by failure to mitigate damages.

## NINETEENTH DEFENSE

Plaintiff's claims and damages are barred in whole or part by the doctrines of avoidable consequences.

## TWENTIETH DEFENSE

Plaintiff's claims against Delta Machinery are barred in whole or part because adequate warnings and instructions were provided with the product, and the product was neither defective nor unreasonably dangerous when used accordingly.

## TWENTY-FIRST DEFENSE

Punitive damages would be improper in this case under § 6-11-20(a) and (b), Code of Alabama (1975).

### TWENTY-SECOND DEFENSE

Plaintiff's punitive damages claims are barred or limited by virtue of §§ 6-11-21, et seq., Code of Alabama (1975).

### TWENTY-THIRD DEFENSE

The claims alleged against Delta Machinery separately and severally in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

### TWENTY-FOURTH DEFENSE

Imposition of punitive damages in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

### TWENTY-FIFTH DEFENSE

The procedures and methods asserted for awarding punitive damages in this case violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

### TWENTY-SIXTH DEFENSE

Imposition of punitive damages in this action against Delta Machinery without a statutory limit as to the amount of said damages violates the Due Process Clause and Delta Machinery's guarantee of equal protection as required by the United States Constitution.

### TWENTY-SEVENTH DEFENSE

Unless Delta Machinery's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Delta Machinery's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTY-EIGHTH DEFENSE

Any claim for punitive damages against Delta Machinery cannot be sustained because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages issues would violate Delta Machinery's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Alabama Constitution.

## TWENTY-NINTH DEFENSE

Any claim for punitive damages against Delta Machinery cannot be sustained because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Delta Machinery, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Delta Machinery's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth

Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## THIRTIETH DEFENSE

Any claim for punitive damages against Delta Machinery cannot be sustained because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Delta Machinery's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTY-FIRST DEFENSE

Any claim for punitive damages against Delta Machinery cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Delta Machinery's due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

## THIRTY-SECOND DEFENSE

Any claim for punitive damages cannot be sustained because an award of punitive damages under state law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Delta Machinery's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel

Doc. 158771

and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### THIRTY-THIRD DEFENSE

Any claim for punitive damages against Delta Machinery cannot be sustained, because any such award of punitive damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### THIRTY-FOURTH DEFENSE

Any award of punitive damages based on anything other than Delta Machinery's conduct in connection with the sale of the specific product that is the subject of this case, as opposed to any act or omission outside of this state, would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect Delta Machinery against impermissible multiple punishment for the same wrong.

### THIRTY-FIFTH DEFENSE

With respect to Plaintiff's claims for punitive damages, Delta Machinery incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of <u>BMW of North America v. Gore</u>, 116 U.S. 1589

(1996); <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001); and, <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 123 S. Ct. 1513 (U.S. 2003), together with all such standards applicable under Alabama law.

<b>THIRTY-SIXTH DEFENSE</b>

Delta Machinery asserts as a set-off any monies already received or to be received by the Plaintiff for the alleged injuries or damages suffered in or attributed to the accident, including, but not limited to, any insurance proceeds.

<b>THIRTY-SEVENTH DEFENSE</b>

The claim of Plaintiff Brandon Landrum for pain and suffering against Delta Machinery cannot be sustained, because an award of such damages under Alabama law subject to no predetermined limit or clearly stated objective standard, such as a maximum multiple of out-of-pocket damages or a maximum amount, on the amount of such damages that a jury may impose, would violate Delta Machinery's due process and equal protection rights guaranteed by the United States Constitution and by the due process and equal protection provisions of the Constitution of the State of Alabama.

<b>THIRTY-EIGHTH DEFENSE</b>

Imposition of damages for pain and suffering in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

<b>THIRTY-NINTH DEFENSE</b>

The procedure and methods asserted for awarding damages for pain and suffering in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

Doc. 158771

14

## FORTIETH DEFENSE

Any express or implied warranties were disclaimed, barring Plaintiff's warranty claims in whole or part.

## FORTY-FIRST DEFENSE

Plaintiff's warranty claims are barred in whole or part by plaintiff's failure to give notice as required by Alabama law.

## FORTY-SECOND DEFENSE

Plaintiff's warranty claims are barred by absence of privity of contract between Plaintiff and Delta Machinery.

## FORTY-THIRD DEFENSE

All or part of Plaintiff's Complaint is or may be barred by the applicable Statute of Limitations.

## FORTY-FOURTH DEFENSE

Delta Machinery avers that the warranty obligations it owed to the Plaintiff, if any, are controlled and limited by Delta Machinery's standard written limited warranty regarding the product, including all limitations and exclusions thereof.

## FORTY-FIFTH DEFENSE

Plaintiff's claims may be barred in whole or in part due to spoliation of evidence.

## FORTY-SIXTH DEFENSE

The product at issue was materially and substantially altered after it left the control of Delta Machinery, and said alteration was the sole proximate cause, or a contributing proximate cause, of any alleged product defect or failure alleged to have existed or occurred at the time of the accident in question.

**WHEREFORE**, Defendant Delta Machinery demands judgment dismissing the Complaint, with prejudice, and taxing costs against plaintiff.

Respectfully submitted,

_____
JOSEPH P.H. BABINGTON (BAB007938)
ANNE J. DIKE (DIKEA6170)
Attorneys for Defendant Delta International
Machinery Corporation

OF COUNSEL:
HELMSING, LEACH, HERLONG,
        NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA  36652
(251) 432-5521
(251) 432-0633 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all parties to this cause, or their attorney of record, by placing same in the United States Mail, postage prepaid, and addressed to their regular mailing addresses, or by hand delivery, as follows:

S. Mark Andrews
MORRIS, CARY, ANDREWS,
  TALMADGE & DRIGGERS
Post Office Box 1649
Dothan, Alabama 36302

this 25th day of February, 2008.

_____
OF COUNSEL