**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RECEIVED

2008 FEB 26  A 10: 13

| | |
|---|---|
| BRANDON LANDRUM, | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   Case Number: 1:08-CV-140-WKW |
| | * |
| DELTA INTERNATIONAL | * |
| MACHINERY CORPORATION, | * |
| LANDRUM INSTALLATION, and | * |
| DEFENDANTS 1-15, | * |
| | * |
| **Defendants.** | * |

## DEFENDANT DELTA INTERNATIONAL MACHINERY CORPORATION'S RULE 12(b)(6) MOTION TO DISMISS

Defendant Delta International Machinery Corporation ("Delta Machinery"), by and through its counsel, and pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, moves this Court to enter an Order granting Defendant Delta Machinery's Motion to Dismiss Plaintiff's claims for failure to state a cause of action upon which relief can be granted.  In support of its motion, Defendant Delta Machinery states as follows:

### INTRODUCTION

Plaintiff has alleged that he was injured on September 8, 2005, while operating a Delta Machinery portable bench saw.  As a result of this accident, Plaintiff has asserted claims against Delta Machinery under the Alabama Extended Manufacturer's Liability Doctine ("AEMLD") and for negligence and wantonness.  The applicable statute of limitations for Plaintiff's AEMLD, negligence and wantonness claims is two years under Alabama law.  Plaintiff filed his Complaint on December 21, 2007, more than two years after the date of his injury, September 8, 2005.

## APPLICABLE FACTS

1.      Plaintiff alleges that "[o]n or about September 8, 2005, the Plaintiff was injured while working in the line and course of her [sic] employment with said Defendant Landrum Installation." (Complaint, ¶ 30). Plaintiff claims that "[o]n the date of the injury, Plaintiff was engaged in his normal job duties operating a Delta TS200LS 10" portable Bench Saw machine . . . " (*Id.*, ¶ 9). "As a proximate result of said accident, the Plaintiff suffered personal injury and damage, including, but not limited to his hand." (*Id.*, ¶ 35).

2.      As a result of this accident, Plaintiff has asserted claims against Delta Machinery under the AEMLD (*Id.*, Count One, ¶¶ 12-16) and for negligence (*Id.*, Count Two, ¶¶ 17-20) and wantonness (*Id.*, Count Three, ¶¶ 21-25). (*See also Id.*, Count Four, ¶¶ 26-28 (alleging injury as a result of the negligent, reckless, wanton and/or willful conduct of Delta Machinery)).

3.      Plaintiff filed his complaint, asserting the AEMLD, negligence and wantonness claims, on December 21, 2007, more than two years after the date of his injury on September 8, 2005. (Complaint).

## LAW AND ARGUMENT

### I.      Standard of Review

Under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, when the allegations of a complaint, accepted as true and viewed in a light most favorable to plaintiff, indicate that plaintiff can prove no set of facts that would entitle it to relief, the Court must dismiss the complaint for failure to state a claim. *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004). Whether a plaintiff has failed to state a claim upon which relief can be granted "must be ascertained from the face of the complaint." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n. 11 (11th Cir.1997). *See also Adamson v. McDonough*, 2007 WL 4403543, *1

(11th Cir. 2007).

**II.    Plaintiff's Claims Against Delta Machinery Under the AEMLD and for Negligence and Wantonness Are Barred by the Applicable Two Year Statute of Limitations.**

Under Alabama law, "[a]n action alleging negligence, wantonness, or liability under the AEMLD must be brought within two years after the cause of action accrued." *Smith v. MedTronic, Inc.*, 607 So.2d 156, 159 (Ala. 1992) (citing ALA. CODE § 6-2-38(l) (1975) (stating that the applicable statute of limitations for a personal injury action in Alabama is two years)). *See also Certainteed Corp. v. Russell*, 883 So.2d 1266, 1270 (Ala. 2003) (finding "Alabama law affords two years in which to assert a claim under the AEMLD" and dismissing plaintiff's AEMLD claims for failure to file within the two year limitations period). *See also Smith v. Medtronic, Inc.*, 607 So.2d 156 (Ala.1992); ALA. CODE § 6-2-38(l ) (1975). "[T]he cause of action 'accrues,' and the statutory period of limitations begins to run, 'when, and only when, the damages are sustained.' *Smith*, 607 So.2d at 159 (quoting *Garrett v. Raytheon Co.*, 368 So.2d 516, 519 (Ala.1979)) (internal citations omitted). *See also Stephens v. Creel*, 429 So.2d 278 (Ala.1983).

Plaintiff failed to assert his AEMLD, negligence and wantonness claims within the two period of limitations. Plaintiff was injured on September 8, 2005. (Complaint, ¶ 30). Thus, Plaintiff's cause of action under the AEMLD and for negligence and wantonness accrued on September 8, 2005 as that was the date Plaintiff sustained damages in the form of injury to his hand. (Complaint, ¶ 35). *See also Smith*, 607 So.2d at 159; *Garrett*, 368 So.2d at 519. The statute of limitations period applicable to Plaintiff's AEMLD, negligence and wantonness claims is two years. *See Smith*, 607 So.2d at 159; ALA. CODE § 6-2-38(l). Plaintiff filed his Complaint, asserting his AEMLD, negligence, and wantonness claims, on December 21, 2007, more than

three months after the two-year period of limitations applicable to Plaintiff's claims expired. (Complaint). Further, the fact that Plaintiff's claims are time-barred is apparent from the face of the Complaint. *Adamson*, 2007 WL 4403543, *1. Plaintiff's claims are, therefore, barred under the applicable statute of limitations and fail to state a cause of action upon which relief can be granted.

## CONCLUSION

Plaintiff's AEMLD, negligence and wantonness claims are barred by the applicable two-year statute of limitations period. These claims, therefore, fail to state a cause of action upon which relief can be granted and are due to be dismissed as a matter of law

Respectfully submitted,

_____
JOSEPH P.H. BABINGTON (BABIJ7938)
ANNIE J. DIKE (DIKEA6170)
Attorneys for Defendant Delta International
Machinery Corporation

OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA   36652
(251) 432-5521
(251) 432-0633 (fax)

159559                                    4

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon all parties to this cause, or their attorney of record, by placing same in the United States Mail, postage prepaid, and addressed to their regular mailing addresses, or by hand delivery, as follows:

S. Mark Andrews
MORRIS, CARY, ANDREWS,
   TALMADGE & DRIGGERS
Post Office Box 1649
Dothan, Alabama 36302

this 25th day of February, 2008.

_____
OF COUNSEL

159559