IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRANDON LANDRUM,** * | |
| * | |
| **Plaintiff,** * | |
| * | |
| v. * | Case No.:1:08-cv-00140-WKW-TFM |
| * | |
| **DELTA INTERNATIONAL** * | |
| **MACHINERY CORPORATION,** * | |
| **LANDRUM INSTALLATION, et al.,** * | |
| * | |
| **Defendants.** * | |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff hereby moves upon this Court to remand this case to the Circuit Court of Geneva County, Alabama, from which it was removed. As grounds therefore, Plaintiff would show that this case was filed on December 21, 2007 in the Circuit Court of Geneva County, Alabama. On, or about, February 25, 2008, Defendant Delta International Machinery Corporation ("Delta") filed a Notice for Removal to this court. This case should be remanded because the court lacks subject matter jurisdiction, because complete diversity of the parties do not exist as required by 28 USC §1332. The Plaintiff is a resident of Alabama. Co-Defendant Landrum Installation is the trade name of Brandon Landrum's employer. Brandon Landrum's employer was Randy Landrum, doing business as Landrum Installation. At all times material to this action, Randy Landrum was a citizen and resident of the State of Alabama.[1] Landrum Installation has not been fraudulently joined in these actions against both Defendants, Delta and Landrum

---

[1] While Plaintiff's Complaint sets forth Plaintiff's employer as "Landrum Installation", for the reasons set forth in Plaintiff's Brief in Support of his Motion to Remand, "Landrum Installation" and "Randy Landrum, d/b/a Landrum Installation" is the legal equivalent. See also Plaintiff's Affidavit attached hereto as Exhibit "A".

Installation arise out of the same incident and there are questions of law and fact common to both. Further, 28 USC § 1445(c) prohibits removal of actions arising under the Worker's Compensation laws.

Additionally, Defendant Delta cannot establish that the amount in controversy exceeds the jurisdictional minimum of 28 USC § 1332. As such, this Court lacks subject matter jurisdiction as required by 28 USC § 1332, both because of the lack of the amount in controversy, as well as the fact that Landrum Installation has not been fraudulently joined.

For the reasons stated herein and more thoroughly set out in Plaintiff's Brief in Support of his Motion to Remand, Plaintiff moves that this case be remanded to the Circuit Court for Geneva County, Alabama.

Respectfully submitted this the 19th day of March, 2008.

**MORRIS, CARY, ANDREWS,**
**TALMADGE & DRIGGERS, LLC**

/s/ S. Mark Andrews_____
S. Mark Andrews (AND063)
Attorney for Plaintiff
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420

## CERTIFICATE OF SERVICE

  I hereby certify that I on this, the 19th day of March, 2008, mailed a copy of the foregoing document, properly addressed and postage prepaid to the following:

Joseph P.H. Babington  
Annie J. Dike  
Helmsing, Leach, Herlong,  
 Newman & Rouse  
P.O. Box 2767  
Mobile, AL 36652

          /s/ S. Mark Andrews_____  
          S. Mark Andrews (AND063)