**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRANDON LANDRUM,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.:1:08-cv-00140-WKW-TFM** |
| | * | |
| **DELTA INTERNATIONAL** | * | |
| **MACHINERY CORPORATION,** | * | |
| **LANDRUM INSTALLATION, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR
## MOTION TO REMAND

Plaintiffs, for the reasons set forth below, urge the Honorable Court to remand this action to the State Court of Geneva County, Alabama.

### INTRODUCTION - BACKGROUND

This is a product liability action brought by Plaintiffs against Delta International Machinery Corporation stemming from an on the job accident on December 21, 2006. Plaintiff has also brought claims for workers compensation benefits against his employer which also arises out of the same job related accident on December 21 2006.

In its notice of removal Defendant Delta alleges that removal is proper under the diversity jurisdiction statute, 28 U.S.C. §1332. Specifically, Delta contends that the amount in controversy in this case exceeds $75,000.00 even though there is no evidence of the amount in controversy within the removal documents before this Court. Defendant Delta relies solely upon a conclusory allegation in the notice of removal that the jurisdictional amount is satisfied.

Likewise, Delta argues Plaintiff's claims for workers compensation have been fraudulently joined in this action, and that diversity jurisdiction exists in this case. Given that Delta cannot establish that the amount in controversy exceeds the jurisdictional minimum of 28 U.S.C. §1332, issues of fraudulent joinder and diversity of citizenship are need never to be addressed or considered by this Court. Notwithstanding, Delta's claims of fraudulent joinder are also without merit. This case is due to be remanded back to the state court in Geneva County, Alabama.

## ARGUMENT

### Removal standard

The district court has jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. §1332. Notwithstanding that in this case Plaintiff contends there is not complete diversity by virtue of the properly joined workers compensation action in this case, assuming arguendo that the parties were diverse the jurisdictional requirements of 28 U.S.C. §1332 are not met.

The removal/remand scheme set forth in 28 U.S.C. §1446(b) and §1447(c) requires that a Court review the propriety of removal on the basis of the removing documents. If the jurisdiction amount is either stated clearly on the face of the documents before the Court, or readily deducible from them, then the Court has jurisdiction. If not, the Court must remand. *Lowery v. Alabama Power*, 483 F. 3d 1184, 1211 (11th Cir. 2007).

In discussing this very issue, the District Court for the United States District Court for the Northern District of Alabama has recently stated:

> If this court turns out to be right when, by separate order, it grants the motion to remand filed by plaintiff, Cheryl Constant ("Constant"), the court will have come close to proving that the day of the knee-jerk removal of diversity tort cases from state to federal court within the three (3) states comprising the 11th Circuit came to an end on April 11, 2007, when *Lowery v. Alabama Power Co.*, 483 F. 3d 1184 (11th Cir. 2007), was decided. 'Circumspection' and 'compunction' will be the future watch words for diversity removing defendants in the 11th Circuit, except in the few cases which begin with a state court complaint with an *ad damnum* clause praying for more than $75,000.00.

*Constant v. International House of Pancakes, Inc.*, 487 F. Supp. 2d 1308 (N.D. Ala. 2007).

In the removal context, where damages are unspecified (such as the present case), the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. See, *Tapscott v. MS Dealers Service Corporation*, 77 F. 3d 1353, 1356-57 (11th Cir. 1996). Specifically, the removing defendant must establish the amount in controversy by "the greater weight of the evidence, a superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery v. Alabama Power Company*, 483 F. 3d 1184, 1209 (11th Cir. 2007), citing *Black's Law Dictionary* 1220 (8th edition 2004). In cases where the amount in controversy cannot be gleaned from the pleading or discovery before the Court, any attempt to engage in a preponderance of the evidence assessment would necessarily amount to unabashed guesswork, and such speculation is frowned upon. *See, Lindsey v. Ala. Tel. Co.*, 576 F. 2d 593, 595 (5th Cir. 1978).

**Delta cannot establish that the amount in controversy exceeds $75,000.00.**

Under the recent 11th Circuit decision, *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, Delta has not satisfied its preponderance of the evidence burden by establishing that the amount in controversy exceeds $75,000.00.  In *Lowery*, more than 400 plaintiffs brought suit against 12 corporations and 120 fictitious entities for discharging particulates and gases into the atmosphere and ground water.  Their complaint alleged 6 causes of action and each plaintiff demanded compensatory and punitive damages of $1,250,000.00 in the original complaint.  Subsequent to the original complaint, the plaintiffs amended their complaint 3 times.  In the third amended complaint, the plaintiffs no longer claimed $1,250,000.00 on each claim, but instead sought "compensatory and punitive damages in an amount in excess of the court's minimum jurisdiction".

Alabama Power filed a notice of removal under the mass action provisions of CAFA (28 U.S.C. §1332(d)(11)) asserting the district court had jurisdiction over the case because diversity of citizenship existed, the complaint consisted of claims of more than 100 persons, each claim was in an amount in excess of $75,000.00, the claims totaled in excess of $5 million, and the claims involved common questions of law or fact.  The plaintiffs then filed a motion to remand which the Court ultimately granted.  As the basis of their opinion, the Court analyzed the general removal statute of 28 U.S.C. §1446(b) which states that a case may be removed on the face of the complaint if the complaint has alleged facts sufficient to establish the jurisdictional requirements.  A case becomes removable when three (3) conditions are present.  There must be:

> (1)  An amended pleading, motion, or order or other paper, which;
> (2)  The defendant **must have received from plaintiff** or from the court if the document is an order, and from which;
> (3)  The defendant can first ascertain that federal jurisdiction exists.

4

28 U.S.C. §1446(b) (emphasis added).

In addition, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.  *See, Boskey v. Kroger Texas, L.L.P.*, 288 F. 3d 208, 211 (5th Cir. 2002).

In *Lowery*, since the removal documents (namely the third amended complaint) did not contain a specific amount in controversy claimed, the defendant relied on the "other paper" provision of §1446(b) to establish removal.  To that end, the defense submitted a supplement which contained the plaintiffs' initial complaint in evidence regarding the value of reportedly similar tort claims in Alabama.  The *Lowery* court held that the supplement was not to be considered for removal purposes.  Specifically, the court noted that the evidence regarding the value of other tort claims was not the sort contemplated by §1446(b) as it was not received from the plaintiffs but was gathered from outside sources.

In this case, Delta merely relies on a conclusory allegation that the general categories of damages claimed in the Plaintiffs' complaint exceeds the sum of $75,000.00.  The Defendant cannot meet its burden of proving the amount in controversy where it has offered nothing more than conclusory allegations.  *Burns v. Windsor Insurance Co.*, 31 F. 3d 1092, 1097 (11th Cir. 1994).

Prior to *Lowery*, Alabama personal injury cases and wrongful death cases with diversity of citizenship but no *ad damnum* were routinely removed to federal court and often kept there by the defendant asserting the existence of more than $75,000.00 in controversy and citing jury awards in excess of that amount in similar Alabama cases.

In contrast to former practice, *Lowery* now requires that the documents before the Court on removal 'unambiguously establish federal jurisdiction.' *Id.* at 1213. [*Lowery v. Alabama Power Co.*]  District courts in this circuit are no longer able to 'speculate in an attempt to make up for the notice's failings,' *Id.* at 1214-15, nor are the courts able to consider 'evidence regarding other tort claims.' *Id.* at 1221.

*Carswell v. Sears, Roebuck & Co.*, slip opinion, 2007 WL 1697003 (M.D. Ala. June 12, 2007) (footnote omitted).  In Defendant's removal petition there is no evidence that the amount in controversy exceeds $75,000.00 other than its conclusory statement and blanket citations of jury awards in similar cases to this action.

Defendant Delta has failed to bear the burden of establishing the requisite jurisdictional amount in the absence of an *ad damnum* clause that states clearly an amount sought in damages.  Instead, Delta has attempted to establish the requisite jurisdictional amount by pointing to the various types of damages sought by the Plaintiff in the complaint.  However, this does not satisfy Delta's burden of establishing requisite jurisdictional amount.

As such, any attempt to engage in a preponderance of the evidence assessment at this juncture would necessary amount to unabashed guesswork, and such speculation is frowned upon.

*Constant v. International House of Pancakes, Inc.*, 487 F Supp. 2d 1308, 1310 (N.D. Ala. 2007) (citing *Lindsey v. Alabama Tail Co.*, 576 Fed. 2d 593, 595 (5th Cir. 1978)).

Plaintiff would point out that this Court continues to follow the rationale of *Lowery v. Alabama Power Co.*, 483 F. 3d 1183 (11th Cir. 2007), relied on by Plaintiff. See e.g., *Hoque v. Service First Logistics*, 3:07-CV-0987-WKW (M.D. Ala. January 7, 2008) (Watkins, J.) (remand order); *Channell v. Nutrition Distribution, L.L.C.*, 2:07-CV-

01103-MHT (M.D. Ala. January 25, 2008) (Thompson, J.) (remand order); *Bankhead v. American Suzuki Motor Corp.*, 2008 WL 96095 (M.D. Ala. January 7, 2008) (Thompson, J.).

In short, Defendant has failed to meet its burden of establishing that the amount in controversy meets the federal jurisdictional requirements. *See, e.g. Thrift Auto Repair, Inc. v. U.S. Bancorp.*, 2007 WL 2788465 (N.D. Ga. September 21, 2007); *L.S. Motor Cars, Inc. v. Westport Insurance Corp.*, 2007 WL 1991573 (M.D. Ala. July 5, 2007); *Jackson v. People's South Bank*, 2007 WL 1857169 (M.D. Ala. June 27, 2007). Plaintiffs' Motion to Remand is due to be granted.

As a consequence of Delta being unable to establish the amount in controversy requirement of 28 U.S.C. §1332, Plaintiff's claims of fraudulent joinder of the workers compensation claim need not be addressed as it is moot. Nevertheless, for the reasons set forth below, Plaintiff's claim of workers compensation has not been fraudulently joined, and this case is due to be remanded.

## WHETHER PLAINTIFF HAS FRAUDULENTLY JOINED HIS WORKERS COMPENSATION CLAIM WITH TORT CLAIMS

### Fraudulent Joinder Standard.

When determining whether a defendant has been fraudulently joined, the Eleventh Circuit applies a threefold test. *Triggs v. John Crump Toyota,* 154 F. 3d 1284, 1287 (11th Cir. 1998). The removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) that a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the non-diverse

defendant. *Id.* at 1287. The moving party has a heavy burden of proof to establish one of these three principles by clear and convincing evidence. *Boiling v. Union Nat'l Life Ins. Co.,* 900 F. Supp. 400, 407 ( M.D. Ala. 1995); See *Parks v. New York Times Co.,* 308 F. 2d 474, 478 ( 5th Cir. 1962). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *Crowe v. Coleman,* 113 F. 3d 1536, 1538 (11th. Cir. 1997). In fact, " the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Cabalceta v. Standard Fruit Co.,* 883 F. 2d 1553, 1561 ( 11th Cir. 1989). If the removing party fails in an attempt to demonstrate existence of a fraudulently joined party, then the case must be remanded to state court. *Bolling v. Union Nat'l Life Ins. Co.,* 900 F. Supp. 400, 407 (M.D. Ala. 1995).

Defendant Delta has argued herein for the first method of establishing fraudulent joinder, asserting there is no possibility Plaintiff Landrum can establish a cause of action for workers compensation benefits against Landrum Installation in Alabama state court. Delta argues that since Brandon Landrum has named as his employer "Landrum Installation", which is not a corporate entity, he cannot recover against that defendant for workers compensation benefits. Defendant's argument is without merit.

This case arises out of an on the job injury to Brandon Landrum while operating a portable bench saw manufactured by Defendant Delta. At the time of the accident made the basis of this suit, Plaintiff Brandon Landrum was employed by Landrum Installation. (See the attached Affidavit)[1] Randy Landrum was the owner of Landrum Installation,

---

[1] ("We have explained before that '[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.'"); Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)("To determine whether the case should be remanded, the district court must evaluate

and, at all times material to this action, was doing business as and operating under the trade name Landrum Installation. Landrum Installation was engaged in the business of floor installation often working as a subcontractor through other businesses.

Plaintiff Brandon Landrum's complaint seeks claims brought pursuant to the Alabama Extended Manufacturers Liability Doctrine (AEMLD), claims for negligence, wantonness, as well as all benefits due him under the Alabama workers compensation laws from his employer, Landrum Installation. This action was filed on December 21, 2007, and Defendant Landrum Installation was served on January 18, 2008.

Alabama law recognizes that "an individual has the right to be known by any name that he chooses, and a judgment entered for or against that individual in either an assumed name or a trade name is valid."Hughes v. Cox, 601 So. 2d at 471. Lifestar Response of Ala., Inc. v. Lemuel, 908 So. 2d 207, 215 (Ala. 2004) And "a judgment entered against a trade name is a judgment against the individual doing business under that trade name, at least so long as the individual was personally served with the complaint." Hughes v. Cox, 601 So. 2d 465, 471 (Ala. 1992) Thus, while Randy Landrum may be the owner and the proper legal name of Plaintiff Brandon Landrum's employer, Brandon Landrum's complaint for workers compensation claims against Landrum Installation is nonetheless valid; indeed just as valid as if the claim were

---

the factual allegations in the light most favorable to plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. . . . The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties."); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989) [*20] ("In addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff and can consider any submitted affidavits and/or deposition transcripts."). While "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)," . . ., the jurisdictional inquiry "must not subsume substantive determination." . . . Over and over again, we stress that "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits."Webb v. Encompass Ins. Co., 2007 U.S. Dist. LEXIS 3505, 19-20 (D. Ala. 2007)

brought against "Randy Landrum", or "Randy Landrum d/b/a Landrum Installation". Plaintiff may certainly expect to recover workers compensation benefits from Landrum Installation, and Defendant Delta's argument of fraudulent joinder is simply without merit.

Moreover, in the event Plaintiff amends his complaint with leave of this Court, any name change of the defendant described in this action as Landrum Installation to "Randy Landrum" would not be a change of defendants, but would merely serve to correct the misdescription complained of by the Defendants herein. "[A]n amendment to a complaint changing the defendant's name [where originally designated by its trade name] did not constitute a change of the party defendant, but merely corrected the misdescription of the defendant. Parks v. Moore, 689 So. 2d 98, 100 (Ala. Civ. App. 1996). See also, Box v. Boilermaker Nat'l Health & Welfare Fund, 47 Ala. App. 266, 253 So. 2d 326 (1971) (holding that an amendment from "R.E. Box Steel Erection Company" to "R.E. Box, individually and d/b/a R.E. Box Construction and Equipment Co." did not add or change the parties, but merely sought to accurately describe the named defendant). Parks v. Moore, 689 So. 2d 98, 100 (Ala. Civ. App. 1996).

While Landrum Installation is not a corporate entity, Landrum Installation is the trade name of Brandon Landrum's employer. Further, given that claims against "Landrum Installation" is the legal equivalent to claims brought against "Randy Landrum doing business as Landrum Installation", Plaintiff Brandon Landrum may *now* establish a cause of action against Landrum Installation for workers compensation benefits, and Defendant Delta's argument of fraudulent joinder fails. Not only is there the legal possibility that Plaintiff Landrum may establish a cause of action for workers

compensation benefits against Landrum Installation in state court, which is all he must show to defeat Defendants arguments, Plaintiff Landrum fully anticipates to recover such benefits in this case.

Moreover, it is undisputed that Randy Landrum is, and was at all times material to this action, a resident of Alabama. Given, again, that claims against "Landrum Installation" are the legal equivalent of claims against "Randy Landrum d/b/a Landrum Installation" the complaint on its face prevents any finding of jurisdiction in this case based on diversity. Delta's claims of fraudulent joinder are misplaced.

## RULE 11

Next, Delta pursues an argument that counsel for Plaintiff Landrum has violated Rule 11 in this case, and therefore a finding of fraudulent joinder must follow. There is simply no place for such allegations, even in zealous attempts to remove an action to federal court. Notwithstanding, Plaintiff's complaint merely sets forth that "upon information and belief" at the time this action was filed Landrum Installation was a corporate entity of some fashion under the laws of Alabama. There has been no violation of any portion of Rule 11 with such allegations. Certainly Plaintiff has made no representations for any improper purpose, or to harass or cause an unnecessary delay. See Rule 11 F.R.C.P.

Regardless, in light of the Alabama law set forth hereinabove, that a defendant may operate and be known by any name they wish to be known by, and actions brought against such individuals or entities in their trade name is just as valid as those brought in true legal name, the fact that this action was brought against "Landrum Installation" rather than "Randy Landrum, doing business as Landrum Installation" prevents any

finding of fraudulent joinder and certainly supports no Rule 11 violation.  Baseless reliance on Rule 11 cannot save the inevitable remand in this matter.  This court lacks subject matter jurisdiction in this case.  Landrum Installation was not fraudulently joined as a defendant in this matter.  Brandon Landrum may legally establish a cause of action for workers compensation benefits in this case.  Delta's claim of fraudulent joinder is without merit.

## STATUTE OF LIMITATIONS

Delta next argues that Plaintiff Landrum cannot recover on his claims against Landrum Installation arguing that the statute of limitations has expired as to his workers compensation claim.  In support of their argument, Delta relies entirely on the very obvious typographical error found in paragraph eight (8) of Plaintiff's complaint which incorrectly references September 8, 2005, as the date of the subject accident.  However, the accident made the basis of this lawsuit occurred on December 21, 2006, and this action was filed well within the applicable statute of limitations.  (See also the attached Affidavit)[2]

---

[2] ("We have explained before that '[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties.'"); Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)("To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. . . . The federal court makes these determinations based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties."); Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989) [*20] ("In addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff and can consider any submitted affidavits and/or deposition transcripts."). While "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)," . . ., the jurisdictional inquiry "must not subsume substantive determination." . . . Over and over again, we stress that "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits." Webb v. Encompass Ins. Co., 2007 U.S. Dist. LEXIS 3505, 19-20 (D. Ala. 2007)

As this court is no doubt aware, complaints, such as the one filed in this action, are seldom created from scratch. Rather, complaints, and many other pleadings and motions, are recycled from forms with names and dates changed so as to prevent the unnecessary repetitive drafting of similar pleadings. Through inadvertence, oversight and neglect, as a result of using a form Complaint from prior unrelated litigation, an incorrect date was left unchanged in paragraph thirty (30) of the Complaint. The correct date of Plaintiff's accident was **December 21**, **2006**. The subject Complaint in this action was filed on December 21, **2007**, well within Plaintiff's two (2) year statute of limitations. While the typographical mistake is an unfortunate error, it should not result in the dismissal of Plaintiff's claims herein.

Paragraph eight (8) of Plaintiff's Complaint, sets forth the date in issue in the Complaint as December 21, 2006, whereas later in paragraph thirty (30) of Plaintiff's Complaint, September 8, 2005[3], is referenced. In subsequent paragraphs and Counts, Plaintiff's complaint "adopts and incorporates" all previous paragraphs, including paragraph eight (8) and thereby December 21, 2006, as the correct date of Plaintiffs accident in issue in this Complaint. Likewise, paragraphs twenty-seven (27) and thirty (30) read:

> "27. **At the aforementioned times and places**, Defendants Delta and Fictitious Defendants 1 through 15 negligently, recklessly, wantonly, and/or willfully acted in such a manner, or failed to act, so as to cause injuries to Plaintiff Brandon Landrum as set forth in Paragraph 16 hereinabove." (emphasis added)

> "30. **At the above stated times and places**, on or about September 8, 2005, the Plaintiff was injured while working in the

---

[3] September 8, 2005, was the date of an accident unrelated to the present action. Counsel for Plaintiff used a sample stock complaint from prior litigation as a form to prepare the Complaint in this action, and failed to correct the date to read December 21, 2006.

line and course of [his] employment with said Defendant Landrum Installation." (emphasis added)

Through paragraph twenty-seven (27) and paragraph (30), the only dates referenced in the subject complaint that would qualify as "aforementioned times" or "above stated times" was December 21, 2006. As such, and also as a result of the "incorporation by reference" language into each of the paragraphs and counts of Plaintiff's Complaint, the only reasonable conclusion from a reading of Plaintiff's complaint of the date in issue in this case, and the date of Plaintiff's accident, is December 21, 2006. At a minimum, however, as a result of the confusion caused by the incorrect date set forth in paragraph thirty (30), there are competing dates attributed to Plaintiff's date of accident.

The issue to be resolved by this Court is whether the defense of the statute of limitations is apparent on the face of Plaintiff's Complaint, and whether the defense clearly appears on the face of the complaint. The unfortunate existence of conflicting dates in Plaintiff's Complaint in issue prevents such a finding.

As this Court is aware, "[a] motion to dismiss under Fed. R. Civ. P. 12(b)(6) based upon the statute of limitations may be granted, **however, only where it is apparent upon the face of the complaint that the action is untimely.** AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982) Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982). Griffiths v. Blue Cross & Blue Shield, 147 F. Supp. 2d 1203, 1221 (D. Ala. 2001).

Further, [t]he existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) when its own allegations indicate the existence of an affirmative defense, **so long as the**

**defense clearly appears on the face of the complaint.** Quiller v. Barclays American/Credit, 727 F.2d 1067 (11th Cir. 1984)

Delta's defense of the statute of limitations is not apparent upon the face of the complaint, and does not clearly appear from the face of Plaintiff's Complaint. To the contrary, at a minimum, there are conflicting dates set forth as the dates made the basis of Plaintiff's Complaint: December 21, 2006, and September 8, 2005. December 21, 2006, is set forth in paragraph eight (8), and is incorporated by reference into each subsequent count in the Complaint, including the Count for Workers Compensation through the incorporation language set forth in paragraph 29. Again, in paragraphs twenty-seven (27) and thirty (30), December 21, 2006, is the only "aforementioned" or "above stated" time. Any reasonable reading of Plaintiff's Complaint contemplates the unfortunate typographical error, As such, Defendant's Motion to Dismiss based on a 12(b)(6) motion cannot be granted since the defense is not apparent on the face of the complaint, and does not clearly appear on the face of the complaint.

Additionally, Plaintiff Brandon Landrum has filed contemporaneously herewith a Motion for Leave to Amend his Complaint. Rule 15 of the Federal rules of Civil Procedure provides that a party may amend pleadings "by leave of court…..and **leave shall be freely given** when justice so requires." Id. (emphasis added) Should leave be granted in this matter, and Plaintiff's Complaint Amended, Defendants defense of the expiration of the statute of limitations, as well as their Motion to Dismiss would become moot.

Regardless, since jurisdiction in this Court cannot be established because the amount in controversy cannot be established to exceed $75,000.00, this argument over a

typographical error is academic. In other words, assuming arguendo this Court rules to not consider the diversity in this case because of the presence of the workers compensation claim against an in state defendant, it is of no consequence since this Court already lacks jurisdiction because Delta cannot meet its burden of establishing the amount in controversy requirement for jurisdiction in this case.

Finally, Delta argues Plaintiff's workers compensation claims should be severed from this case, and remanded alone to Alabama state court with the claims against Delta remaining in Federal Court. However, Plaintiffs tort claims and workers compensation claims are properly joined in this one action pursuant to Rule 20, and Delta's arguments have been been rejected by virtually every U.S. District Court in Alabama.

In the case of <u>Brooks v. Paulk & Cope, Inc., 176 F. Supp. 2d 1270 (D. Ala. 2001)</u>, Judge Harold Albritton refused to sever a worker's compensation claim from tort claims, which specifically alleged AEMLD and negligence, by holding that the worker's compensation claims had not been fraudulently joined and therefore <u>the entire case</u> was due to be remanded. *Brooks*, 176 F.Supp. 2d at 1277. In fact, Judge Albritton phrased the issues before him as follows:

> There is apparently no question in this case that the claim for worker's compensation benefits asserted by Charlie Brooks is due to remanded. The issue before this court, therefore, is whether the entire case is due to be remanded, or whether this court may sever the workers' compensation claim, remand it, and then entertain jurisdiction over the tort claims asserted against the non-resident defendants.
>
> A party can not be misjoined if joinder is proper. Necessarily, therefore, the court's analysis of fraudulent misjoinder must begin with the text of Federal Rule of Civil Procedure 20.

*Id.* at 1274.

16

Additionally, Judge Albritton held "the Rule 20 standard does not require that there be a basis for joint liability, but allows joinder also on the basis of only "several" liability" <u>Id</u>.

Further, Albritton noted:

"it is irrelevant whether a plaintiff joins defendants with such intent as long as legitimate claims are alleged against all defendants and the plaintiff has the intent to pursue a judgment against the defendants. <u>*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998)</u>. There is absolutely nothing in the record which would indicate that the Plaintiffs do not intend to seek a judgment against all of the Defendants. This court cannot conclude, therefore, that, to the extent that there may be misjoinder in this case, the Plaintiffs have engaged in egregious misjoinder. Accordingly, the court concludes that the resident Defendant has not been fraudulently joined." <u>Brooks v. Paulk & Cope, Inc., 176 F. Supp. 2d 1270 (D. Ala. 2001).</u>

**Numerous District Courts in Alabama Have Rejected Delta's Argument**

All of Delta's arguments have been rejected by numerous judges throughout the federal district courts of Alabama in cases identical to the one here.  See <u>*Brooks*</u>, <u>*supra*</u>; <u>*Strode v. Freightliner*</u>, 02-JEO-2390-W, Slip Op. (N.D. Ala., May 8, 2003) [Ex. B]; <u>*Harris v. Mosby's Packing Co.*</u>, 05-PWG-595-S, Slip Op. (N.D. Ala. July 1, 2005) [Ex. A]; (<u>*Griffin v. Osborn Transportation, Inc.,*</u> 03-AR-2384-M, Slip Op. (N.D. Ala., Sept. 30, 2003) [Ex. C]; <u>*Erwin v. Taylor-Made Lumber Co.*</u>, CV-02-BE-1120-W, Slip Op. (N.D. Ala., May 29, 2002) [Ex. D]; <u>*Plyler v. Continental Conveyor & Equipment Co., et al.,*</u> CV-04-CO-2641-J (See fn. 6 to <u>*Harris*</u>, Slip Op.);  <u>*Mary Ann Brascom v. Morbark, Inc.,*</u> 01-D-1082-N, Slip Op., ( M.D. Ala. Nov. 20, 2001) (Dement, I) [Ex. E]; and <u>*Priest v. Sealift Services International Inc.,*</u> 953 F. Supp. 363 ( N D. Ala. 1997).

In <u>*Brooks,*</u> Judge Albritton's case, a plaintiff, who was injured on the job, brought suit in one action in the Alabama state courts against his employer for workers' compensation benefits and against two foreign defendants for negligence when a piece of machinery failed and injured Mr. Brooks.  The defendants removed the state actions to

federal court on the basis of diversity jurisdiction asserting that plaintiff had fraudulently joined his claim for workers' compensation benefits against his employer with his tort claims against the foreign defendants. Just as Delta has done here, the defendants in _Brooks_ sought to prove the application of the fraudulent joinder doctrine and asked the court to sever the workers compensation action and remand that claim only to state court. _Id_.

The _Brooks_ defendants argued that plaintiffs' claims against his employer for workers' compensation benefits and the foreign defendants in tort did not involve joint, several or alternative liability. Judge Albritton, in response, noted that, because the plaintiffs' claims sought several liability against two different defendants arising out of the same alleged work-related incident, the two claims would involve common questions of fact. Judge Albritton further reasoned that the "Rule 20 standard does not require that there be a basis for joint liability, but allows joinder also on the basis of only 'several' liability." _Id_. at 1276. Likewise, in the instant case, the Plaintiffs have sought claims for several liability against two different defendants arising out of the same work-related incident. Both the workers' compensation and tort actions in the instant case involve common questions of fact such as how the accident occurred, why the accident occurred, and whether there were any violations of safety rules with regard to the occurrence of the accident.

Additionally, the instant workers' compensation and tort claims involve common, intertwined questions of law. For instance, it is the Alabama Workers' Compensation Act that grants an employee the authority to bring a personal injury action against a third-party arising out of an on-the-job accident. Section 25-5-11 states in relevant part:

18

"(a) If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter."

*Ala. Code* § 25-5-11 (a)(1975) (emphasis added). Thus, the Plaintiffs have a statutory right to bring these claims together in one action. See *Mary Ann Brascom v. Morbark, Inc.,* 01-D-1082-N, Slip Op., at pages 7-8 (M.D. Ala., Nov. 20, 2001) ("By statute, Plaintiffs may combine these claims in a single action, Ala.Code §25-5-11, and the Court will not prohibit Plaintiffs from doing so.")

Also, the Alabama Workers' Compensation Act grants the employer the right to subrogate to any proceeds recovered in any third-party case arising out of an on-the-job injury. *Ala. Code* 25-5-1 l(a)( 1975 ). The Alabama Supreme Court has ruled that the employer is allowed to intervene in the third-party suit to protect its statutory subrogation right. *Millers Mutual Insurance Association v. Young.,* 601 So. 2d 962, 963 (Ala. 1992). Employers regularly seek to intervene in similar third-party cases to protect their subrogation rights. See *Miller,* 601 So. 2d 962 (Ala. 1992). 28 U.S.C. § 1445 forbids the removal of any civil action arising under the workers' compensation laws of any state to the federal courts. If this court were to maintain jurisdiction of the tort claims, how then would the workers' compensation carrier enforce its statutorily created subrogation right in light of the federal courts prohibition from entertaining workers' compensation issues? In the presence of such subrogation issues, our courts have held that the tort and workers' compensation claims are "inextricably intertwined," thereby justifying remand of the

intertwined cases to state court. *Mary Ann Brascom v. Morbark, Inc.,* supra, at 9. ("In addition, the claims against Morbark and Flails, the diverse defendants, are inextricably intertwined with the claims against Eufaula Pulpwood, due to a subrogation claim by Eufaula Pulpwood. Thus, there is a real connection between the claims against the diverse and non-diverse defendants.") Accordingly, simultaneously filed workers' compensation cases and third-party cases involving common questions of fact and law reason against treating the cases separately.

Though not argued directly by Delta herein, like the defendants in *Brooks* , there seems to be an argument that the remedies of workers' compensation and tort claims are different justified the application of the fraudulent joinder doctrine. The <u>Brooks</u> court however has already rejected this argument.

> The Court finds no authority, however, for the proposition that the nature of the relief sought, or the method by which relief is awarded, undermines the applicability of Rule 20 if the plaintiff is seeking joint, several, or alternative liability for claims with common questions of law or fact. There are case management procedures, for example, procedures applied in cases in which both money damages and equitable relief are sought, which could apply in this case.

*Brooks* at 1276-1277. (citations omitted.) See also, *Strode v. Freightliner*, *supra*, at p. 8 (stating that "[a]lthough the defendant is correct that the workmen's compensation case cannot be tried before the jury, this is a matter of 'case management' and not misjoinder.") Likewise, in the instant case, the defendants have cited no authority that the nature of plaintiffs' workers' compensation case prohibit the plaintiffs from joining a workers' compensation case with a third party tort case.

The *Harris* court specifically rejected the same argument asserted by Delta stating that "the defendants' reliance upon a 'line of cases' 'holding' that the 'proper procedure'

under Rule 20 is a severance of workers' compensation claims from tort claims is unwarranted as a matter of law." *Harris*, *supra*, Slip Op. at 14. In so holding, the *Harris* court addressed *Raines* and *Wallace*, the primary cases relied upon by Delta.

> *Raines* says nothing to suggest a requirement, rule, or order which mandates severing workers' compensation claims from tort claims. Indeed, the appellate court reserved to itself the right to resolve the appeal of cases which presented both types of claims. In *Wallace v. Tee Jays Manufacturing Co., Inc.*, 689 So.2d at 211, the Alabama Court of Civil Appeals observed that because no motion to sever had been filed by the parties, a trial court considering both worker's compensation claims and tort claims was required to rule on all issues when deciding summary judgment. *Wallace*, like *Raines*, said nothing to suggest that an Alabama trial judge is required as a matter of law to sever worker's compensation claims from tort claims . . . .

*Harris*, Slip Op. 12-13.

Recognizing that no Alabama authority requires an Alabama judge to sever such claims rather than try the cases simultaneously, the *Brooks* court reasoned that there can be no egregious, fraudulent joinder where Alabama law allows such a joinder. *Brooks* at 1277. Pursuant to the authority of *Brooks*, *Brascom*, *Strode*, *Harris*, *Priest*, *and Erwin*, *supra*, and because no authority exists in Alabama that prohibits plaintiff from joining a workers' compensation claim with a third-party wrongful death claim, Delta argument that Plaintiffs fraudulently joined Landrum Installation must fail.

Delta has not remotely proved, by clear and convincing evidence, that Plaintiff fraudulently joined Defendant Landrum Installation in his complaint for workers' compensation benefits and personal injury damages. As stated by the *Harris* court, "there is no Eleventh Circuit supplemental authority extant to support the defendants' theory, no federal district court case has sustained the defendants' position (at least four have rejected it), no Alabama case has sustained the defendants' position and there is

Alabama authority from which a reasonable conclusion is reached that Alabama law does not require a 'severance' of worker's compensation claims from tort claims. . . .  The U. S. District Court for the Northern District of Alabama EXPRESSLY LACKS subject matter jurisdiction over the removed action." _Harris_, Slip Op. at 19 (emphasis in the original).  Consequently, this Court should remand this case to State Court.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that this Court remand this case to the Circuit Court of Geneva County because this Court lacks subject matter jurisdiction over the removed action.

Respectfully submitted this the  19th  day of March, 2008.

**MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS, LLC**

/s/ S. Mark Andrews
S. Mark Andrews (AND063)
Attorney for Plaintiff
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420

**CERTIFICATE OF SERVICE**

I hereby certify that I on this, the 19th day of March, 2008, mailed a copy of the foregoing document, properly addressed and postage prepaid to the following:

Joseph P.H. Babington
Annie J. Dike
Helmsing, Leach, Herlong,
    Newman & Rouse
P.O. Box 2767
Mobile, AL 36652

/s/ S. Mark Andrews
S. Mark Andrews       (AND063)

# Exhibit "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRANDON LANDRUM,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.:1:08-cv-00140-WKW-TFM** |
| | * | |
| **DELTA INTERNATIONAL** | * | |
| **MACHINERY CORPORATION,** | * | |
| **LANDRUM INSTALLATION, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

<u>**AFFIDAVIT OF BRANDON LANDRUM**</u>

**STATE OF ALABAMA**     )
**COUNTY OF HOUSTON**   )

Before me, the undersigned, personally appeared Brandon Landrum who being first duly sworn, deposes and says as follows:

My name is Brandon Landrum. I am over the age of 21 and I have personal knowledge of all the facts and circumstances stated herein. I am a resident and citizen of Geneva County, Alabama.

I was injured on December 21, 2006 while operating a Delta portable bench saw. On the date of my accident, December 21, 2006, I was employed by Landrum Installation. Landrum Installation was and is owned by my father, Randy Landrum. My employer, Randy Landrum, operated under the trade name Landrum Installation. The attached Employer's First Report of Injury correctly sets forth that my employer was Landrum Installation and Randy Landrum, doing business as Landrum Installation. The attached First Report of Injury reflects the correct date of my accident of December 21, 2006. Landrum Installation was in the business of performing flooring

installation work oftentimes as a subcontractor through Enterprise Wholesale, which is located in Coffee County, Alabama.

On the date of my accident, December 21, 2006, my father Randy Landrum was a resident and citizen of Geneva County, Alabama.

FURTHER AFFIANT SAYETH NOT.

_____
Brandon Landrum

**STATE OF ALABAMA**            )
**COUNTY OF HOUSTON**           )

Before me, in and for said county, in said state, personally appeared Brandon Landrum, whose name is signed to the foregoing Affidavit and who is made known to me and who, being first duly sworn and deposed, says that she has knowledge of the facts stated in the foregoing Affidavit, and that said facts as therein stated are true and correct.

Sworn to and subscribed before me on this the ___19th___ day of March, 2008.

_____
Notary Public
My Commission Expires: 6/29/09

(SEAL)

FROM :GENEVA TC                     FAX NO. :13346842202            Jan. 05 2007 12:07PM  P3

THE USE OF THIS FORM IS REQUIRED UNDER THE PROVISIONS OF THE ALABAMA WORKERS'S COMPENSATION LAW

WCC Form 2
Rev. 9/2006

## STATE OF ALABAMA
**EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE**
Ombudsman 1-800-528-5166

CS/O 06-20597-294824

| 1. Insured Report Number | 2. Filing Office Claim Number | 3. OSHA Log Case Number |
|---|---|---|

4. Employer Business Name  Landrum Installation    ADDRESS, IF LOCATION DIFFERENT FROM BUSINESS ADDRESS
5. Physical Address 1  503 old Hartford Rd.      10. Mailing Address 1
6. Physical Address 2                             11. Mailing Address 2 or Telephone Number
7. City Hartford  8. State Al 9. Zip 36344        12. City   13. State   14. Zip

| 15. Federal ID Number | 16. U.C. Account Number | 17. NAICS |
|---|---|---|

18. Insurer Name  Alabama Home Builders S.I.F.    21. Filing Office Name  Construction Claims Management
19. Insurer Federal ID Number 63-0887677          21a. Service Co. #50092
20. Type Insurer  ☐ Insurance Co.  Ins Co #       22. Mailing Address 1 P. O. Box 244202
                  ☐ Self-Insurer  SI #            23. Mailing Address 2 or Telephone Number 334-834-0283 or 800-372-1801
                  ☒ Group Fund  GF # 12           24. City Montgomery 25. State AL 26. Zip 36124
                                                   27. Filing Office Federal ID Number  63-1103048

28. First Name  Brandon
29. Middle Name  David Edward                      32. Employee ID Number  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
30. Last Name  Landrum                             33. Type Employee ID Number
31. Last Name Suffix (ie Jr., Sr., III)            SSN ☒  Passport Number ☐
                                                   Employment Visa ☐  Assigned by Jurisdiction ☐
34. Mailing Address 1  503 old Hartford Rd.        40. Gender
35. Mailing Address 2                              Male ☒      41. Date of Birth  5-9-85
36. City Hartford 37. State Al 38. Zip 36344  39. Phone (334) 583-2228    Female ☐  42. Nbr of Dependents
43. Marital Status                                                     44. Date Hired
   Unmarried (Single or Divorced or Widowed) ☒  Married ☐  Separated ☐  Unknown ☐
45. Occupation Description                                             46. Number of Days Worked Per Week
47. Wages $                                        49. Received Full Pay For Day of Injury?  Yes ☒  No ☐
48. Hourly ☐  Daily ☐  Weekly ☒  Bi-weekly ☐  Monthly ☐   50. Did Salary Continue?  Yes ☒  No ☐

51. Date of Injury  12/21/06   52. Time of Injury  10:30 ☒ p.m. ☐ unk ☐   53. Time Employee Began Work  8:00 a.m. ☒ p.m. ☐   54. Date Disability Began   55. Date of Death
PLACE OF ACCIDENT, INJURY, OR EXPOSURE
56. Site Address  Norfolk Ave. #201               61. Injury Occurred on Employer's Premises?  Yes ☐  No ☒
57. City Troy 58. State Al 59. Zip 36081 60. County Pike    62. Date Employer Notified  12/21/06
63. DESCRIBE WHAT THE EMPLOYEE WAS DOING JUST BEFORE THE INCIDENT AND HOW THE INJURY OCCURRED ( Ex. While climbing a ladder and carrying roofing materials, ladder slipped on wet floor causing worker to fall 20 feet )
   while cutting wood floor hand slipped into blade, cut three fingers on Table Saw, lost index finger middle fingers reattached on left hand.

**PROVIDE DESCRIPTION CODES** to identify Nature of Injury, Part of Body that was affected, and Cause of Injury.
(FOR COMPLETE LIST OF CODES, GO TO HTTP:// DIR.ALABAMA.GOV/WC)

| 64. Nature of Injury Code | 65. Part of Body Code | 66. Cause of Injury Code |
|---|---|---|

67. Initial Treatment
   No Medical Treatment ☐      First Aid By Employer ☐      68. Name of Treatment Facility  S.E.A.MC
   Minor Clinic / Hospital ☐   Emergency Room ☐             69. Address
   Hospitalized > 24 Hours ☐   Major medical/Lost time ☐    70. City   71. State   72. Zip
   Hospitalized Overnight ☐
73. Name of Physician or Other Health Care Professional  Dr. Moore   74. Has Injured Returned to Work  Yes ☐ No ☒   If so, 75. Date
                                                                                                                      76. Time  a.m. ☐ p.m. ☐

| 77. Date Prepared  1-3-06 | 78. Preparer's First Name  Randy | 79. Last Name  Landrum | 80. Title  Owner | 81. Preparer's Telephone Number  583-2228 |
|---|---|---|---|---|

02/01/2006

*Christina Nail 824*    CL-76

THE USE OF THIS FORM IS REQUIRED UNDER THE PROVISIONS OF ALABAMA WORKERS' COMPENSATION LAW

CS/44

WC Form 2
Rev. 1-93

**STATE OF ALABAMA**
**EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE**
OMBUDSMAN 1—800—528—5166
Send to: Your workers' compensation insurance carrier, in duplicate

Member no. (20597) DO DEC 28 2006

| | |
|---|---|
| 1. EMPLOYER'S NAME AND MAILING ADDRESS (As shown on Insurance Policy or S.I. Certificate) (No. & Street, City, County, State, ZIP)<br>Randy Landrum<br>503 Old Hartford Rd.<br>Hartford, Al. 36344<br>TELEPHONE NUMBER 334-588-2228 | LOCATION, IF DIFFERENT FROM MAILING ADDRESS |

Do Not Write In The Space Below

Employer U.C.
Carrier Number

| 2. EMPLOYER IDENTIFICATION (U. C. ACCOUNT) NUMBER | 3. CARRIER OR SELF-INSURANCE REGISTRATION NUMBER |
|---|---|

| 4. NATURE OF BUSINESS (Manufacturing, Trade, Transportation, etc.)<br>Installe Floor Covering | SPECIFIC PRODUCTS |
|---|---|

SIC
Carrier-Fund
Soc. Sec. No.

5. WORKERS' COMPENSATION PROVIDED BY: INSURANCE CARRIER ( ) SELF-INSURANCE ( ) GROUP FUND (X) IF INSURANCE CARRIER, GIVE NAME AND ADDRESS:
Construction Claims Management, Inc • P.O. BOX 244202, Montgomery, AL 36124-4202 • TPA #50092

| 6. EMPLOYEE'S NAME (Last) (First) (Middle)<br>Landrum Brandon David | 7. SEX MALE (X) FEMALE ( ) | 8. AGE 21 | 9. SOCIAL SECURITY NO. 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 |
|---|---|---|---|

Sex

| 10. EMPLOYEE'S HOME ADDRESS (No. & Street or RFD, City, County, State, ZIP)<br>503 Old Hartford Rd.<br>Hartford, Al. 36344 | 11. MARITAL STATUS: SINGLE (X) MARRIED ( ) DIVORCED ( ) SEPARATED ( ) WIDOWED ( ) |
|---|---|

Marital Status
Dependents

| 12. HOME TELEPHONE 334-588-2228 | 13. REGULAR OCCUPATION Floor Covering Installer | 14. WORKING IN WHAT DEPARTMENT WHEN HURT Hardwood |
|---|---|---|

Age

| 15. PLACE OF ACCIDENT OR EXPOSURE (Address or location, include County)<br>201 N. Norfolk Ave Troy Al. 36081 Pike | 16. ON EMPLOYER'S PREMISES? YES ( ) NO (X) |
|---|---|

Occupation
Event County

| 17. Date of Occurrence Dec 21,06 | 18. TIME OF DAY 10:30 a.m. (X) p.m. ( ) | 19. Date Disability Began | 20. Date Employer Notified Dec. 21,06 |
|---|---|---|---|

On Premises

21. DESCRIBE THE INJURY OR ILLNESS IN DETAIL AND INDICATE THE PART OF THE BODY AFFECTED. (E.g., amputation of right index finger at second joint, fracture of 2 ribs, lead poisoning, dermatitis of left hand, etc.)
Amputation of index finger on Left hand. middle and ring finger reattached

Event Date
Paid Day Injury

22. IF FATAL, GIVE DATE OF DEATH

Employer Knew

23. WHAT THING DIRECTLY PRODUCED THIS INJURY OR ILLNESS? (Name object struck against or struck by; vapor, poison, chemical or radiation; if strain or hernia, the thing being lifted, pulled, pushed, etc.; if injury resulted solely from bodily motion, the stretching, twisting, etc. which resulted in injury.)
Table Saw

Injury Source
Accident Type

24. HOW DID THE ACCIDENT OR EXPOSURE OCCUR? (Begin by telling what the employee was doing just before the accident or exposure. Be specific. If employee was using tools or equipment, or handling material, name them and tell what employee was doing with them.)
Cutting hardwood flooring

(Now describe fully the events which resulted in injury or illness. Tell what happened and how it happened. Specify what objects or substances were involved. Give full details of all factors which led to or contributed to the accident or exposure.)
Hand pulled into blade with wood

Nature of Injury
Part of Body
Date of Death
Stopped Work

| 25. NAME AND ADDRESS OF TREATING PRACTITIONER<br>Dr. Moore<br>S.E.A.6n.c<br>Dothan, Al. | NAME AND ADDRESS OF HOSPITAL<br>HOSPITALIZED (X)<br>OUT-PATIENT ( )<br>EMERGENCY TREATMENT (X)<br>Troy, Alabama |
|---|---|

Time Employed
Time in Job
Weekly Wage

| 26. Has Injured Returned to Work? Yes ( ) No (X) | 27. If so, Date | 28. At What Wage? | 29. At What Occupation? |
|---|---|---|---|

Report Date

| 30. LENGTH OF TIME IN YOUR EMPLOY? Years 2 Months 10 | 31. LENGTH OF TIME IN PRESENT JOB Years 2 Months 10 | 32. NUMBER OF DEPENDENTS |
|---|---|---|

Report Received
Back to Work

| 33. Average Weekly Wage #450 00 | 34. Weekly Value of Remuneration Other Than Wages (Food, Lodging, etc.) | 35. DID EMPLOYEE RECEIVE FULL PAY FOR DAY OF INJURY? YES ( ) NO ( ) |
|---|---|---|

Case Class

| 36. Date of This Report 12/27/06 | 37. Signed by R.L. | 38. Signature Randy E. Landrum | 39. Official Position or Title Owner |
|---|---|---|---|