**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRANDON LANDRUM,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.:1:08-cv-00140-WKW-TFM** |
| | * | |
| **DELTA INTERNATIONAL** | * | |
| **MACHINERY CORPORATION,** | * | |
| **LANDRUM INSTALLATION, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

### PLAINTIFF'S RESPONSE TO DEFENDANT DELTA INTERNATIONAL MACHINERY CORPORATION'S MOTION TO DISMISS

Comes Now the Plaintiff, Brandon Landrum, in the above matter, and in response to Defendant Delta International Machinery Corporation's Rule 12(b)(6) Motion to Dismiss, says as follows:

Federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 128 L. Ed. 2d 391, 114 S. Ct. 1673 (1994); Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994); Wymbs v. Republican State Executive Committee, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103, 80 L. Ed. 2d 131, 104 S. Ct. 1600 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See Kokkonen, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. See Burns, 31 F.3d at 1095.  Brooks v. Paulk & Cope, Inc., 176 F. Supp. 2d 1270, 1272-1273 (D. Ala. 2001)

A jurisdictional defect, unlike a procedural defect, **cannot be waived**. Elias v. Am. Nat'l Red Cross, 271 F. Supp. 2d 1370, 1373 (D. Ala. 2003) (emphasis added)

Statutes that limit federal jurisdiction are always strictly construed against the removing party, and there is no shame in a plaintiff's insistence on full and complete compliance with them by a defendant who wants to flee to federal court. Kisor v. Collins, 338 F. Supp. 2d 1279, 1281 (D. Ala. 2004)

> "[T]he trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits. Id. at 548-49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993).Id.

> "[T]he fraudulent joinder issue does not permit the court to examine the merits of the claim asserted against a non-diverse defendant beyond seeking to determine whether there is "a possibility" that a state court might find a valid claim to be stated. Johnson v. Wyeth, 2004 U.S. Dist. LEXIS 28773 (D. Ala. 2004)

Finally, **"[I]f a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so.** A federal court can only exercise that power granted to it by Article III of the Constitution and by the statutes enacted pursuant to Article III. Bender v. Williamsport, 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986); Marbury v. Madison, 5 U.S. 137, 1 Cranch 137, 173-80, 2 L. Ed. 60 (1803); see also Willy v. Coastal Corp., 503 U.S. 131, 137, 117 L. Ed. 2d 280, 112 S. Ct. 1076 (1992) v. Coastal Corp., 503 U.S. 131, 137, 117 L. Ed. 2d 280, 112 S. Ct. 1076 (1992) (noting that **"[a] final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it.").** Ray v.

<u>Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.), 132 F.3d 152, 155 (3d Cir.</u>

<u>1997). (emphasis added.)</u>

Plaintiff adopts and incorporates by reference each and every argument in favor of remand of this case as set forth in Plaintiff's Motion to Remand, as if set forth herein in full. For the reasons set forth therein, Plaintiff expressly contests jurisdiction of this court to hear this action, or any motions filed by Delta herein. Further, by responding to Defendant Delta's Motion to Dismiss, Plaintiff is not waiving any argument against jurisdiction of this Court, and is expressly not engaging in any affirmative conduct or unequivocal assent to jurisdiction of this Court. Indeed, Plaintiff contends this Court lacks jurisdiction to hear any part of this case, and certainly lacks the requisite jurisdiction to entertain substantive motions such as Motions to Dismiss this action in its entirety or any part thereof. Defendant Delta has removed this action to this court improperly, and subsequently filed this pending Motion to Dismiss. Delta's Motion to Dismiss cannot be addressed until this Court is satisfied it has jurisdiction to hear this case.

Notwithstanding, and again expressly without waiving Plaintiff's jurisdictional challenges, for the reasons set forth below, should this court entertain Delta's motion to dismiss, Delta's motion is due to be denied.

## **<u>OVERVIEW</u>**

This case arises out of an on the job accident on December 21, 2006, when Plaintiff Brandon Landrum suffered traumatic injuries and amputations to his index, middle, and ring fingers on his left hand. Plaintiff has brought suit alleging claims pursuant to the Alabama Extended Manufacturers Liability Doctrine (AEMLD), as well as claims for negligence, wantonness, and for workers compensation.

Defendant Delta International Machinery Corporation ("Delta") has moved to dismiss Plaintiff's Complaint pursuant to <u>Federal Rules of Civil Procedure</u> Rule 12(b)(6) arguing that Plaintiff's Complaint is barred by the applicable statute of limitations.  Delta relies entirely on an obvious typographical error in Plaintiff's complaint resulting in the appearance of two conflicting dates as the date in issue in his case.

Through inadvertence, oversight and neglect, as a result of using a form Complaint from prior unrelated litigation, an incorrect date was left unchanged in paragraph thirty (30) of the Complaint.  The correct date of Plaintiff's accident was December 21, **2006**.  The subject Complaint in this action was filed on December 21, **2007**, well within Plaintiff's two (2) year statute of limitations.  While the typographical mistake is an unfortunate error, it should not result in the dismissal of Plaintiff's claims herein.  Indeed, Rule 1 of the <u>Federal Rules of Civil Procedure</u> establishes that the Rules of Civil Procedure are to be "administered to secure the **just**, speedy and inexpensive determination of every action." Id.  To dismiss this action based on an obvious typographical error is certainly not "just".

Paragraph eight (8) of Plaintiff's Complaint, sets forth the date in issue in the Complaint as December 21, 2006, whereas later in paragraph thirty (30) of Plaintiff's Complaint, September 8, 2005[1], is referenced.   In subsequent paragraphs and Counts, Plaintiff's complaint "adopts and incorporates" all previous paragraphs, including paragraph eight (8) and thereby December 21, 2006, as the correct date of Plaintiffs accident in issue in this Complaint.  Likewise, paragraphs twenty-seven (27) and thirty (30) read:

> "27.   <u>**At the aforementioned times and places**</u>, Defendants Delta and
> Fictitious Defendants 1 through 15 negligently, recklessly, wantonly, and/or
> willfully acted in such a manner, or failed to act, so as to cause injuries to

---

[1] September 8, 2005, was the date of an accident unrelated to the present action.  Counsel for Plaintiff used a sample stock complaint from prior litigation as a form to prepare the Complaint in this action, and failed to correct the date to read December 21, 2006.

Plaintiff Brandon Landrum as set forth in Paragraph 16 hereinabove." (emphasis added)

"30.    **At the above stated times and places**, on or about September 8, 2005, the Plaintiff was injured while working in the line and course of [his] employment with said Defendant Landrum Installation." (emphasis added)

Through paragraph twenty-seven (27) and paragraph (30), the *only* date referenced in the subject complaint that would qualify as "aforementioned times" or "above stated times" was December 21, 2006. As such, and also as a result of the "incorporation by reference" language into each of the paragraphs and counts of Plaintiff's Complaint, the only reasonable conclusion from a reading of Plaintiff's complaint of the date in issue in this case, and the date of Plaintiff's accident, is December 21, 2006. At a minimum, however, as a result of the confusion caused by the incorrect date set forth in paragraph thirty (30), there are competing dates attributed to Plaintiff's date of accident.

The issue to be resolved by this Court is whether the defense of the statute of limitations is apparent on the face of Plaintiff's Complaint, and whether the defense clearly appears on the face of the complaint. The unfortunate existence of conflicting dates in Plaintiff's Complaint in issue prevents such a finding.

As this Court is aware, "[a] motion to dismiss under Fed. R. Civ. P. 12(b)(6) based upon the statute of limitations may be granted, **however, only where it is apparent upon the face of the complaint that the action is untimely**. AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982) Corp. v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982). Griffiths v. Blue Cross & Blue Shield, 147 F. Supp. 2d 1203, 1221 (D. Ala. 2001).

Further, [t]he existence of an affirmative defense will not support a motion to dismiss. Nevertheless, a complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) when its own allegations indicate the existence of an affirmative defense, **so long as the defense clearly appears on the face of the complaint.**  Quiller v. Barclays American/Credit, 727 F.2d 1067 (11th Cir. 1984)

Delta's defense of the statute of limitations is not apparent upon the face of the complaint, and does not clearly appear from the face of Plaintiff's Complaint.  To the contrary, at a minimum, there are conflicting dates set forth as the dates made the basis of Plaintiff's Complaint: December 21, 2006, and September 8, 2005.  December 21, 2006, is set forth in paragraph eight (8), and is incorporated by reference into each subsequent count in the Complaint, including the Count for Workers Compensation through the incorporation language set forth in paragraph 29.  Again, in paragraphs twenty-seven (27) and thirty (30), December 21, 2006, is the only "aforementioned" or "above stated" time.  Any reasonable reading of Plaintiff's Complaint contemplates the unfortunate typographical error, As such, Defendant's Motion to Dismiss based on a 12(b)(6) motion cannot be granted since the defense is not apparent on the face of the complaint, and does not clearly appear on the face of the complaint.

Additionally, Plaintiff Brandon Landrum has filed contemporaneously herewith a Motion for Leave to Amend his Complaint.  Rule 15 of the Federal rules of Civil Procedure provides that a party may amend pleadings "by leave of court…..and **leave shall be freely given** when justice so requires."  Id. (emphasis added)  Should leave be granted in this matter, and Plaintiff's Complaint Amended, Defendants Motion to Dismiss would become moot.

WHEREFORE, Plaintiff Brandon Landrum Moves upon this Court to enter and order DENYING Defendant Delta's Motion to Dismiss.

Respectfully submitted this the  19th  day of March, 2008.

**MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS, LLC**


/s/ S. Mark Andrews
S. Mark Andrews (AND063)
Attorney for Plaintiff
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420


## CERTIFICATE OF SERVICE

I hereby certify that I on this, the 19th day of March, 2008, mailed a copy of the foregoing document, properly addressed and postage prepaid to the following:

Joseph P.H. Babington
Annie J. Dike
Helmsing, Leach, Herlong,
    Newman & Rouse
P.O. Box 2767
Mobile, AL 36652


/s/ S. Mark Andrews
S. Mark Andrews        (AND063)

# Exhibit "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRANDON LANDRUM,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.:1:08-cv-00140-WKW-TFM** |
| | * | |
| **DELTA INTERNATIONAL** | * | |
| **MACHINERY CORPORATION,** | * | |
| **LANDRUM INSTALLATION, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

<u>**AFFIDAVIT OF BRANDON LANDRUM**</u>

**STATE OF ALABAMA**      )
**COUNTY OF HOUSTON**    )

Before me, the undersigned, personally appeared Brandon Landrum who being first duly sworn, deposes and says as follows:

My name is Brandon Landrum. I am over the age of 21 and I have personal knowledge of all the facts and circumstances stated herein. I am a resident and citizen of Geneva County, Alabama.

I was injured on December 21, 2006 while operating a Delta portable bench saw. On the date of my accident, December 21, 2006, I was employed by Landrum Installation. Landrum Installation was and is owned by my father, Randy Landrum. My employer, Randy Landrum, operated under the trade name Landrum Installation. The attached Employer's First Report of Injury correctly sets forth that my employer was Landrum Installation and Randy Landrum, doing business as Landrum Installation. The attached First Report of Injury reflects the correct date of my accident of December 21, 2006. Landrum Installation was in the business of performing flooring

installation work oftentimes as a subcontractor through Enterprise Wholesale, which is located in Coffee County, Alabama.

On the date of my accident, December 21, 2006, my father Randy Landrum was a resident and citizen of Geneva County, Alabama.

FURTHER AFFIANT SAYETH NOT.

_____
Brandon Landrum

**STATE OF ALABAMA** )
**COUNTY OF HOUSTON** )

Before me, in and for said county, in said state, personally appeared Brandon Landrum, whose name is signed to the foregoing Affidavit and who is made known to me and who, being first duly sworn and deposed, says that she has knowledge of the facts stated in the foregoing Affidavit, and that said facts as therein stated are true and correct.

Sworn to and subscribed before me on this the ___19th___ day of March, 2008.

_____
Notary Public
My Commission Expires: __6|29|09__

(SEAL)

FROM :GENEVA TC                          FAX NO. :13346842202           Jan. 05 2007 12:07PM P3

THE USE OF THIS FORM IS REQUIRED UNDER THE PROVISIONS OF THE ALABAMA WORKERS'S COMPENSATION LAW

WCC Form 2
Rev. 9/2006

## STATE OF ALABAMA        CS/O 06-20597-294824
### EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE
#### Ombudsman 1-800-528-5166

| 1. Insured Report Number | 2. Filing Office Claim Number | 3. OSHA Log Case Number |
|---|---|---|
| | | |

4 Employer Business Name  Landrum Installation   ADDRESS, IF LOCATION DIFFERENT FROM BUSINESS ADDRESS
5. Physical Address 1  503 old Hartford Rd.       10. Mailing Address 1
6. Physical Address 2                              11. Mailing Address 2 or Telephone Number
7. City Hartford  8. State Al 9. Zip 36344         12. City     13. State    14. Zip

| 15. Federal ID Number | 16. U.C. Account Number | 17. NAICS |
|---|---|---|
| | | |

18. Insurer Name  Alabama Home Builders S.I.F.          21. Filing Office Name  Construction Claims Management
19. Insurer Federal ID Number 63-0887677               21a. Service Co. #50092
20. Type Insurer  ☐ Insurance Co.  Ins Co #            22. Mailing Address 1 P. O. Box 244202
                  ☐ Self-Insurer    SI #               23. Mailing Address 2 or Telephone Number 334-834-0283 or 800-372-1801
                  ☒ Group Fund      GF # 12            24. City Montgomery 25. State AL 26. Zip 36124
                                                       27. Filing Office Federal ID Number  63-1103048

28. First Name  Brandon                                32. Employee ID Number  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
29. Middle Name  David Edward                          33. Type Employee ID Number
30. Last Name  Landrum                                 SSN ☒  Passport Number ☐  Green Card ☐
31. Last Name Suffix (ie Jr., Sr., III)                Employment Visa ☐  Assigned by Jurisdiction ☐

34. Mailing Address 1  503 old Hartford Rd.            40. Gender
35. Mailing Address 2                                     Male ☒        41. Date of Birth  5-9-85
36. City Hartford  37. State Al 38. Zip 36344 39. Phone (334) 583-2228    Female ☐   42. Nbr of Dependents  1
43. Marital Status                                                          44 Date Hired
    Unmarried (Single or Divorced or Widowed) ☒   Married ☐  Separated ☐  Unknown ☐
45. Occupation Description                                                   46. Number of Days Worked Per Week
47. Wages $                                            49. Received Full Pay For Day of Injury?  Yes ☒  No ☐
48. Hourly ☐  Daily ☐  Weekly ☐  Bi-weekly ☒  Monthly ☐  50. Did Salary Continue?  Yes ☒  No ☐

| 51. Date of Injury | 52. Time of Injury | 53. Time Employee Began Work | 54. Date Disability Began | 55. Date of Death |
|---|---|---|---|---|
| 12/21/06 | 10:30 am ☒ p.m. ☐ unk ☐ | 8:00 a.m. ☒ p.m. ☐ | | |

PLACE OF ACCIDENT, INJURY, OR EXPOSURE                    61 Injury Occurred on Employer's Premises?
56. Site Address  Norfolk Ave. #201                          Yes ☐  No ☒
57. City Troy  58. State Al  59. Zip 36081 60. County Pike   62. Date Employer Notified  12/21/06

63 DESCRIBE WHAT THE EMPLOYEE WAS DOING JUST BEFORE THE INCIDENT AND HOW THE INJURY OCCURRED ( Ex: While
climbing a ladder and carrying roofing materials, ladder slipped on wet floor causing worker to fall 20 feet.)
while cutting wood floor hand slipped into blade, cut three fingers on Table Saw. Lost index finger middle fingers reattached on Left hand.

PROVIDE DESCRIPTION CODES to identify Nature of Injury, Part of Body that was affected, and Cause of Injury.
(FOR COMPLETE LIST OF CODES, GO TO HTTP:// DIR.ALABAMA.GOV/WC)

| 64. Nature of Injury Code | 65. Part of Body Code | 66. Cause of Injury Code |
|---|---|---|
| | | |

67. Initial Treatment
    No Medical Treatment ☐    First Aid By Employer ☐      68. Name of Treatment Facility  S.E.A.M.C
    Minor Clinic / Hospital ☐  Emergency Room ☒            69. Address
    Hospitalized > 24 Hours ☐  Major medical/Lost time ☐   70. City    71. State    72. Zip
    Hospitalized Overnight ☐

| 73. Name of Physician or Other Health Care Professional  Dr. Moore | 74. Has Injured Returned to Work  Yes ☐ No ☒ | If so, 75. Date  76. Time  a.m.☐ p.m.☐ |
|---|---|---|

| 77. Date Prepared | 78. Preparer's First Name | 79. Last Name | 80. Title | 81. Preparer's Telephone Number |
|---|---|---|---|---|
| 1-3-06 | Randy | Landrum | Owner | 588-2228 |

02/01/2006

*Christi* 26448824          CL-76

THE USE OF THIS FORM IS REQUIRED UNDER THE PROVISIONS OF ALABAMA WORKERS' COMPENSATION LAW    CS/44

**STATE OF ALABAMA**

WC Form 2
Rev. 1-93

**EMPLOYER'S FIRST REPORT OF INJURY OR OCCUPATIONAL DISEASE**

OMBUDSMAN 1-800-528-5166

Send to: Your workers' compensation insurance carrier, in duplicate

PRINT OR TYPE **Member no. 20597 · DO** DEC 28 2006

| 1. EMPLOYER'S NAME AND MAILING ADDRESS (As shown on your Insurance Policy or S. I. Certificate) (No. & Street, City, County, State, ZIP) | LOCATION, IF DIFFERENT FROM MAILING ADDRESS | Do Not Write In The Space Below |
|---|---|---|
| Randy Landrum 503 Old Hartford Rd. Hartford, Al. 36344 TELEPHONE NUMBER 334·588·2228 | | Employer U. C. |
| 2. EMPLOYER IDENTIFICATION (U. C. ACCOUNT) NUMBER | 3. CARRIER OR SELF-INSURANCE REGISTRATION NUMBER | Carrier Number |
| 4. NATURE OF BUSINESS (Manufacturing, Trade, Transportation, etc.) Installs Floor Covering | SPECIFIC PRODUCTS | SIC |
| 5. WORKERS' COMPENSATION PROVIDED BY: INSURANCE CARRIER ( ) SELF-INSURANCE ( ) GROUP FUND (X) IF INSURANCE CARRIER, GIVE NAME AND ADDRESS: Construction Claims Management, Inc · P.O. BOX 244202, Montgomery, AL 36124-4202 · TPA #50092 | | Carrier-Fund / Soc. Sec. No. |

| 6. EMPLOYEE'S NAME (Last) (First) (Middle) Landrum Brandon David | 7. SEX MALE (X) FEMALE ( ) | 8. AGE 21 | 9. SOCIAL SECURITY NO. 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 | Sex |
|---|---|---|---|---|
| 10. EMPLOYEE'S HOME ADDRESS (No. & Street or RFD, City, County, State,ZIP) 503 Old Hartford Rd. Hartford, Al. 36344 | 11. MARITAL STATUS: SINGLE (X) MARRIED ( ) DIVORCED ( ) SEPARATED ( ) WIDOWED ( ) | | | Marital Status / Dependents |
| 12. HOME TELEPHONE 334·588·2228 | 13. REGULAR OCCUPATION Floor Covering Installer | 14. WORKING IN WHAT DEPARTMENT WHEN HURT Hardwood | | Age |

| 15. PLACE OF ACCIDENT OR EXPOSURE (Address or location, include County) 201 N. Norfolk Ave Troy Al. 36081 Pike | 16. ON EMPLOYER'S PREMISES? YES ( ) NO (X) | Occupation |
|---|---|---|

| 17. Date of Occurrence Dec. 21, 06 | 18. TIME OF DAY 10 30 a.m. (X) | 19. Date Disability Began | 20. Date Employer Notified Dec. 21, 06 | Event County / On Premises |
|---|---|---|---|---|

21. DESCRIBE THE INJURY OR ILLNESS IN DETAIL AND INDICATE THE PART OF THE BODY AFFECTED. (E.g., amputation of right index finger at second joint, fracture of 2 ribs, lead poisoning, dermatitis of left hand, etc.)    Amputation of index finger on left hand. middle and ring finger reattached

22. IF FATAL, GIVE DATE OF DEATH

23. WHAT THING DIRECTLY PRODUCED THIS INJURY OR ILLNESS? (Name object struck against or struck by; vapor, poison, chemical or radiation; if strain or hernia, the thing being lifted, pulled, pushed, etc.; if injury resulted solely from bodily motion, the stretching, twisting, etc. which resulted in injury.)    Table Saw

24. HOW DID THE ACCIDENT OR EXPOSURE OCCUR? (Begin by telling what the employee was doing just before the accident or exposure. Be specific. If employee was using tools or equipment, or handling material, name them and tell what employee was doing with them.)    Cutting hardwood flooring

(Now describe fully the events which resulted in injury or illness. Tell what happened and how it happened. Specify what objects or substances were involved. Give full details of all factors which led to or contributed to the accident or exposure.)    Hand pulled into blade with wood

| 25. NAME AND ADDRESS OF TREATING PRACTITIONER Dr. Moore S.E.A. En.c Dothan, Al. | NAME AND ADDRESS OF HOSPITAL HOSPITALIZED (X) OUT-PATIENT EMERGENCY (X) TREATMENT    Troy, Alabama |
|---|---|

| 26. Has Injured Returned to Work? Yes ( ) No (X) | 27. If so, Date | 28. At What Wage? | 29. At What Occupation? |
|---|---|---|---|
| 30. LENGTH OF TIME IN YOUR EMPLOY? Years 2 Months 10 | | 31. LENGTH OF TIME IN PRESENT JOB Years 2 Months 10 | 32. NUMBER OF DEPENDENTS |
| 33. Average Weekly Wage #450 00 | 34. Weekly Value of Remuneration Other Than Wages (Food, Lodging, etc.) | 35. DID EMPLOYEE RECEIVE FULL PAY FOR DAY OF INJURY? YES ( ) NO ( ) | |

| 36. Date of This Report 12/27/06 | 37. Signed by R.L. | 38. Signature Randy E. Landrum | 39. Official Position or Title Owner |
|---|---|---|---|

Side column labels: Employer U. C. / Carrier Number / SIC / Carrier-Fund / Soc. Sec. No. / Sex / Marital Status / Dependents / Age / Occupation / Event County / On Premises / Event Date / Paid Day Injury / Employer Knew / Injury Source / Accident Type / Nature of Injury / Part of Body / Date of Death / Stopped Work / Time Employed / Time in Job / Weekly Wage / Report Date / Report Received / Back to Work / Case Class