**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRANDON LANDRUM,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.:1:08-cv-00140-WKW-** |
| **TFM** | | |
| | * | |
| **DELTA INTERNATIONAL** | * | |
| **MACHINERY CORPORATION,** | * | |
| **LANDRUM INSTALLATION, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF BRANDON LANDRUM'S MOTION FOR LEAVE TO AMEND**
**PLAINTIFF'S COMPLAINT**

Comes now the Plaintiff in the above matter and, pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby moves upon this court for leave to amend his complaint saying as follows:

In filing this Motion for Leave to Amend, Plaintiff adopts and incorporates by reference each and every argument in favor of remand of this case as set forth in Plaintiff's Motion to Remand, as if set forth herein in full. For the reasons set forth therein, Plaintiff expressly contests jurisdiction of this court to hear this action, or any motions filed by Delta herein. Further, by filing this Motion for Leave to Amend Plaintiff's Complaint Plaintiff is not waiving any argument against jurisdiction of this Court, and is expressly not engaging in any affirmative conduct or unequivocal assent to jurisdiction of this Court. Indeed, Plaintiff contends this Court lacks jurisdiction to hear any part of this case, and certainly lacks the requisite jurisdiction to entertain substantive motions including specifically the Motion to Dismiss this action in its entirety or any part thereof.

Notwithstanding, and again expressly without waiving Plaintiff's jurisdictional challenges, for the reasons set forth below, in should this court deem it appropriate Plaintiff moves for Leave to Amend his Complaint saying as follows:

Plaintiff filed this action originally in State Court on December 21, 2007.  This action was removed to this Court on February 25, 2008.

At the time the subject Complaint was drafted, through inadvertence, oversight, and excusable neglect by Counsel for Plaintiff Brandon Landrum, conflicting dates were set forth in the complaint as the dates in issue in this litigation.  Counsel for Plaintiff used a stock form complaint from which to draft the subject Complaint in issue in this case, and in an effort to correct typographical errors and to clarify the date of Plaintiff's accident made the basis of this lawsuit, Plaintiff moves upon this Court for leave to amend the Complaint. While the complaint sets forth conflicting dates as the dates in issue in this litigation, as evidenced by the attached Employers First Report of Injury prepared by Plaintiff's employer in this case, Plaintiff's accident occurred on December 21, 2006.

Rule 15 of the Federal rules of Civil Procedure provides that a party may amend pleadings "by leave of court…..and **leave shall be freely given** when justice so requires." Id. (emphasis added)  Leave should clearly be given in this case since Plaintiff seeks amend his complaint so as to clarify the date of Plaintiff's accident made the basis of this lawsuit, and to correct other overlooked typographical errors.  Plaintiff has attached hereto the proposed Amended Complaint as Exhibit "A".

This 19th day of March, 2008.

**MORRIS, CARY, ANDREWS,**
**TALMADGE & DRIGGERS, LLC**


/s/ S. Mark Andrews_____
S. Mark Andrews (AND063)
Attorney for Plaintiff
Post Office Box 1649
Dothan, Alabama 36302
(334) 792-1420

## CERTIFICATE OF SERVICE

I hereby certify that I on this, the 19th day of March, 2008, mailed a copy of the foregoing document, properly addressed and postage prepaid to the following:

Joseph P.H. Babington
Annie J. Dike
Helmsing, Leach, Herlong,
   Newman & Rouse
P.O. Box 2767
Mobile, AL 36652

/s/ S. Mark Andrews_____
S. Mark Andrews       (AND063)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANDON LANDRUM, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.:1:08-cv-00140-WKW-TFM |
| | * | |
| DELTA INTERNATIONAL | * | |
| MACHINERY CORPORATION, | * | |
| LANDRUM INSTALLATION, et al., | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

## STATEMENT OF THE PARTIES

1.      Plaintiff, Brandon Landrum, is over the age of nineteen (19) years and is a resident citizen of Geneva County, Hartford, Alabama.

2.      Defendant Delta International Machinery Corporation, (hereinafter referred to as "Delta" or "Delta Machinery") is, upon information and belief, a foreign corporation, with its principle place of business in Jackson, Tennessee, and was doing business at all times material hereto in Alabama.

3.      Defendant Randy Landrum, doing business as Landrum Installation, upon information and belief, was Plaintiff's employer on the date of the accident made the basis of this lawsuit, December 21, 2006, and operated a flooring business, and was at all times material to this action doing business in Alabama.

4.      Fictitious Defendants 1, 2, 3, 4, 5 are those persons, corporations, or other legal entities who or which manufactured, sold, designed or participated in the design of the Delta saw machine manufactured by Defendant Delta, which is the subject matter of this lawsuit.

1

5.      Fictitious Defendant 6, 7, 8, 9, 10 are those persons, corporations, or other legal entities who had responsibility for maintenance or repair of the Delta saw machine manufactured by Defendant Delta which is the subject matter of this lawsuit.

6.      Fictitious Defendants 11, 12, 13, 14, 15, are those persons, corporations, or other legal entities whose negligence, willfulness, wantonness, or other wrongful conduct caused the injury to Plaintiff.

7.      Throughout this Complaint, the term "Defendants" shall include Defendants Delta International Machinery Corporation, Landrum Installation and Fictitious Defendants 1 through 15, unless otherwise stated.

## STATEMENT OF THE FACTS

8.      On or about December 21, 2006, Plaintiff Brandon Landrum was an employee of Landrum Installation, and/or an employee of Randy Landrum d/b/a Landrum Installation, in Geneva County, Alabama, and suffered injuries made the basis of this lawsuit.

9.      On December 21, 2006, the date of Plaintiff's injury made the basis of this lawsuit, Plaintiff was engaged in his normal job duties operating a Delta TS200LS 10" portable Bench Saw machine (hereafter "the machine", "saw machine" or "subject machine").

10.     The Delta saw machine was designed, engineered, manufactured and marketed by Defendants Delta International Machinery Corporation.

11.     Prior to Plaintiff's accident, the guard for the subject saw machine had become broken, or was otherwise ineffective as a result of normal use of the saw machine. While operating the Delta saw machine on December 21, 2006, Plaintiff's hand slipped and was caused to make contact with the unguarded and exposed saw blade. As a result, Plaintiff suffered severe injuries resulting in the traumatic amputation and injuries to three fingers, and injuries and damages to other

2

portions of his hand.

**COUNT ONE**
**(Alabama Extended Manufacturer's Liability Doctrine)**

12.    Plaintiff re-alleges the allegations of all previous paragraphs of the Complaint as if

set out here in full.

13.    At the aforementioned times and places, and specifically on the date of Plaintiffs

accident, December 21, 2006, Defendants Delta and Fictitious Defendants 1 through 15 designed,

manufactured, sold, or distributed the Delta saw machine which is the subject matter of this lawsuit.

14.    The Delta saw machine as manufactured, designed, sold and distributed by

Defendants Delta and Fictitious Defendants 1 through 15 was unreasonably dangerous and

defective in that it created an unreasonable risk of serious injury to the expected or intended users.

15.    The subject machine was unreasonably dangerous by design, manufacture, and

warnings that accompanied it.

16.    As a proximate consequence of the defective nature of the subject machine, Plaintiff

Brandon Landrum was seriously injured when his hand became caught in the machine, and he

suffered severe and permanent injuries.  He was caused to be hospitalized; he was caused to

undergo surgery and will be required to undergo surgery in the future; he was caused to suffer

severe mental and physical pain and will do so in the future; he is permanently disabled; he is

permanently scarred and disfigured; he has incurred substantial medical expenses and will do so in

the future; he has lost earnings and will continue to do so into the future and has lost his earning

capacity; he has lost the enjoyment of life and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against Defendant Delta

and Fictitious Defendants 1 through 15 for compensatory and punitive damages as a jury may

award, plus the cost of this action.

## COUNT TWO
### (Negligence)

17.    Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

18.    At the aforementioned times and places, and specifically on the date of Plaintiffs accident, December 21, 2006, Defendants Delta and Fictitious Defendants 1 through 15 negligently designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject saw machine in a defective or unreasonably dangerous condition.

19.    At the aforementioned times and places, and specifically on the date of Plaintiffs accident, December 21, 2006, Defendants Delta and Fictitious Defendants 1 through 15 negligently failed to warn of the potential hazard associated with the use of its product and negligently failed to issue a notice of the hazard or recall regarding the hazard.

20.    As a proximate consequence of the negligence of Defendant Delta and Fictitious Defendants 1 through 15, Plaintiff Brandon Landrum was injured as alleged in paragraph 16 above.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against Defendant Delta and Fictitious Defendants 1 through 15 in such an amount of compensatory damages as a jury may award, plus the cost of this action.

## COUNT THREE
### (Wantonness)

21.    Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

22.    At the aforementioned times and places, and specifically on the date of Plaintiffs accident, December 21, 2006, Defendants Delta and Fictitious Defendants 1 through 15 wantonly

designed, manufactured, sold, leased, inspected, maintained and/or repaired the subject saw machine in a defective or unreasonably dangerous condition.

23.    At the aforementioned times and places, and specifically on the date of Plaintiffs accident, December 21, 2006, Defendants Delta and Fictitious Defendants 1 through 15 knew or should have known that failing to design a reasonably safe product could result in severe injury to expected or intended users.

24.    At the aforementioned times and places, and specifically on the date of Plaintiffs accident, December 21, 2006, Defendants Delta and Fictitious Defendants 1 through 15 wantonly failed to warn of the potential hazard associated with use of its product and failed to issue a notice of the hazard or recall regarding the hazard.

25.    As a proximate consequence of the wantonness of Defendants Delta and Fictitious Defendants 1 through 15, Plaintiff Brandon Landrum was injured as alleged in paragraph 16 above.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against said Defendants Delta and Fictitious Defendants 1 through 15 in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT FOUR

26.    Plaintiff realleges the allegations of all previous paragraphs of the Complaint as if set out here in full.

27.    At the aforementioned times and places, and specifically on the date of Plaintiffs accident, December 21, 2006, Defendants Delta and Fictitious Defendants 1 through 15 negligently, recklessly, wantonly, and/or willfully acted in such a manner, or failed to act, so as to cause injuries to Plaintiff Brandon Landrum as set forth in Paragraph 16 hereinabove.

28.    As a proximate consequence of the negligent, reckless, wanton, and willful actions

and/or omissions of said Defendants Delta and Fictitious Defendants 1 through 15 Plaintiff Brandon Landrum suffered injuries as set forth in paragraph 16 hereinabove.

WHEREFORE, Plaintiff Brandon Landrum demands judgment against Defendants Delta and Fictitious Defendants 1 through 15 in such an amount of compensatory and punitive damages as a jury may award, plus the cost of this action.

## COUNT FIVE
### (Complaint for Worker's Compensation Benefits)

29.    Plaintiff adopts and incorporates the foregoing paragraphs as if set forth herein again in full.

30.    At the above stated times and places, on or about December 21, 2006, the Plaintiff was injured while working in the line and course of his employment with said Defendant Randy Landrum, doing business as, Landrum Installation.

31.    The Plaintiff notified his immediate supervisor of the above-referenced injury.

32.    At the time of said accident, Plaintiff's average weekly wage was approximately $500.00.

33.    The Defendants were given timely and actual notice of said accident within the time specified by the Workers' Compensation Act of the State of Alabama.

34.    Said notice connected the Plaintiff's work activity with his injury and thereby placed the Defendant on reasonable notice to investigate further.

35.    As a proximate result of said accident, the Plaintiff suffered personal injury and damage, including, but not limited to his hand.

36.    Subsequent to said injury the Plaintiff was caused to obtain medical treatment for his injury and she now suffers a permanent disability.

37.    The Plaintiff and Defendant Randy Landrum, doing business as, Landrum

Installation are subject to the *Alabama Workers' Compensation Act.*

WHEREFORE, the Plaintiff demands judgment against the Defendant Landrum Installation

for the following:

a.    Payment of medical expenses reasonably incurred as a result of the work-related

injury;

b.    Damages for permanent disability as allowed by the *Alabama Worker's*

*Compensation Act* and applicable case law;

c.    Costs of this action, including, but not limited to, filing fees, deposition expenses,

reasonable and necessary investigation expenses, and any expert fees; and

d.    Such other relief as the Plaintiff may be entitled to under the circumstances.

I, Brandon Landrum, Plaintiff, sign my name to this complaint for worker's compensation

benefits on this the 19th day of March, 2008, and being first duly sworn, do hereby declare

that I have read and understand the foregoing and hereby acknowledge that the contents of the

same are true and correct to the best of my knowledge, information and belief.

BRANDON LANDRUM

**STATE OF ALABAMA**          )
**COUNTY OF HOUSTON**      )

The undersigned authority, a Notary Public in and for said County and State, hereby certify
that BRANDON LANDRUM, whose name is signed to the foregoing instrument and who is
known to me, acknowledged before me on this day that, being first duly informed of the contents of
said instrument, he executed the same voluntarily on the date the same bears date.
    Given under my hand and seal on this 9th day of March, 2008.

Notary Public
My Commission Expires: 6/29/09

(SEAL)

7

Dated this ___ day of _____, 2008.

_____
**S. Mark Andrews (AND063)**
Attorney for Plaintiff
MORRIS, CARY, ANDREWS,
TALMADGE & DRIGGERS
P.O. Box 1649
Dothan, Alabama  36302
(334) 792-1420

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL

**DEFENDANTS MAY BE SERVED VIA U.S. CERTIFIED MAIL:**

**RANDY LANDRUM**
**d/b/a LANDRUM INSTALLATION**
**503 Old Hartford Rd.**
**Hartford, AL 36344**

## CERTIFICATE OF SERVICE

I hereby certify that I on this, the _____ day of March, 2008, mailed a copy of the foregoing document, properly addressed and postage prepaid to the following:

Joseph P.H. Babington
Annie J. Dike
Helmsing, Leach, Herlong,
   Newman & Rouse
P.O. Box 2767
Mobile, AL 36652

_____
S. Mark Andrews      (AND063)