**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **BRANDON LANDRUM,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | *    **Case Number:  1:08-CV-140-WKW** |
| | * |
| **DELTA INTERNATIONAL** | * |
| **MACHINERY CORPORATION,** | * |
| **LANDRUM INSTALLATION, and** | * |
| **DEFENDANTS 1-15,** | * |
| | * |
| **Defendants.** | * |

**DEFENDANT DELTA MACHINERY'S *AMENDED* (1) RESPONSE TO PLAINTIFF'S
MOTION TO REMAND AND PLAINTIFF'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT AND (2) MOTION TO SEVER AND REMAND
PLAINTIFF'S CLAIM AGAINST RANDY LANDRUM**

Defendant Delta International Machinery Corporation ("Delta Machinery") files this
Amended (1) Response to Plaintiff's Motion to Remand and Plaintiff's Motion for Leave to File
Amended Complaint and (2) Delta Machinery's Motion to Sever and Remand Plaintiff's claim
against Randy Landrum.

**INTRODUCTION**

In its Removal Notice, Delta Machinery established this Court has diversity jurisdiction over
Plaintiff's claims against Delta Machinery.  Plaintiff failed to state a claim against the only resident
defendant named in the original complaint defendant because that defendant, "Landrum Installation,
a corporation formed under the laws of Alabama," does not exist and cannot be sued under Alabama
law.  Plaintiff also fraudulently joined Landrum Installation, an Alabama corporation, by
fraudulently pleading jurisdictional facts and by asserting claims against it as to which there is no
possibility of recovery.  Delta Machinery, as the only properly-named defendant, rightly removed
this case based on diversity jurisdiction.

Delta Machinery has also established by a preponderance of the evidence that the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff has claimed personal injury and medical damages for treatment of the traumatic amputation of three of his fingers, the permanent loss of his left index finger, surgeries performed to reattach two fingers, ongoing medical expenses, including cost of future surgery, loss of his earning capacity, and loss of enjoyment of life. Based on these allegations and numerous Alabama jury verdicts awarding verdicts in excess of $75,000 on similar allegations, Delta Machinery has met its burden of proof by establishing Plaintiff's damages exceed $75,000.

Because Plaintiff fraudulently joined the (non-existent) resident defendant and because his damages exceed $75,000, Delta Machinery established diversity jurisdiction over Plaintiff's claims against it. Once jurisdiction is established, this Court does not have discretion to remand Plaintiff's claims against Delta Machinery.

Should the Court find that Plaintiff is able to remedy his fatally defective claim against the non-existent resident defendant by amending the allegations of his original complaint after removal, Plaintiff's worker's compensation claim against his father and employer Randy E. Landrum doing business as Landrum Installation ("Randy Landrum") is due to be severed and remanded while this court retains jurisdiction over Plaintiff's product liability claims against Delta Machinery. The Eleventh and Fifth Circuits have determined that, where jurisdiction has been established but the diverse defendant has removed a non-removable worker's compensation claim, the proper recourse is to sever and remand the worker's compensation claim to state court. If this Court finds Plaintiff has established, post-removal, a valid worker's compensation claim against Randy Landrum, Delta Machinery moves the Court to sever and remand this claim to the Geneva County Circuit Court.

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

1.      Plaintiff Brandon Landrum ("Plaintiff") filed this product liability action in the Circuit Court of Geneva County, Alabama alleging that, while using a Delta TS200LS 10" portable bench saw, Plaintiff's hand slipped and contacted the saw blade, causing him to suffer injuries.  The above-referenced action is styled as *Brandon Landrum v. Delta International Machinery Corporation, Landrum Installation, et al.*, Circuit Court of Geneva County, Alabama, No.: CV-07-174.

2.      Plaintiff is a resident and citizen of the State of Alabama.  (Complaint, ¶ 1).  The only properly-named defendant, Delta Machinery, is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Towson, Maryland, and is therefore not a citizen of the State of Alabama.  (See Delta Machinery's Answer, ¶ 2).

3.      Plaintiff has alleged several claims against Delta Machinery, including claims for negligence and wantonness and claims under the AEMLD.  (*See* Complaint).  Plaintiff claims that, as a proximate result of these allegations, Plaintiff suffered severe personal injuries resulting in the traumatic amputation of and injuries to three fingers.  (*Id*. at ¶ 11).  Plaintiff also alleges that he was caused to be hospitalized, to undergo surgery, and to suffer severe mental and physical pain, permanent disability, scaring and disfigurement.  (*Id.*, at ¶ 16).  Plaintiff further claims that he has incurred substantial medical expenses and will do so in the future, has lost earnings and his earning capacity, has lost enjoyment of life and has been otherwise injured and damaged.  (*Id.*).

4.      The amount in controversy exceeds $75,000 exclusive of interest and costs. Delta Machinery has shown this by a preponderance of the evidence based on the severity of Plaintiff's personal injuries and alleged damages, the numerous complex surgeries performed on plaintiff to date, the claims for future medical and surgical expenses, the claims for punitive damages, and by

163318

3

citing to the Court numerous examples of Alabama jury verdicts well in excess of $75,000 based on similar claims and injuries.

5.    Plaintiff has also attempted to state a claim against his alleged employer, "Landrum Installation, a corporation formed under the laws of Alabama," for worker's compensation benefits under the Alabama state law.    Plaintiff claims he was injured while working in the line and course of his employment with Defendant Landrum Installation, an Alabama corporation, and that he is entitled to medical expenses, damages for permanent disability, and the costs of this action under the Alabama Worker's Compensation Act.  (*Id.*, at ¶ 37).

6.    Plaintiff initially improperly pleaded jurisdictional facts regarding the citizenship and corporate structure of his employer.  In the Complaint, Plaintiff alleged his employer Landrum Installation was a "corporation formed under the laws of Alabama." (Complaint, ¶ 3.)  In truth, however, there is no such corporate entity.[1]  Rather, "Landrum Installation" is apparently a trade name used by Plaintiff's employer and father, Randy Landrum, to run a flooring installation business in Geneva County.  (See Plaintiff's Brief in Support of Motion to Remand, pp. 8-9).  Plaintiff also improperly pleaded facts concerning the date of the injury forming the basis of Plaintiff's worker's compensation claim.  Plaintiff has conceded and attempted to correct these errors in his Motion to Remand and Motion to Amend Plaintiff's Complaint filed in this Court after removal.  However, Plaintiff's worker's compensation claim, if allowed to be stated post-removal against his father and employer, Randy Landrum, for an injury occurring on December 21, 2006, is due to be severed and

---

1    *See* Delta Machinery's Notice of Removal, Ex. E, Affidavit of Fran Dettmar, Chief Clerk of the Geneva County Probate Court (noting a search of the public records of the Geneva County Probate Court revealed no records filed under the name Landrum Installation, Randy E. Landrum, or including the phrase "Landrum Installation"); Delta Machinery's Notice of Removal, Ex. F, Affidavit of Vicky Marsh, City Clerk for the City of Hartford (noting a search of the public records of the City of Hartford revealed no records regarding Landrum Installation, Randy E. Landrum or the name "Landrum" in general).

163318

4

remanded back to the Geneva County Circuit Court, while this Court retains jurisdiction over Plaintiff's claims against Delta Machinery.

**ARGUMENT**

Delta Machinery properly removed this case based on diversity jurisdiction. The clear allegations in Plaintiff's Complaint and the undisputed facts, established through affidavits and other evidence attached to the removal notice, show that Landrum Installation, an Alabama corporation, is a non-existent entity and incapable of being sued. The amount in controversy far exceeds $75,000. This Court thus has subject matter jurisdiction over Plaintiff's claims against Delta Machinery. The Court does not have the discretion to remand claims to state court over which it has proper diversity jurisdiction. Because the worker's compensation claim that Plaintiff is now attempting to add is non-removable under 28 U.S.C. 1445(c), should the Court allow the amendment, this new claim is due to be severed and remanded back to state court

**I.      THIS CIVIL ACTION WAS PROPERLY REMOVED TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION.**

**A.      Complete Diversity Existed at the Time of Removal.**

This Court has jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between Plaintiff and Defendant Delta Machinery, the only properly named defendant in Plaintiff's Complaint. In examining Plaintiff's request for remand, "[t]he district court must determine the propriety of removal on the basis of the 'limited universe of evidence available when the motion to remand is filed,' in accordance with the scheme set forth in 28 U.S.C. §§ 1446 (b) and 1447(c)." *Carswell v. Sears, Roebuck and Co.*, 2007 WL 1697003, *1 (M.D.Ala. 2007) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007)). "Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Carswell*, 2007 WL 1697003, *1 (quoting *Lowery*, 483 F.3d at 1211). Because

163318

Plaintiff failed to state a claim against Landrum Installation, an Alabama corporation, its citizenship was properly disregarded in determining jurisdiction over Plaintiff's claims against Delta Machinery. *Fowler v. Provident Life and Accid. Ins. Co.*, 256 F.Supp.2d 1243, 1246 (M.D.Ala. 2003) (citing *Bullock v. United Benefit Ins. Co.*, 165 F.Supp.2d 1255, 1257 (M.D.Ala. 2001)).

In his Complaint Plaintiff stated a claim against Landrum Installation, "a corporation formed under the laws of Alabama." (Complaint, ¶ 3). As shown in Delta Machinery's Notice of Removal and the affidavits and other attachments thereto, "Landrum Installation" is not a corporation formed under Alabama law. "Landrum Installation" is not a partnership, limited liability company, or any other type of legal entity capable of being sued under Alabama law. Thus, Plaintiff stated a claim in his original Complaint against a non-existent entity that was fatally defective as a matter of law. Because Plaintiff failed to state a claim against the resident defendant, Landrum Installation, an Alabama corporation, its citizenship, like that of a fictitious defendant, must be disregarded in the removal context. *See* 28 U.S.C § 1441(a) ("citizenship of defendants sued under fictitious names shall be disregarded.").

Plaintiff's Complaint also supported numerous grounds for a finding of fraudulent joinder of Landrum Installation, an Alabama corporation. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). *See also Triggs*, 154 F.3d at 1287. A third ground for fraudulent joinder has also been established by the Eleventh Circuit: "(3) where a diverse

defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no connection to the claim against the nondiverse defendant." *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp.2d 1270, 1273 (M.D.Ala. 2001) (citing *Triggs*, 154 F.3d at 1287). Plaintiff's Complaint evidenced a fraudulent joinder of Defendant Landrum Installation, an Alabama corporation, based on all three of these grounds.

First, Plaintiff's Complaint stated a defective claim against a non-existent entity. This is a claim upon which relief can, obviously, not be granted. *See Henderson*, 454 F.3d at 1281. Second, Plaintiff fraudulently pled jurisdictional facts by stating Landrum Installation was a "corporation formed under the laws of Alabama" in order to establish "Landrum Installation's" status as a resident defendant. *Id.* Third, Plaintiff arguably stated a claim against the corporation Landrum Installation for which there was no joint, several or alternative liability with Delta Machinery. Plaintiff's Complaint purported to state a claim against Landrum Installation, an Alabama corporation, for an accident occurring on September 8, 2005 while stating claims against Delta Machinery for an accident presumably occurring on December 21, 2006. (Compare Complaint, ¶¶ 8-9 and 30). Based on these allegations, there could be no joint, several or alternative liability between Landrum Installation, an Alabama corporation, and Delta Machinery. *Brooks*, 176 F.Supp.2d at 1273. Because "Landrum Installation" was fraudulently joined, its citizenship must not to be considered in determining jurisdiction. *Fowler*, 256 F.Supp.2d at 1246.

Delta Machinery, therefore, properly removed the case under Section 28 U.S.C § 1332(a)(1) based on this Court's diversity jurisdiction over Plaintiff's claims against Delta Machinery. Diversity jurisdiction was apparent from the face of Plaintiff's Complaint and Delta Machinery's Notice of Removal. *Carswell*, 2007 WL 1697003, *1 (quoting *Lowery*, 483 F.3d at 1211).

**B.    The Amount in Controversy Exceeds $75,000.**

163318

7

The amount-in-controversy requirement of 28 U.S.C. § 1332 (a) is satisfied because plaintiff's claims exceed the sum or value of $75,000, exclusive of interest and costs. Plaintiff's arguments to the contrary are misplaced.

If the jurisdiction of the Court is readily deducible from the documents before the Court at the time of removal, then the Court has jurisdiction. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Constant v. Int'l House of Pancakes, Inc.*, 487 F.Supp.2d 1308, 1310 (N.D.Ala. 2007) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). "[T]his relatively low burden of proof 'is warranted because there is simply no estimate of damages to which a court may defer.' Thus, to preclude remand, [the defendant] need only show that it is 'more likely than not' that the [amount in controversy] 'exceeds the $[75],000 jurisdictional requirement.'" *Fuller v. Exxon Corp.*, 78 F.Supp.2d 1289, 1298 (S.D.Ala. 1999) (quoting *Tapscott*, 77 F.3d at 1356-57).

Delta Machinery has met this preponderance of the evidence burden by showing Plaintiff's extensive claims for recovery, the severity of the personal injuries and complexity of the medical procedures endured by Plaintiff, and the regularity with which a claim based on similar injuries and damages in Alabama exceeds $75,000. In his Complaint, Plaintiff alleges he "suffered severe injuries resulting in the traumatic amputation and injuries to three fingers." (Complaint, ¶ 11). Plaintiff further claims that he was caused to be hospitalized, caused to undergo surgery and will continue to undergo surgery in the future, and caused to suffer severe mental and physical pain and will do so in the future. (*Id.*, at ¶ 16). Plaintiff's left index finger was amputated, and the middle and ring fingers on his left hand were severed but reattached after the accident. (*See* Ex. A to

Affidavit of Brandon Landrum, First Report of Injury).  Plaintiff also claims that he is permanently

disabled, scarred and disfigured, that he has and will continue to incur substantial medical expenses,

and that he has lost earnings, his earning capacity, and the enjoyment of life.  (*Id.*) Plaintiff claims

both compensatory and punitive damages against Delta Machinery. (Complaint, generally).

"In determining whether the jurisdictional level has been met, the court should look for

guidance to decisions rendered in cases on the same type of suit." *Bolling v. Union Nat'l Life Ins.*

*Co.*, 900 F.Supp. 400, 404 (M.D.Ala. 1995) (finding defendant, by presenting numerous verdicts

based on similar facts and claims in excess of the jurisdictional requirement, "met its burden of

producing sufficient evidence to convince the court that the amount in controversy [was] greater

than $50,000 [now $75,000] . . .").  Delta Machinery has presented numerous Alabama cases in

which a plaintiff, asserting similar claims and seeking similar damages, has received a verdict well

in excess of $75,000.  In *Hobart Corp. v. Scoggins*, the Supreme Court of Alabama approved an

award of compensatory damages in the amount of $250,000 to a meat cutter who had lost a portion

of his right index finger.  776 So. 2d 56 (Ala. 2000).  *See also Castleberry v. Cantrell Machine Co.*,

CV 02-0284 (Blount County Circuit Court 2004) (granting an award of compensatory damages in

the amount of $950,000 to a line worker whose left hand was severely injured when it became

caught in a liver pulling machine); *Kirk v. Scott*, CV 03-4994 (Jefferson County Circuit Court 2004)

(granting an award of compensatory damages in the amount of $150,000 to a police officer who

suffered injuries to his left arm and hand); *Vaughan v. Oliver*, 822 So.2d 1163 (Ala. 2001) (affirming

a verdict for past damages in the amount of $500,000 where plaintiff's right arm was amputated

below the elbow due to severe infection and injuries to her hand); *Moore v. Mobile Infirmary Ass'n*,

592 So.2d 156 (Ala.1991) (reversing trial court's reduction of the non-compensatory portion of the

verdict to $459,000 and ordering reinstatement of the original damages verdict where plaintiff's

suffered injuries to her little and ring finger on her right hand).

These comparable Alabama jury verdicts show that Plaintiff's request for relief will exceed $75,000. *See generally Davis v. The Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197 (M.D. Ala. 1999) (finding amount in controversy requirement had been met even where plaintiff had not specified the amount of damages sought and defendant presented the court with multiple Alabama decisions in which comparable actions yielded verdicts greater than $75,000); *Williams v. Conseco, Inc.*, 57 F. Supp. 2d 1311 (S.D. Ala. 1999); *Fowler v. Providence Life and Accid. Ins. Co.*, 256 F.Supp.2d 1243, 1249 (N.D.Ala. 2003); *Bolling*, 900 F.Supp. 400. If Plaintiff does not intend to seek damages in excess of $75,000, Delta Machinery invites Plaintiff to settle the issue by filing an affidavit or amended complaint so stating.

Additionally, as is the case here, punitive damages must be considered. *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987). Verdicts substantially in excess of $75,000 have often resulted in cases where a product was alleged to have caused injury, but not death, and the plaintiff seeks to recover punitive damages. *See, e.g., Toole v. McClintock*, 999 F.2d 1430 (11th Cir. 1993) (addressing an award of $400,000 in compensatory damages and $5,000,000 in punitive damages in a product liability case); *Benford v. Richard's Med. Co*., 792 F.2d 1537 (11th Cir. 1986) (discussing an award of $165,000 in compensatory and $100,000 in punitive damages in a products liability case).

Plaintiff's reliance on *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), in his Motion to Remand is misplaced. Contrary to the numerous comparable Alabama verdicts Delta Machinery has provided in this case, the defendant in *Lowery* relied *solely* on plaintiffs' initial and amended complaints and its notice of removal, which contained only conclusory allegations that the jurisdictional requirement was met. *See Lowery*, 483 F.3d at 1218. Plaintiff also relies on *Constant*

*v. Int'l House of Pancakes, Inc.*, 487 F.Supp.2d 1308, 1309 (N.D.Ala. 2007) and *Carswell v. Sears, Roebuck and Co.*, 2007 WL 1697003, *1 (M.D.Ala. 2007) for his contention that Delta Machinery has failed to meet its burden on amount in controversy. *Constant* is a slip-and-fall case in which the Court found defendant's use of a few "'eye-popping' examples of jury verdicts in Alabama in amounts far exceeding $75,000 in slip-and-fall cases" failed to meet defendant's burden of proof on the amount in controversy requirement. *Constant*, 487 F.Supp.2d at 1309. *Carswell* is a premises liability action where the court found defendant's representation, based on Plaintiff's medical damages of $38,136.96 and her request for punitive damages, "that it is foreseeable that Plaintiff could constitutionally recover more than $75,000 in damages" failed to meet its burden on amount in controversy. *Carswell*, 2007 WL 1697003, *1.

These cases are easily distinguishable from the present case. First, neither *Lowery*, *Constant* nor *Carswell* involve traumatic injuries such as those alleged by Plaintiff in this case (the traumatic amputation of three fingers), and none of these cases involve products liability claims similar to those alleged by Plaintiff in this suit. Second, none of the cases cited by Plaintiff involve the complex and expensive surgeries Plaintiff endured in this case for the reattachment of the middle and ring finger on his left hand, nor claims for scarring, disfigurement (due to loss of his left index finger), disability, future surgeries and additional medical expenses, loss of earning capacity and loss of enjoyment of life. (*See* Ex. A to Affidavit of Brandon Landrum, First Report of Injury, attached to Plaintiff's Motion to Remand; Complaint, ¶ 16). *See Constant*, 487 F.Supp.2d at 1309 (seeking only compensatory and punitive damages in such amounts as are appropriate to this case for her slip-and-fall injuries); *Carswell*, 2007 WL 1697003 (noting plaintiff's claims were limited to her medical expenses, which totaled $38,136.96, pain and suffering and mental anguish).

Contrary to the plaintiffs in *Constant* and *Carswell*, Plaintiff in this case allegedly suffered a

traumatic, expensive, ongoing injury and has made numerous claims for individualized types of relief. Delta Machinery has presented substantial evidence (*i.e.* (1) Plaintiff's complaint, claiming extensive damages, and (2) Delta Machinery's notice of removal, including numerous comparable Alabama jury verdicts in excess of $75,000) which satisfies Delta Machinery's burden of proof that Plaintiff's claims for damages exceeds $75,000 in this case.[2]

Because complete diversity exists between Plaintiff and Delta Machinery and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction over Plaintiff's claims against Delta Machinery. Once subject matter jurisdiction is established, this Court "lack[s] discretionary authority to remand to state court a claim for which jurisdiction in this Court is proper. *Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993). Diversity jurisdiction is not discretionary." *Perdue v. Westpoint Home, Inc.*, 2007 WL 3202455, *4 (N.D.Fla. 2007). *See also In re Admin. of the Tulane Educ. Fund*, 954 F.2d 266, 269 (5th Cir. 1992) (finding "remand orders for lack of subject matter jurisdiction as the only clearly unreviewable remand orders" and vacating the district court's remand order because it was based on grounds other than those stated in the removal statutes).

**C.    Plaintiff's Motion for Leave to Amend His Complaint is Due to be Denied.**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The district court, "when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize the amendment

---

2    In addition, although Plaintiff relies on several cases noting the difficulty in applying the preponderance of evidence standard, Plaintiff chooses to ignore the cases discussing "a countervailing concern that dictates that a federal court 'be cautious about remand, lest it erroneously deprive defendant of the right to a federal forum.'" *Bolling*, 900 F.Supp. at 405 (quoting 14A Wright, Miller & Cooper, Federal Practice & Procedure § 3721, p. 218-19 (1985)). Further, "a plaintiff who, for whatever reason, seeks to remain in state court may ordinarily do so by filing his complaint in state court specifically requesting an amount that is less than the jurisdictional requisite." *Id.* Plaintiff declined to assert in his original Complaint, his Motion to Remand and even in his Amended Complaint, that he is seeking less than $75,000. (*See generally* Complaint, Plaintiff's Motion to Remand, Plaintiff's First Amended Complaint). Such an assertion would

more closely than an ordinary amendment." *Worley v. Pfizer, Inc.*, --- F.Supp.2d ----, 2008 WL

555985, *2 (M.D.Ala. 2008) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.

1987). Before allowing an amendment, post-removal, which would destroy subject matter

jurisdiction, a court must consider the following factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction,
> (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether
> the plaintiff will be significantly injured if the amendment is not allowed, and (4) any
> other factors bearing on the equities.

*Worley*, 2008 WL 555985, * 2 (citing *Sexton v. G&K Servs., Inc.*, 51 F.Supp.3d 1311, 1313

(M.D.Ala. 1999)).[3]

Application of these factors favors the Court's denial of the Motion to Amend and its

retention of jurisdiction over the claims alleged against Delta Machinery. First, Plaintiff is

specifically seeking to amend his Complaint to defeat diversity jurisdiction. Although Plaintiff

attempted to state a claim against his employer in the Geneva County Circuit Court, he failed to state

a cognizable claim against a legal entity. Plaintiff is now seeking to remedy his defective claim

primarily to avoid the jurisdiction of this Court. Second, although Plaintiff was not dilatory in

seeking to amend his Complaint, Plaintiff will not be prejudiced if his Motion to Amend is denied.

Plaintiff's claims against his employer, Randy Landrum, could be timely asserted in the Geneva

County Circuit Court and would be well suited for the state court as they arise under the laws of the

State of Alabama. *See Smith v. White Consolidated Indus., Inc.*, 229 F.Supp.2d 1275, 1282

(N.D.Ala. 2002) (finding plaintiff not to be prejudiced by denial of the amendment even where

plaintiff's claims would be barred in state court by the applicable statute of limitations).

---

conclusively prove Plaintiff is not seeking damages in excess of $75,000 and preclude jurisdiction in this Court; yet,
Plaintiff has failed to make such a limited damages claim.
3  *See also Hensgens*, 833 F.2d at 1182; *Smith v. White Consol. Indus., Inc.*, 229 F.Supp.2d 1275, 1280 (N.D.Ala. 2002);
*Jerido v. Amer. Gen. Life & Accid. Ins. Co.*, 127 F.Sup.2d 1322, 1325 (M.D.Ala. 2001); *Bevls v. Amer. States Ins. Co.*,

More importantly, Delta Machinery will be deeply prejudiced by a remand to state court. The focus of recent opinions analyzing joinder of a resident defendant post-removal "has been the interest of the diverse defendants in their choice of a federal forum." *Smith*, 229 F.Supp.2d at 1282. Delta Machinery exercised its statutory right to remove this case based on diversity jurisdiction. Delta Machinery will be greatly prejudiced if Plaintiff is allowed to deprive Delta Machinery of that right by amending his Complaint to destroy jurisdiction. [4]  Delta Machinery should not be prejudiced by Plaintiff's failure to state the correct citizenship and corporate structure of his employer (and father) in his original Complaint. This Court should not strip Delta Machinery of its right to remove the case based on Plaintiff's failure to properly state a claim against an existing legal entity in his original Complaint.

The equities clearly lean in Delta Machinery's favor. The Northern District of Alabama, in analyzing post-removal amendment to add a worker's compensation claim against a resident defendant employer, has explained

> [d]iversity jurisdiction and the right of removal exist to give non-resident defendants the right to litigate in an unbiased form. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist.

*Smith*, 229 F.Supp.2d at 1282.[5]  In balancing the equities in this case, the Court should notice that Plaintiff has no reasonable basis for failing to properly state a claim against his father and employer

---

100 F.Supp.2d 1309, 1313 (M.D.Ala. 2002).

4    Delta Machinery would also point out to the Court that it is unclear whether Alabama courts have adopted the Daubert test for qualifying potential experts; whereas federal courts have adopted this standard. This exemplifies one of the many significant differences between Alabama state courts and federal courts which non-resident defendants such as Delta Machinery consider in exercising their option to remove to federal court. If Plaintiff is allowed to amend his Complaint to destroy jurisdiction, Delta Machinery would be deprived of important benefits of removal such as this.

5    "In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Sexton*, 51 F.Supp.2d at 1313.

in his original Complaint. Plaintiff's counsel argues that the failure to state a timely worker's compensation claim against Plaintiff's father and employer was a result of inadvertence and the recycling of a "stock complaint from prior litigation." (Plaintiff's Motion to Remand, p. 13, n. 3). However, Delta Machinery should not be deprived of its right to choose the federal forum to which it is entitled based on Plaintiff's "inadvertence" in failing to assert a valid claim against a resident defendant in the original Complaint. The Court should deny Plaintiff's Motion to Amend, and Plaintiff should be left to pursue his worker's compensation claim in state court.

**II.    PLAINTIFF'S CLAIM AGAINST HIS FATHER RANDY LANDRUM, EVEN IF ALLOWED TO BE ASSERTED IN THIS CASE FOLLOWING REMOVAL, IS DUE TO BE SEVERED AND REMANDED TO STATE COURT.**

**A.    Plaintiff's Worker's Compensation Claim Should be Severed and Remanded.**

Plaintiff's failure to state a worker's compensation claim against a cognizable defendant rendered this claim fatally defective. (*See infra* Section I.A.) In an effort to remedy this problem following removal, Plaintiff asserts in his Motion to Remand that he has stated a valid worker's compensation claim against the "trade name" of Plaintiff's father and employer, Randy Landrum. Even accepting Plaintiff's explanation and attempt to remedy, post-removal, the misleading allegations in his Complaint, Plaintiff's worker's compensation claim against Randy Landrum is still due to be severed and remanded.

Under 28 U.S.C. 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c) (1996). Where a claim over which the court has subject matter jurisdiction and which has been properly removed to federal court is joined with a worker's compensation claim which is non-removable under § 1445(c), the court must sever and remand the worker's compensation claim back to state court. Once jurisdiction is established, the Court must retain

jurisdiction over the properly removed claim and sever and remand Plaintiff's non-removable worker's compensation claim. *Buchner*, 981 F.2d at 820; *Perdue*, 2007 WL 3202455, *4; *Thermtron Prods.*, 423 U.S. at 351.

In *Reed v. Heil Company*, plaintiff asserted claims against the defendants under the Americans With Disability Act ("ADA") and under the Alabama Worker's Compensation Act. 206 F.3d 1055 (11th Cir. 2000). The defendant employer removed the entire case to the United States District Court for the Northern District of Alabama. *Reed*, 206 F.3d 1055. The Eleventh Circuit determined that plaintiff's retaliatory discharge claim arose under the worker's compensation laws of the State of Alabama and was, thus, non-removable in light of 28 U.S.C. § 1445(c). "Pursuant to this holding, [the Eleventh Circuit] conclude[d] that the federal court lack[ed] subject matter jurisdiction to entertain Reed's retaliatory discharge claim; it must be remanded to state court." *Id.* at 1061. The court, thus, severed and remanded plaintiff's worker's compensation claim but retained jurisdiction over plaintiff's ADA claim. *See Id.* Thus, the Eleventh Circuit has clearly endorsed the concept of severing and remanding worker's compensations claims while allowing the court to retain jurisdiction over the properly removed claims.

Similarly, in *Sherrod v. American Airlines, Inc.*, the plaintiff asserted claims against his employer under the ADA and for worker's compensation benefits. 132 F.3d 1112 (5th Cir. 1998). The court noted that "[t]he court has previously held that § 1445(c) requires a [worker's compensation] claim to be remanded when the basis of removal is diversity jurisdiction." *Sherrod*, 132 F.3d at 1118. Although jurisdiction in this case was established based on the court's original jurisdiction over disputes arising under federal law (*i.e.* federal question jurisdiction), the Fifth Circuit explained that "§ 1445(c) prohibits removal of state worker's compensation claims regardless of whether the district court's original jurisdiction is based on diversity or federal

question jurisdiction." *Id.* Because the worker's compensation claim in this case was joined with a properly removable federal question claim, the court found "the district court erred by failing to sever and remand the state worker's compensation claims." *Id.* at 1119.

The United States District Court for the Middle District of Alabama, relying on *Reed*, reached the same conclusion in *Bryant v. Wasau Underwriters Ins. Co.*, 2007 WL 1159699 (M.D.Ala. 2007). In *Bryant*, the court rejected plaintiff's argument that his tort claim, which the defendant removed based on diversity jurisdiction, should be remanded back to state court along with his worker's compensation claim. *Bryant*, 2007 WL 1159699, *2. On the contrary, the court determined plaintiff's tort claim hade been properly removed based on diversity jurisdiction and that his worker's compensation claim was due to be severed and remanded back to state court. *Id. See also Nelson v. Dolgencorp., Inc.*, 2005 WL 1588688 (S.D.Ala. 2005) (remanding plaintiff's worker's compensation claim while it retained jurisdiction over plaintiff's claim under the Fair Labor Standards Act); *Richardson v. Georgia-Pacific Corp.*, 2007 WL 3287361, *3 (S.D.Ala. 2007) (granting plaintiff's motion to remand with respect to his worker's compensation claims and denying the motion to remand with respect to plaintiff's tort claims over which the court had jurisdiction); *Wall v. Kimberly-Clark*, 2000 WL 1367995 (S.D.Ala. 2000) (remanding plaintiff's worker's compensation claim while retaining jurisdiction over plaintiff's removable federal question claims).

Other district courts within the Eleventh Circuit have followed the same reasoning. In *Perdue v. Westpoint Home, Inc.*, the Northern District of Florida, relying on *Reed*, found the court lacked jurisdiction over plaintiff's worker's compensation claims asserted under Florida law pursuant to 28 U.S.C. § 1445(c). 2007 WL 3202455, *3 (N.D.Fla. 2007). The plaintiff in *Perdue* asserted that the entire case was due to be remanded to promote efficiency and conserve judicial resources. *Perdue*, 2007 WL 3202455, * 4. Plaintiff, however, cited "no authority in support of her

contention that considerations of economy may outweigh the statutory right of a defendant to remove a claim to federal court where federal jurisdiction is proper." *Id.* Rather, the court found it "lack[ed] discretionary authority to remand to state court a claim for which jurisdiction in this Court is proper. *Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993)." *Id.* Rather, the court clearly stated "[d]iversity jurisdiction is not discretionary." *Id. See also Quitto v. Bay Colony Golf Club, Inc.*, 2006 WL 2598705, *2 (M.D.Fla. 2006) (remanding plaintiff's worker's compensation claim back to state court while retaining jurisdiction over plaintiff's federal statutory claims); *Johnsont v. Morton Plant Mease Healthcare, Inc.*, 2007 WL 570078, *3 (M.D.Fla. 2007) (determining, "[b]ased on the authority of Reed and the federal statutes governing jurisdiction," plaintiff's worker's compensation claims were due to be remanded while the court retained original and supplemental jurisdiction over plaintiff's claims which were not required to be remanded by statute).

Following this established Eleventh Circuit precedent, Plaintiff's amended worker's compensation claim, if allowed, is due to be severed and remanded to the Geneva County Circuit Court while this Court retains jurisdiction over Plaintiff's claims against Delta Machinery.

**B.    Plaintiff's Reliance on the Remand Orders and Cases Cited in His Motion to Remand Is Misplaced.**

Plaintiff's reliance on the cases and remand orders cited in his Motion to Remand is misplaced. For example, Plaintiff relies heavily on *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp.2d 1270 (M.D.Ala. 2001). In *Brooks*, the non-resident defendant manufacturer and retailer, removed the case to federal court claiming plaintiff's joinder of worker's compensation claims against the resident defendant constituted fraudulent joinder. *Brooks*, 176 F.Supp. 2d at 1274. However, in *Brooks*, the defendants' sole argument for fraudulent joinder was that "[1] the claim for worker's compensation benefits is not removable, [2] plaintiffs are not entitled to a jury trial for the claim against [plaintiff's employer], and [3] issues and damages involved in the two claims are entirely

different." *Id.* at 1274. The *Brooks* defendants did not contend plaintiff's worker's compensation claims were invalid as a matter of law; the defendants simply asserted that plaintiff's worker's compensation claims were misjoined with plaintiff's products liability claims against the defendants. *Id.* On this basis, the court found plaintiff did not fraudulently join his employer, the resident defendant. *Id.* at 1277. Because the court found joinder of the resident defendant was proper, the Court remanded the entire case because there was no diversity jurisdiction over any of the claims. *Id.*

*Brooks* is easily distinguishable from the instant case. The defendants' basis for removal in *Brooks*, fraudulent joinder, falls far short of Delta Machinery's grounds for removal. In this case, Plaintiff: (1) asserted a fatally-defective claim against the resident defendant, a non-existent entity, which failed as a matter of law and (2) fraudulently joined the resident defendant by fraudulently pleading jurisdictional facts and stating a claim against the resident defendant upon which relief could not be granted. (*See infra* Section I.A.). Unlike the defendants' claim of mere misjoinder in *Brooks*, Delta Machinery's claim of fraudulent joinder in this case is fully supported by Plaintiff's Complaint and the affidavits submitted by the defendant with the notice of removal. Unlike the defendants in *Brooks*, Delta Machinery, the only properly-named defendant, established diversity jurisdiction in this case.

Plaintiff also relies on numerous remand orders from the district courts of Alabama in which the courts, based on the defendant's inability to prove misjoinder of plaintiff's worker's compensation claims under Fed. R. Civ. P. 20, decline to sever and remand plaintiff's worker's compensation claim. These cases are equally inapplicable for the same reasons as *Brooks*; they are not based on actual fraudulent joinder where a plaintiff has fraudulently plead jurisdictional facts or failed initially to state valid claim against the resident defendant. *See generally Griffin v. Osborn*

*Transportation*, CV-03-AR-2384-M, Slip. Op. (N.D.Ala. Sep. 30, 2003); *Strode v. Freightliner*, CV-02-JEO-2390-W, Slip. Op. (N.D.Ala. May 8, 2003); *Mary Ann Brascom v. Morbark, Inc.*, CV-01-D-1082-N, Slip. Op. (M.D.Ala. Nov. 20, 2001);  *Plyler v. Continental Conveyor & Equip. Co., et al*, CV-04-CO-2641-J, Slip. Op. (N.D.Ala. Oct. 12, 2004); *Harris v. Mosby's Packing Co.*, CV-05-PWG-595-S, Slip. Op. (N.D.Ala. 2005).  In this case, Delta Machinery has shown both that Plaintiff failed from the outset to state a claim against the resident defendant, which should be treated as if not even named in the original complaint (since it is not and never has been a legal entity capable of being sued under Alabama law) and that he fraudulently joined the resident defendant based on Plaintiff's fraudulently pleading jurisdictional facts and failure to state a cause of action against Landrum Installation, an Alabama corporation, upon which relief could be granted.   Delta Machinery does not argue for severance and remand based merely on misjoinder under Fed. R. Civ. P. 20.  For this reason, Plaintiff's reliance on these orders and cases does not support a remand of all claims to the Geneva County Circuit Court.[6]

Delta Machinery established in its Notice of Removal that Plaintiff failed to state a claim against and/or fraudulently joined the resident defendant, Landrum Installation, a non-existent Alabama corporation.   (*See infra* Section I.A.).   Based on these facts, the citizenship of this non-existent corporation was rightly disregarded and Delta Machinery properly removed this case based on diversity jurisdiction.  If Plaintiff is allowed, post-removal, to add a worker's compensation claim

---

6  Plaintiff also relies on *Priest v. Sealift Svcs. Int'l, Inc.*, 953 F.Supp. 363 (N.D.Ala. 1997).  The analysis in *Priest* is inapplicable to the present case because *Priest* involved the defendant's attempt to remove the case from state to federal court after plaintiff's worker's compensation claim was severed *in state court*.  *Priest*, 953 F.Supp. 363.  Thus, Plaintiff's reliance on *Priest* is misplaced because the instant case deals with severance and remand of a worker's compensation in federal court.

Plaintiff additionally uses the *Harris* Order to discount two other Alabama cases, *Raines v. Browning-Ferris Indus. of Ala., Inc.*, 638 So.2d 1334 (Ala.Civ.App. 1993) and *Wallace v. Tee Jays Mfg. Co., Inc.*, 689 So.2d 210, 211 (Ala.Civ.App. 1997), which Plaintiff claims are the "primary cases relied upon by Delta." (Motion to Remand, p. 21). Delta Machinery did not rely on or even cite these cases in its Notice of Removal.  Thus, Plaintiff's distinction of these cases is inapplicable and irrelevant as Delta Machinery has not used either *Raines* or *Wallace* to support its removal of this case.

against his employer, Randy Landrum, this claim is due to be severed and remanded. Once jurisdiction is established, the Court does not have the authority to remand the entire case simply because it may be more efficient or economical. Delta Machinery has a statutory right to removal, and Delta Machinery should not be deprived of this right on grounds not provided in the controlling jurisdictional statutes. *Buchner*, 981 F.2d at 820; *Perdue*, 2007 WL 3202455, *4; *Thermtron Prods*., 423 U.S. at 351.

## CONCLUSION

Delta Machinery properly removed this case based on Plaintiff's failure to state a claim against and/or fraudulent joinder of the resident defendant, Landrum Installation, an Alabama corporation, and this Court's diversity jurisdiction over Plaintiff's claims against Delta Machinery. If this Court allows Plaintiff to state, after removal, a valid worker's compensation claim against Randy Landrum, this worker's compensation claim is due to be severed and remanded back to the Geneva County Circuit Court while this court retains jurisdiction over Plaintiff's claims against Delta Machinery.

163318

Respectfully submitted,

**/s/   Joseph P. H. Babington**
JOSEPH P.H. BABINGTON (BABIJ7938)
ANNIE J. DIKE (DIKEA6170)
Attorneys for Defendant Delta International
Machinery Corporation

OF COUNSEL:
HELMSING, LEACH, HERLONG,
      NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA   36652
(251) 432-5521
(251) 432-0633 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel who have appeared in the case and who have registered for such notification.

      S. Mark Andrews
      MORRIS, CARY, ANDREWS,
        TALMADGE & DRIGGERS
      Post Office Box 1649
      Dothan, Alabama 36302

this 10th day of April, 2008.

**/s/   Joseph P. H. Babington**
OF COUNSEL

163318