IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON LANDRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.: 1:08-cv-00140-WKW-TFM |
| | ) |
| DELTA INTERNATIONS MACHINERY | ) |
| CORPORATION, LANDRUM | ) |
| INSTALLATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO REMAND PLAINTIFF'S WORKER'S COMPENSATION CLAIM**

Comes now the Defendant, Randy Landrum d/b/a Landrum Installation ("Defendant Landrum"), and respectfully moves this Court for an order remanding Plaintiff's state law workers' compensation claim on the following grounds:

1. Plaintiff asserts a cause of action against Defendant Landrum for worker's compensation benefits pursuant to Alabama's Worker's Compensation Act.

2. Plaintiff's worker's compensation claim, along with his AEMLD, negligence and wantonness claims, were removed to this Court by Defendant Delta International Machinery. Defendant Landrum respectfully submits that the removal, at least as it relates to the worker's compensation claim, was procedurally improper.

3. 28 U.S.C. § 1445(c) provides that "A civil action in any State court arising under the workmen's compensation law of such State may not be removed to any district court of the United States."

4. In *Reed v. Heil*, 206 F.3d 1055, 1061 (11th Cir. 2000), our Eleventh Circuit held that, based on the clear mandate of 28 U.S.C. § 1445(c), District Courts of

the United States do not have subject matter jurisdiction over claims arising under Alabama's Workers' Compensation Act.

5. Pursuant to 28 U.S.C. § 1447(c), a District Court "shall" remand a case any time before a final judgment if it appears that the court lacks subject matter jurisdiction. WHEREFORE, based upon the foregoing, Defendant Randy Landrum d/b/a Landrum Installation respectfully submits that this Court lacks subject matter jurisdiction over Plaintiff's worker's compensation claim and prays that the Court will remand that aspect of the case back to State court pursuant to 28 U.S.C. §§ 1445(c) and 1447(c).

Respectfully submitted,

*s/ William L. Lee, III*
WILLIAM L. LEE, III   (LEE007)
*wlee3@leeandmcinish.com*


*s/ William W. Nichols*
WILLIAM W. NICHOLS  (NIC027)
*wnichols@leeandmcinish.com*

**OF COUNSEL:**
LEE & McINISH, P.C.
*Attorney for Defendant Landrum*
238 West Main Street (36301)
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: S. Mark Andrews, Esq., Annie J. Pike, Esq., and Joseph Patrick Henican Babington, Esq.;  and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: NONE.

Dated this the 18th day of April, 2008.

                                                         *s/ William W. Nichols*
                                                         OF COUNSEL