**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **BRANDON LANDRUM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.:1:08-cv-00140-WKW-TFM |
| ) | |
| **DELTA INTERNATIONAL** ) | |
| **MACHINERY CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S (1) REPLY TO DEFENDANT DELTA MACHINERY'S AMENDED RESPONSE TO PLAINTIFF'S MOTION TO REMAND AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND (2) RESPONSE TO DEFENDANT DELTA MACHINERY'S MOTION TO SEVER AND REMAND PLAINTIFF'S CLAIM AGAINST RANDY LANDRUM**

Plaintiff files this (1) Reply to Defendant Delta Machinery Corporation's Response to Plaintiff's Motion to Remand and Plaintiff's Motion for Leave to File Amended Complaint and (2) Response to Defendant Delta Machinery Corporation's Motion to Sever and Remand Plaintiff's Claim Against Randy Landrum.

**I.    REPLY TO RESPONSE TO MOTION TO REMAND AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**A.    Delta has not established the existence of diversity jurisdiction.**

Defendant Delta Machinery Corporation (hereinafter "Delta") removed this action alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.  This action is due to be remanded because there is no complete diversity between Plaintiff and all defendants and because Delta has not proven the amount in controversy by a preponderance of the evidence.

"Diversity jurisdiction is defeated if any plaintiff shares the same state citizenship with any defendant."  Williams v. CNH America, LLC, 2008 U.S. Dist. Lexis 24699, at *2, Case No. 2:07-

cv-538-MEF (M.D. Ala. March 28, 2004).  Plaintiff is a citizen of Alabama.  (<u>See</u> Ex. "A" to Pl's Mot. to Remand;  Aff. of Brandon Landrum).  Defendant Landrum Installation is also a citizen of Alabama since that is the citizenship of Randy Landrum, the individual doing business under this trade name.  (<u>See id.</u>)  Plaintiff's claim against Defendant Landrum Installation is the legal equivalent of a claim against Randy Landrum.  <u>See</u> <u>Hughes v. Cox</u>, 601 So. 2d 465, 471 (Ala. 1992).  In fact, any judgment rendered in this action against Defendant Landrum Installation would automatically operate as a judgment against Randy Landrum under Alabama law.  <u>See id.</u>  Randy Landrum obviously believes that he and Landrum Installation are one in the same since he has entered an appearance in this action identifying himself as "the defendant."  (<u>See</u> Doc. 18;  Def. Landrum's Mot. to Remand.)  Randy Landrum obviously believes that Plaintiff, by suing Landrum Installation, has stated a valid claim for worker's compensation benefits against him since he has moved to remand that claim to state court.  (<u>See id.</u>)

In addition to proving complete diversity, Defendant Delta also has the burden to prove that the amount in controversy more likely than not exceeds $75,000.00.  As set forth in Plaintiff's Motion to Remand, Defendant Delta has failed to meet this burden.  It has offered nothing more than conclusory allegations which are insufficient under current Eleventh Circuit decisions.  <u>See</u> <u>Burns v. Windsor Insurance Company</u>, 31 F. 3d 1092, 1097 (11th Cir. 1994);  <u>Lowery v. Alabama Power Co.</u>, 483 F. 3d 1184 (11th Cir. 2007).

**B.     <u>28 U.S.C. § 1445 (c) prohibits the removal of this action.</u>**

28 U.S.C. § 1445 (c) provides that:  "[a] civil action in any State court arising under the workmen's compensation law of such State may not be removed to any district court of the United States."  As such, regardless of the citizenship of the parties or the amount in controversy, a federal court lacks subject matter jurisdiction over claims arising under Alabama's Workers' Compensation

Act. Since Plaintiff has stated a valid claim for worker's compensation benefits under said Act in Count Seven of the Complaint, this action is due to be remanded.

      **C.**      **Plaintiff's Motion to Amend is due to be granted.**

Without waiving his objection to the Court's exercise of jurisdiction in this action, Plaintiff has moved the Court to allow him to amend the Complaint to correct an error in the date of the incident and the name of a defendant. Defendant Delta opposes this motion on the grounds that Plaintiff is seeking to add a "new nondiverse defendant" that would destroy subject matter jurisdiction. Plaintiff has is not seeking to add a "new" defendant. Randy Landrum and Landrum Installation are one in the same. Such an amendment cannot be said to destroy subject matter jurisdiction, since such jurisdiction never existed in the first place.

In any event, the factors to be considered by the Court in assessing a post-removal amendment affecting subject matter jurisdiction weigh in favor of allowing the amendment. First, plaintiff does not seek to amend merely to defeat federal jurisdiction. The purpose of the amendment is to correct a previous error. Plaintiff would be correcting this error whether or not this case was in federal or state court. Second, Defendant Delta admits that the Plaintiff has not been dilatory in seeking the amendment. Third, it is hard to believe that Delta really thinks Plaintiff can suffer no prejudice from the incorrect date in the Complaint given that it has previously filed a Motion to Dismiss based upon the error. Perhaps, it is not serious about its Motion to Dismiss. Fourth, the equities weigh in favor of allowing the amendment as more completely set forth below.

The Federal Rules of Civil Procedure are to be construed and administered to secure, among other things, the "just" determination of every action. Fed. R. Civ. P. 1. The rules provide that leave to amend a complaint "shall be freely given when justice so required." Fed. R. Civ. 15 (a). Cases should be determined on their merits and not on mistakes in pleading. Plaintiff has submitted

affidavits that establish the correct date of the incident and the correct name of the defendant identified in the Complaint by its trade name.  Plaintiff's affidavit conclusively establishes that the action is not time barred and that Randy Landrum is Landrum Installation.  In the face of these uncontroverted facts, Delta still wants to have Plaintiff's action dismissed as a result of a mistake in pleading.  It is difficult to imagine a more compelling instance in which justice would require the allowance of an amendment.

> II.    **RESPONSE TO MOTION TO SEVER AND REMAND**

Defendant Delta has filed a Motion to Sever the worker's compensation claim from this action.  Such a motion belies Defendant Delta's argument that no claim for worker's compensation benefits has been made in the complaint.  In any event, this Court has recently rejected the arguments for severance being made in this case in an opinion by Judge Fuller.

In Williams v. CNH America, LLC, 2008 U.S. Dist. Lexis 24699, at *1, Case No. 2:07-cv-538-MEF (M.D. Ala. March 28, 2004), the plaintiff sued his employer for worker's compensation benefits and a tractor manufacturer for product liability in a single state court action.  Id.  Both claims arose out of an accident wherein a tractor that plaintiff was driving at work rolled over and caused him to be injured.  Id. at *2.  Both plaintiff and his employer were Alabama citizens, but the tractor manufacturer was a foreign corporation.  Id. at *3.  The tractor manufacturer argued that the plaintiff included the worker's compensation claims against the employer solely to prevent it from removing the case to federal court.  Id. at *4.  The tractor manufacturer argued that there was no joint, several or alternative liability  and that the claim against the employer has no real connection to the product liability claim against it.  Id. at *7.  The tractor manufacturer also sought severance of the worker's compensation claim.  Id. at *4.

4

The Court rejected each of these arguments and refused to sever the worker's compensation claim.  The Court first found that worker's compensation claim and product liability claim arising out of the same accident had a real connection and that there was no fraudulent joinder.  Williams, 2008 U.S. Dist. Lexis 24699, at *7.  The Court then went on to hold that severance of the worker's compensation claim was not required.  Id. at *10.  The Court found that joinder of such claims was proper under Rule 20 of the Alabama Rules of Civil Procedure, which mirrors the corresponding federal rule.  The Court distinguished Reed v. The Heil Co., 206 F.3d 1055 (11th Cir. 2000) on the grounds that Reed had been removed based upon federal question jurisdiction and not based upon diversity jurisdiction.  The Court noted that 28 U.S.C. § 1441 (c) specifically gives the district courts the authority to hear claims removed on federal question grounds and remand "otherwise non-removable claims or causes or action," but that there is no similar authority conferred in cases removed on diversity grounds.  Id. at *12.  The Court also noted that there was no evidence in the Reed opinion that the Court addressed, or any party raised, the argument that the entire case should have been remanded to state court.  Id.  The Court denied the motion to sever and remanded the entire case to back to state court.  Id. at *14.

The cases cited by Defendant Delta from this District and the Eleventh Circuit all appear to be distinguishable on grounds that those cases involved federal question jurisdiction, with the sole exception of Judge Fuller's memorandum opinion in the case of Bryant v. Wausau Underwriters Ins. Co., U.S. Dist Lexis 29005, at *1, Case No.2:06-cv-1002-MEF (WO) (M.D. Ala. Apr. 18, 2007).  However, Judge Fuller vacated the April 18, 2007 opinion in Bryant  on April 21, 2008.  Judge Fuller has now entered an order remanding the Bryant case on the same grounds expressed in Williams.   See Bryant v. Wausau Underwriters Ins. Co., U.S. Dist Lexis 32650, at *1, Case

5

No.2:06-cv-1002-MEF (WO) (M.D. Ala. Apr. 21, 2008). As such, Delta cannot cite any local authority requiring the severance of the worker's compensation claim.

Based on all of the foregoing, Plaintiff requests that the Court grant Plaintiff's Motion to Remand. Alternatively, and without waiving its objection to the lack of subject matter jurisdiction, Plaintiff requests that the Court grant Plaintiff's Motion to Amend and deny Defendant Delta's Motion to Sever.

/s/ Dan Talmadge  
Dan Talmadge (TAL013)  
One of the Attorneys for Plaintiff  
MORRIS, CARY, ANDREWS  
TALMADGE & DRIGGERS, LLC  
Post Office Box 1649  
Dothan, Alabama 36302  
Telephone: (334) 792-1420  
Facsimile: (334) 673-0077  
Email: dtalmadge@mcatlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: S. Mark Andrews, Esq.; Annie J. Dike, Esq.; Joseph Patrick Henican Babington, Esq.; William L. Lee, III; and William W. Nichols.

/s/ Dan Talmadge  
Dan Talmadge