IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON LANDRUM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:08-cv-140-WKW |
| ) | (WO) |
| DELTA INTERNATIONAL ) | |
| MACHINERY CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Plaintiff's Motion to Remand (Doc. # 8) and Motion for Leave to Amend Plaintiff's Complaint (Doc. # 12); Defendant Delta International Machinery Corporation's ("Delta") Motion to Dismiss (Doc. # 5) and Motion to Sever and Remand (Doc. # 17); and Defendant Landrum Installation's Motion to Remand Plaintiff's Worker's Compensation Claims (Doc. # 18). For the reasons set forth below, Plaintiff's Motion to Remand and Motion for Leave to Amend Plaintiff's Complaint are due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

The facts as set forth in the complaint are as follows. This lawsuit arises out of Plaintiff Brandon Landrum's ("Landrum") on-the-job injury. While working for Landrum Installation, Landrum was injured while using a bench saw designed, engineered, and manufactured by Delta. (Compl. ¶¶ 8, 10.) The guard on the saw was either broken or ineffective, and Landrum's hand slipped and made contact with the saw blade. As a result,

Landrum had to have three fingers amputated.  (*Id.* ¶ 11.)

On December 21, 2007, Landrum filed suit in the Circuit Court of Geneva County. His complaint included claims against Delta for a violation of the Alabama Extended Manufacturer's Liability Doctrine, negligence, and wantonness.  He also brought a claim against Landrum Installation for worker's compensation benefits.  In the style of his complaint, Landrum named Landrum Installation as a defendant without specifying what type of business association it is; however, in the body of the complaint Landrum explained that, upon information and belief, Landrum Installation is an Alabama corporation. (*Id.* ¶ 3.) The complaint also stated that Landrum is an Alabama citizen and that Delta is a foreign corporation.  (*Id.* ¶¶ 1-2.)  The complaint provided two different dates for the accident: September 8, 2005, and December 21, 2006.  (*See id.* ¶¶ 8, 30.)

Delta timely removed the case on the basis of diversity jurisdiction and contemporaneously filed a Motion to Dismiss (Doc. # 5).  Delta removed the case contending that Landrum Installation was fraudulently joined because it is not actually a corporation and thus cannot be sued and because the statute of limitations had already run.  Landrum subsequently filed a Motion to Remand (Doc. # 8) and a Motion for Leave to Amend Plaintiff's Complaint (Doc. # 12).  In the Motion for Leave to Amend, Landrum clarified that Landrum Installation is not a corporation but instead the trade name of Randy Landrum and that the accident occurred on December 21, 2006, not September 8, 2005. As part of Delta's response to the Motion to Remand, Delta moved to sever and remand the claims against

2

Landrum Installation.  (Doc. # 17.)  Shortly thereafter, Landrum Installation moved to remand Landrum's worker's compensations claim against it.  (Doc. # 18.)

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Id.*

When a defendant removes a case based on allegations of fraudulent joinder, the defendant's burden of proof is a "heavy one."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted).  "The district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  *Id.*; *Nabors v. TransSouth Fin. Corp.*, 928 F. Supp. 1085, 1089 (M.D. Ala. 1996) (remanding case when it was unclear whether cause of action existed under Alabama law).  Although "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b) . . . the jurisdictional inquiry must not subsume substantive determination."  *Crowe*, 113 F.3d at 1538 (internal quotation marks and

3

citations omitted). Federal courts should not "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (internal quotation marks and citation omitted).

### III. DISCUSSION

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Delta removed this case on the basis of diversity jurisdiction. Diversity jurisdiction exists where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332. There must be complete diversity, meaning that "each defendant must be diverse from each plaintiff." *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

Landrum seeks to have the case remanded because neither the complete diversity nor amount in controversy requirement is met. Delta argues that there is complete diversity because Landrum Installation has been fraudulently joined or asks, in the alternative, that the court sever and remand the claims against Landrum Installation only. The court first examines whether Landrum's Motion to Amend the Complaint is due to be granted, then Landrum's Motion to Remand, and finally Delta's Motion to Sever.

4

*A.     Motion for Leave to Amend Complaint*

The court begins its analysis with Landrum's Motion for Leave to File Amended Complaint. With the amendment, Landrum attempts to rectify the deficiencies in the complaint Delta identified as grounds for fraudulent joinder by clarifying Landrum Installation's form of business entity and the date of the accident. Delta argues that Landrum should not be given leave to amend his complaint because the purpose of the amendment is to defeat diversity jurisdiction.

In general, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When a court is faced "with an amended pleading naming a *new* nondiverse defendant in a removed case, [it] should scrutinize that amendment more closely than an ordinary amendment." *Sexton v. G & K Servs., Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999) (internal quotation marks and citation omitted) (emphasis added). In determining whether to allow an amendment, which would add an additional party who would destroy diversity, courts consider the following factors:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities.

*Id.* at 1312 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

The first issue is whether Landrum seeks to amend the complaint to add a new defendant whose joinder would destroy diversity. If the amendment to the complaint does not add a new party to the case, then the court need not use the *Hensgens* test. *See Davis ex rel. Estate of Davis v. Gen. Motors Corp.*, 353 F. Supp. 2d 1203, 1208 (M.D. Ala. 2005). In *Davis*, plaintiffs named three defendants in their complaint, one of whom was not diverse, but did not allege any causes of action against the non-diverse defendant. *Id.* at 1205-06. After the case was removed, the plaintiffs sought to amend the complaint to include claims against the non-diverse defendant, which they stated were omitted from the original complaint in error. *Id.* at 1206. The court concluded that the plaintiffs should be given leave to amend their complaint because the "amendment was directed more toward the inclusion of proper claims against [the existing non-diverse defendant named in the Complaint], rather than to the exclusion of federal jurisdiction by the introduction of a completely new non-diverse defendant." *Id.* at 1208. The court summarized the issue as "not so much the joinder of a wholly new party by Plaintiffs, but rather the amendment of Plaintiffs' Complaint to assert claims against . . . an existing defendant." *Id.* at 1207 n.6. After allowing the amendment, the court concluded there was not diversity jurisdiction and implicitly rejected the defendants' fraudulent joinder argument. *See id.* at 1207-08. *See also Town of Gordon v. Great Am. Ins. Co., Inc.*, 331 F. Supp. 2d 1357, 1361 (M.D. Ala. 2004) (granting leave to file an amended complaint when the plaintiff sought to add claims against a third-party defendant, which would destroy diversity, because the plaintiff was not adding claims against

6

a new party).

While it is true that Landrum Installation destroys diversity, Landrum does not seek to add it as a party in the amended complaint. Landrum's original complaint includes claims against defendants Delta, Landrum Installation, and fictitious parties. (Compl. ¶¶ 2-6.) The amended complaint states the defendants are Delta, Landrum Installation, and fictitious parties[1] (Am. Compl. ¶¶ 2-6.) While the original complaint specifies that Landrum Installation was a corporation (Compl. ¶ 3) and the amended complaint explains that Landrum Installation is instead Randy Landrum's trade name (Am. Compl. ¶ 3), this change has not added a new party. The amendment here is similar to the one in *Davis* where the amendment was sought to clarify claims against an existing defendant. *See Davis*, 353 F. Supp. at 1206-07.

Because Landrum does not seek to amend his complaint to add a new party who would destroy diversity, the appropriate standard to determine if leave should be given is "when justice so requires." Fed. R. Civ. P. 15(a). Here, the court finds that justice requires allowing Landrum to amend his complaint because the amended complaint corrects two errors in the original complaint: the date of the accident and Landrum Installation's form of business entity.[2] The court reiterates that the amendment here does not add claims against

---

[1] Fictitious party pleading is generally not allowed in federal court. *See New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). The court lists the fictitious parties here to compare accurately the two complaints.

[2] Even if the *Hengens* four-factor test applied, the court would still grant Landrum leave to amend his complaint. First, the purpose of the amendment is not to defeat federal jurisdiction but instead to correct clerical errors. Landrum Installation was already included as a party, and Landrum is not amending his

a new party. Accordingly, the court finds that Landrum's Motion for Leave to File an Amended Complaint is due to be granted, and the amended complaint is deemed filed.

### B.   *Motion to Remand*

Landrum argues that Delta improperly removed this case because there is no diversity of citizenship and the amount in controversy requirement is not met. Delta responds that there is diversity of citizenship because Landrum Installation has been fraudulently joined.

"Fraudulent joinder" is a legal term of art, reflecting not the integrity of the parties in bringing the action, but rather the viability of the theories against the non-diverse defendant. *See, e.g., Parks v. N.Y. Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).[3] The party alleging fraudulent joinder has the burden of providing by clear and convincing evidence that one of the following circumstances exists: (1) "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant;" (2) "there is outright fraud in the plaintiff's pleading of jurisdictional facts;" or (3) "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and . . . the

---

complaint to add a new, non-diverse party. Second, Delta concedes that Landrum has not been dilatory in seeking leave to amend. Third, without amendment Landrum would be significantly injured because his claims could potentially be time-barred. Indeed, Delta has moved for dismissal of Landrum's complaint on statute of limitations grounds. (*See* Doc. # 5.) Fourth, the other factors bearing on the equities support allowing amendment. Delta argues that it will be prejudiced by the amendment because it will be denied a federal forum. However, this argument assumes that Delta is entitled to a federal forum because there is diversity of citizenship and Landrum seeks to add claims against a new non-diverse party to destroy diversity. The court finds that the equities do not support denying a motion to amend when the purpose of the amendment is to correct clerical errors and not to add a new party.

[3]   The Eleventh Circuit has adopted all prior decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981, as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *see also Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). Delta alleges two theories of fraudulent joinder: there is no possible cause of action against Landrum Installation and there is outright fraud in the pleading of jurisdictional facts.

### 1. Does Landrum Allege a Possible Cause of Action Against Landrum Installation?

Delta argues that Landrum has no possible cause of action against Landrum Installation because Landrum Installation is identified in the complaint as a corporation but no such corporate entity exists and because the statute of limitations bars Landrum's claim against Landrum Installation. Because the court finds that Landrum's Motion to Amend Complaint is due to be granted and the amended complaint is deemed filed, these arguments fail. First, Landrum's amended complaint does not state that Landrum Installation is a corporation. (*See* Am. Compl. ¶ 3.) Second, Landrum's claims are not time-barred. The amended complaint states that Landrum's accident occurred on December 21, 2006, and the statute of limitations is two years.[4] (Id. ¶¶ 8-9, 11, 13, 18-19, 22-24, 27, 30.) Accordingly, the court finds that Landrum has a possible cause of action against Landrum Installation, and there is not fraudulent joinder on this ground.[5]

---

[4] *See* Ala. Code § 25-5-80 (imposing a two-year statute of limitations on worker's compensation claims).

[5] Even prior to amendment of the complaint, Landrum stated a possible cause of action against Landrum Installation. Because Alabama courts have held individuals doing business under a trade name

**2.     Is There Outright Fraud in Landrum's Pleading of the Jurisdictional Facts?**

Delta contends that Landrum has fraudulent joined Landrum Installation because there is outright fraud in Landrum's pleading regarding Landrum Installation's corporate status. Delta presents no case law establishing that a misstatement about the form of a business entity constitutes a fraud in the pleading of the jurisdictional facts. Indeed, Delta cites no cases in which a court found outright fraud in the pleading of jurisdictional facts. Delta relies on the bare assertion that Landrum violated Rule 11 by identifying Landrum Installation as a corporation in his original complaint. However, Landrum stated in his original complaint that Landrum Installation is a corporation based "upon information and belief." (Compl. ¶ 3.) Moreover, upon learning that Landrum Installation is a corporation, Landrum sought to amend the complaint to state the correct status. Finally, there is no allegation that Landrum fraudulently identified Landrum Installation's citizenship. The court finds Delta has failed to establish outright fraud in the pleading of the jurisdictional facts by clear and convincing evidence.

Delta has failed to establish that there is fraudulent joinder. Accordingly, the court finds there is not complete diversity because both Landrum and Landrum Installation are

---

liable when a complaint mistakenly identified the business as a corporation, *Hughes v. Cox*, 601 So. 2d 465, 469-70 (Ala. 1992) (collecting cases), Delta's argument that Landrum has no cause of action against Landrum Installation because it was incorrectly identified as a corporation fails. Second, the original complaint supplied multiple dates for the accident, making it unclear when the accident occurred. Accordingly, Delta has not established by clear and convincing evidence that Landrum's claims are time-barred. *See Crowe*, 113 F.3d at 1538 ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.") (internal quotation marks and citation omitted).

citizens of Alabama. Accordingly, the case is due to be remanded.[6]

**C.    *Motion to Sever***

Delta also has pending a motion to sever the claims against it and Landrum Installation and remand the claims against Landrum Installation. Delta argues that this action is appropriate because federal law prohibits the removal of worker's compensation claims. *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). However, because this court lacks subject matter jurisdiction the whole case must be remanded.

Because there is no fraudulent joinder, there is not complete diversity. Without complete diversity, this court lacks subject matter jurisdiction to sever claims. When confronted with a similar issue in another case, this court explained:

> "It has been said that a party must have the proper jurisdictional key with which to open the doors of federal court. Without that key, the court is powerless to entertain anything that that party may wish to argue. In essence, what [the diverse defendants are] attempting to do with [their] argument that the Court should sever the claims of nondiverse parties is to climb in the window of the federal court. Until and unless a situation arises in which there exists complete diversity of citizenship, this court may not sever claims, it may not dismiss parties, it may do nothing but remand this action."

*Baker v. Tri-Nations Express, Inc.*, 531 F. Supp. 2d 1307, 1317 (M.D. Ala. 2008) (quoting *Perry v. Norwest Fin. Ala., Inc.*, No. 98-0260, 1998 WL 964987, at *3 (S.D. Ala. Dec. 9,

---

[6] Because there is not complete diversity, the court need not analyze whether the amount in controversy requirement is met.

1998)).

Delta asks this court to ignore the complete diversity requirement and to sever the claims, thereby creating complete diversity. However, the court is unable to ignore the clear requirement that there must be complete diversity for the court to exercise subject matter jurisdiction. Because the court lacks jurisdiction, it cannot sever the claims.

## IV. CONCLUSION

The plaintiff's Motion to Remand is due to be granted because the defendant failed to establish by a preponderance of the evidence that the removal was appropriate.

Accordingly, it is ORDERED that:

1. Plaintiff's Motion for Leave to File Amended Complaint (Doc. # 12) is GRANTED. The amended complaint is deemed FILED;

2. Plaintiff's Motion to Remand (Doc. # 8) is GRANTED;

3. Defendant Landrum Installation's Motion to Remand (Doc. # 18) is DENIED as moot;

4. Defendant Delta's Motion to Sever and Remand (Doc. # 17) is DENIED as moot to the extent that it seeks remand;

5. This case is REMANDED to the Circuit Court of Geneva County, Alabama;

6. The Clerk is DIRECTED to take all steps necessary to effect the remand.

DONE this 3rd day of June, 2008.

          /s/   W.  Keith Watkins
    UNITED STATES DISTRICT JUDGE